DAVID H. KRAMER, State Bar No. 168452
COLLEEN BAL, State Bar no. 167637
LISA A. DAVIS, State Bar No. 179854
BART E. VOLKMER, State Bar No. 223732
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
DKramer@wsgr.com

JONATHAN M. JACOBSON
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12 East 49th Street, 30th Floor
New York, NY  10017-8203
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899
JJacobson@wsgr.com

Attorneys for Defendant
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>    Defendant. | CASE NO.:  C 06-2057 JF (RS)<br><br>**DEFENDANT GOOGLE INC.'S MISCELLANEOUS ADMINISTRATIVE REQUEST UNDER L.R. 7-11 TO CONTINUE OR VACATE PRELIMINARY INJUNCTION HEARING DATE** |

**INTRODUCTION**

After close of business on the Friday before the Memorial Day weekend, *fourteen months* after the alleged conduct and harm about which it complains, Plaintiff Kinderstart.com LLC ("Kinderstart") filed a Motion for Preliminary Injunction. The motion is frivolous. Rather than demonstrating anything close to irreparable harm or substantive merit, Kinderstart's forty-eight page brief is just another effort by Kinderstart to attack defendant Google, Inc.'s ("Google") exercise of First Amendment rights.

Well before Kinderstart filed its motion, Google had challenged Kinderstart's entire case with both a Motion to Dismiss and an Anti-SLAPP motion. Google set these two potentially dispositive motions for hearing on June 30, 2006, the same date Kinderstart belatedly chose. Indeed, Kinderstart filed its Preliminary Injunction Motion on the shortest possible briefing schedule for a June 30, 2006 hearing. Google's two prior-filed motions address the exact same issue on which Kinderstart seeks injunctive relief: whether in formulating the search results for its well known search engine, Google, a private party and non-state actor, can be held liable for alleged violation of Kinderstart's free speech rights under the First Amendment or California Constitution. Google's Motion to Dismiss demonstrates that Kinderstart cannot state *any* claim against Google based on Google's decision not to include Kinderstart's Internet site in certain search results. Google's Anti-SLAPP Motion demonstrates that Kinderstart's free speech claims against Google turn the First Amendment on its head and improperly seek to hold Google liable for the exercise of *Google's* speech rights.

Kinderstart's delay of more than a year in seeking a preliminary injunction demonstrates that there is no urgency to its request. Its substantially oversized brief violates Local Rule 7-2(b) and will force Google to considerable, unnecessary burden and expense, as Google's motions may dispose of this case. For these reasons, Google respectfully requests an order striking

Kinderstart's oversized brief and continuing or vacating the hearing date on the preliminary injunction motion until *after* Google's dispositive motions on the same issue can be resolved.[1]

**FACTUAL BACKGROUND**

Kinderstart alleges that starting in *March 2005*, Google removed Kinderstart's Internet site from the search results Google displayed for particular search terms, and that this action caused Kinderstart to lose user traffic and revenue. First Amended Complaint ("FAC"), ¶¶74-77; Motion for Preliminary Injunction at 11 ("One day in March 2005, Defendant Google incredulously determined that KS.com was no longer 'relevant' on the Internet and removed from Google's index."). According to Kinderstart, this issue has persisted ever since. FAC, ¶ 76. Yet, Kinderstart waited a year to file the present action on March 17, 2006. Then, it chose not to serve its original complaint. Instead, it waited another month to file and serve its First Amended Complaint on April 12, 2006. Then, it waited still another month to file its Motion for Preliminary Injunction, which notably came two weeks after Google filed its potentially dispositive motions challenging Kinderstart's case.

Accordingly, fourteen months after the onset of the alleged injury, Kinderstart claims it is somehow suffering irreparable harm and seeks the extraordinary remedy of a preliminary injunction. But it has adduced no evidence in its oversized brief of any new or different alleged harm. Indeed, Kinderstart concedes that nothing has changed. *See* Motion for Preliminary Injunction at 14. ("The burden upon Plaintiff KSC is constant and ongoing because KS.com cannot be found on the Web anymore with basic search terms . . . This isolation has continued for over a year, and it damages the goodwill of Plaintiff KSC.").

