Gregory J. Yu (State Bar No. 133955)
GLOBAL LAW GROUP
2015 Pioneer Court, Suite P-1
San Mateo, CA 94403
Telephone: (650) 570-4140
Facsimile: (650) 570-4142
E-mail: glgroup [at] inreach [dot] com

Attorney for Plaintiffs and Proposed Class and Subclasses

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 06-2057 JF<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION UNDER LOCAL RULE 7-11 TO EXCEED PAGE LENGTH OF MOTION FOR PRELIMINARY INJUNCTION FILED MAY 26, 2006** |

## PROCEDURAL SETTING FOR THIS MOTION

On May 26, 2006, Plaintiff KinderStart.com LLC (KSC) noticed and filed its Motion for Preliminary Injunction Against Further Free Speech Violations ("Injunction Motion"), which was properly calendared for the hearing date of June 30, 2006. The Injunction Motion was 48 pages in length, which exceed the 25-page limit under L.R. 7-2(b). Accordingly, Plaintiff KSC makes this motion under L.R. 7-11 to allow the Injunction Motion to exceed the standard limit.

## GROUNDS FOR THE EXCESSIVE LENGTH OF THE INJUNCTION MOTION

The Injunction Motion rests on the question of whether and how the conduct and so-called "speech" asserted by Defendant Google can lawfully suppress the search engine links and views to hundreds of sites and thousands of user-browsers on the Internet. The following reasons explain the need for the excess length:

1. The motion required detailed discussion and analysis of the Internet and search engine functionality and usage. A Federal judge called the Internet "the most participatory marketplace of mass speech that this country-and indeed the world-has yet seen." *Reno v. ACLU*, 929 F. Supp. 824, 881 (E.D. Pa. 1996), *aff'd* 521 U.S. 844 (1997). Internet speech comes with complexity of form, which must be parsed to evaluate the relief sought by Plaintiff.

2. "Public forum" analysis for free speech protection promulgated by the Supreme Court is in conflict as to physical spaces. The Injunction Motion required extensive dissection of the prevailing law here as applied to the Internet, including search engines.

3. The presence of state action in this case requires an application of the U.S. Supreme Court's standard of "public entwinement". *Brentwood Academy v. Tennessee Secondary School Athletic Assn.*, 531 U.S. 288 (2001). First, this standard is amorphous at best and involves a variety of tests. Second, its application requires a meticulous fact-driven evaluation of entwinement. Accordingly, Plaintiff in seeking to demonstrate the probability of prevailing on the merits was required to address a variety of evidentiary support for entwinement between Google and government.

One legal commentator acknowledges the judicial challenge here as follows:

> [F]ree speech values must be articulated and protected in new ways, in particular, through the design of technology and through legislative and administrative regulation of technology, in addition to the traditional focus on judicial doctrines that protect constitutional rights.

Jack Balkin, "*Digital Speech and Democratic Culture: A Theory of Freedom of Expression for the Information Society*," 79 N.Y.U L. Rev. 1, 52 (2004).

Therefore, in light of myriad facts and evolving legal standards, plaintiff respectfully requests the Court to allow the excess length of Plaintiff's Injunction Motion on file.

Dated: June 1, 2006               GLOBAL LAW GROUP


                                  By:    /s/ Gregory J. Yu
                                         Gregory J. Yu, Esq.
                                  Attorney for Plaintiff KinderStart.com LLC and
                                         for the proposed Class and Subclasses

PLAINTIFFS' ADMINISTRATIVE MOTION
UNDER L.R. 7-11 AS TO INJUNCTION
MOTION PAGE LENGTH                          -2-                    Case No. C 06-2057 JF