1  Gregory J. Yu (State Bar No. 133955)
   GLOBAL LAW GROUP
2  2015 Pioneer Court, Suite P-1
   San Mateo, CA   94403
3  Telephone: (650) 570-4140
   Facsimile:  (650) 570-4142
4  E-mail:  glgroup [at] inreach [dot] com

5  Attorney for Plaintiffs and Proposed Class and Subclasses

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                                 SAN JOSE DIVISION

11 | KINDERSTART.COM LLC, a California | Case No. C 06-2057 JF
   | limited liability company, on behalf of itself and |
12 | all others similarly situated, | **OPPOSITION TO DEFENDANT GOOGLE'S MISCELLANEOUS ADMINISTRATIVE REQUEST UNDER LOCAL RULE 7-11 TO CONTINUE OR VACATE PRELIMINARY INJUNCTION DATE**
13 |       Plaintiffs, |
14 |       v. |
15 | GOOGLE, INC., a Delaware corporation, |
16 |       Defendant. |

17

18 **PROCEDURAL SETTING FOR THE THREE PENDING MOTIONS**

19     On May 2, 2006, Defendant Google filed two motions – (1) Special Motion to Strike

20 under CCP § 425.16 ("Anti-SLAPP Motion") and (2) Motion to Dismiss under Fed. Rule. Civ.

21 P. 12(b).  These are properly calendared for a hearing date of June 30, 2006.  On May 26, 2006,

22 Plaintiff KinderStart.com LLC (KSC) noticed and filed its Motion for Preliminary Injunction

23 Against Further Free Speech Violations ("Injunction Motion").  This was also properly

24 calendared for the same hearing date of June 30, 2006.  [*Second Declaration of Gregory J. Yu*

25 ("Second Yu Declaration"), attached hereto as Exhibit 1, ¶ 3.]  On the date of conferring with

26 Plaintiff on May 2 about the hearing date for the Injunction Motion, Defendant did not object to

27 the notice, date or timing of this motion  On that same date of May 2, 2006, Defendant's

28 attorney was already agreeable to having all three motions heard on June 30, 2006.  *Id.* at ¶ 2.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MISCELLANEOUS ADMINISTRATIVE REQUEST
UNDER L.R. 7-11                             -1-                          Case No. C 06-2057 JF

1  Knowing full well of Plaintiff's intention to file the Injunction Motion, somehow from May 2 to
2  31, 2006 Defendant decided that this particular motion ought to wait, and thereupon filed the
3  instant administrative request under L.R. 7-11 ("Defendant's Request").

4  **GROUNDS FOR THE JUNE 30 HEARING DATE OF THE INJUNCTION MOTION**

5  Defendant Google is one of the largest and most powerful occupants within the Internet
6  as a public speech forum.  Not surprisingly, Defendant wishes to delay consideration, argument
7  or judicial analysis of the relevant facts and law under the Injunction Motion that seeks
8  provisional relief for violations of KSC's free speech rights.  Defendant's Request is to have the
9  Court determine that Defendant's free speech rights have absolute priority in consideration.
10 After reading Plaintiff's motion for an affirmative and prohibitory injunction against Defendant,[1]
11 Defendant is understandably resistant to its merits.  This is precisely why its objections to the
12 Injunction Motion are properly lodged in its opposition due on June 9, rather than prematurely in
13 the five-page Defendant's Request.

14 The timing for these three motions is crucial to balance the rights of the respective
15 parties.  The purpose of the anti-SLAPP law is to prevent a would-be speaker from having its
16 free speech rights chilled by litigation.  The relevant time period for Defendant began on April
17 12, 2006 when it was served with the First Amended Complaint.  Meanwhile, Plaintiff KSC's
18 own speech and thousands of other sites and visitors faced Blockage and free speech suppression
19 beginning as early as March 19, 2005.  [*Declaration of Victor B. Goodman*, attached as Exhibit 2
20 to the Injunction Motion.]  The Injunction Motion carries the weight of six witnesses and five
21 independent businesses having sites served with Blockage by Defendant Google.  Any
22 provisional relief for the speech rights of plaintiffs ought to be considered now, not later.