Google's two motions are scheduled to be heard on June 30, 2006, the same day that Kinderstart has set for the hearing on its Preliminary Injunction Motion. The first is a Motion to Dismiss, in which Google seeks to dismiss all of Kinderstart's nine cause of action. This

---

[1] As set forth in the accompanying Declaration of David H. Kramer, the parties have met and conferred with respect to this request, but have been unable to reach a stipulation on the proposed relief.

GOOGLE'S MISCELLANEOUS ADMINISTRATIVE REQUEST TO CONTINUE OR VACATE HEARING DATE
Case No. 06-2057 JF (RS)

-2-

includes a request to dismiss Kinderstart's first cause of action upon which Kinderstart bases its request for preliminary injunction: alleged violation of the right of free speech under the First Amendment and the California Constitution. As Google points out in its Motion to Dismiss, because Google is not a state actor, it can face no liability for alleged violations of Kinderstart's right of free speech. *See* Google's Motion to Dismiss at 5-9. Google's second motion is an Anti-SLAPP motion under Cal. Civ. Proc. Code § 425.16, pursuant to which a defendant may move to strike from a complaint claims for relief arising from the defendant's exercise of its free speech rights in connection with a public issue. Google seeks to strike three of Kinderstart's causes of action, again including Kinderstart's first cause of action for alleged violation of the right of free speech.

## ARGUMENT

### I. Kinderstart's Oversized Brief Should Be Stricken

Under Civil Local Rule 7-2(b), motions are required to be "one filed document not exceeding 25 pages in length." A party must specifically seek leave to file a motion exceeding this page limit. *See* Local Rule 7-11. Kinderstart filed a forty-eight page brief (as numbered, which includes tables), without seeking leave of court. For this reason alone, its brief should be stricken.

### II. The Preliminary Injunction Hearing Date Should Be Vacated or Continued

Kinderstart has demonstrated no urgency for its request for preliminary injunction. To the contrary, its fourteen-month delay in seeking a preliminary injunction conclusively demonstrates that there is no urgency (and that the motion is baseless).

Since there is no urgency, it makes little sense for Google to undertake the burdensome process of sifting through Kinderstart's rambling, forty-eight page brief to prepare an opposition at this point in time. One or both of Google's motions may very well obviate the need for the Court or Google to spend any time on Kinderstart's Preliminary Injunction Motion. Indeed, California's anti-SLAPP statute, the basis for one of Google's motions, was enacted "to encourage continued participation in matters of public significance, and that this participation should not be chilled through the abuse of the judicial process." Cal. Civ. Proc. Code

1  §425.16(a).  The statute therefore authorizes a special motion to strike to minimize the burdens
2  on parties, like Google, who are sued for exercising their right of free speech under the First
3  Amendment or the California Constitution.  *Id*.  Kinderstart's baseless Motion for Preliminary
4  Injunction, filed at the last possible moment on the eve of a holiday weekend, seems designed to
5  annoy and harass Google precisely for exercising its right of free speech, and is therefore directly
6  at odds with the purpose and intent of the anti-SLAPP statute.  At a minimum, the Court should
7  have an opportunity to decide the merits of Google's Anti-SLAPP Motion (and Google's Motion
8  to Dismiss) before the Court or Google need undertake the significant task of dealing with
9  Kinderstart's oversized motion.
10        Accordingly, Google respectfully requests that the Court vacate the June 30, 2006 date
11 for the Preliminary Injunction Hearing, or continue the hearing date until such time as Google's
12 prior-filed motions can be resolved.  Having waited this long to bring its motion and having
13 provided no evidence of any supposed new or different harm, Kinderstart is hardly in a position
14 to complain about this more orderly, efficient briefing schedule.

17 Dated:  May 31, 2006                         WILSON SONSINI GOODRICH & ROSATI
                                                Professional Corporation

19                                              By: /s/ Colleen Bal
                                                    Colleen Bal

                                                Attorneys for Defendant
                                                Google Inc.

GOOGLE'S MISCELLANEOUS ADMINISTRATIVE              -4-
REQUEST TO CONTINUE OR VACATE HEARING
DATE
Case No. 06-2057 JF (RS)