23 Plainly, Defendant's Request here is understandable but not justified when it serves
24 solely its own convenience and advantage.  The *very same* First Amendment issues and harm are
25 being forcibly argued by both parties before the Court to consider.  Plaintiff can confirm that its

---

[1] Plaintiff is mindful of the 25-page limit under L.R. 7-2(b) applies to the Injunction Motion. Accordingly, Plaintiff is simultaneously filing an Administrative Motion to allow the Plaintiff to exceed the page limit for the reasons set forth therein. Plaintiff notes that Defendant's own Motion to Dismiss of 31 pages likewise exceeded the 25-page limit, which was filed a month ago without the benefit of a Rule 7-11 motion to exceed the limit.

opposition (due on June 9, 2006) to both the anti-SLAPP motion and the Motion to Dismiss will contain and present arguments and evidence similar and connected to the Injunction Motion already on file.  For example, this Court will determine within the Injunction Motion whether Plaintiff can demonstrate a "probable success" on the merits.  *Aguirre v. Chula Vista Sanitary Service*, 542 F. 2d 779, 781 (9th Cir. 1976).  As to an anti-SLAPP motion, this Court will assess the "probability that the plaintiff will prevail on the claim."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003).  Therefore, there seems to an absence of harm or prejudice to either party and for the three motions to be heard and argued concurrently or serially on June 30, 2006.  These two motions do not at all appear to be legally conditioned one upon another as to warrant their separation.  *See e.g.*, *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090 (C.D. Cal. 2004) (the court first heard and decided a preliminary injunction motion, followed by an anti-SLAPP motion on a later date).  Indeed, Plaintiff and Defendant face overlapping facts, law and issues within all three motions.  In a single hearing on June 30, 2006, this Court achieves a degree of judicial efficiency for itself and for both parties involved.

     Just as there should be no further delay to brief, argue and decide on the Anti-SLAPP Motion by June 30, 2006, there should be no similar delay to address and redress Plaintiff's alleged irreparable harm from the censorship and suspension of speech from and out of its site, www.kinderstart.com.  Plaintiff has not asked Defendant to delay or separate the hearing dates for its two motions or the respective briefing due dates, given the interest of judicial economy. [*Second Yu Declaration* at ¶ 5.]  If there are merits to the Injunction Motion, any factual and legal opposition from Defendant Google should now be briefed and presented for plaintiff and the Court on schedule under the Local Rules.  Defendant's conclusory assertion that Plaintiff has no irreparable harm against its free speech rights is surely not grounds to postpone the Injunction Motion.  Defendant's self-serving preference here amounts to this – a delay on the redressing any irreparable harm from suppressing free speech ought to justify having Plaintiff and this Court to wait even longer.

**REQUEST AND CONCLUSION.**

     For the reasons stated and on the pleading, documents and other documents on file,

1  Plaintiffs urge the Court to preserve the hearing date of June 30, 2006 for all three noticed and
2  pending motions.[2]

3  Dated: June 1, 2006                              GLOBAL LAW GROUP

5                                                   By:    /s/ Gregory J. Yu
                                                           Gregory J. Yu, Esq.
6                                                   Attorney for Plaintiff KinderStart.com LLC and
7                                                      for the proposed Class and Subclasses

---

[2] After conferring with Defendant's counsel today on the timing of Defendant's Request and the upcoming deadline for Defendant's Opposition on June 9, Plaintiff respectfully requests the Court for a decision on Defendant's Request as early as practicable, preferably by June 2, 2006.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MISCELLANEOUS ADMINISTRATIVE REQUEST
UNDER L.R. 7-11                                    -4-                              Case No. C 06-2057 JF