Gregory J. Yu (State Bar No. 133955)
GLOBAL LAW GROUP
2015 Pioneer Court, Suite P-1
San Mateo, CA  94403
Telephone: (650) 570-4140
Facsimile:  (650) 570-4142
E-mail:  glgroup [at] inreach [dot] com

Attorney for Plaintiffs and Proposed Class and Subclasses

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>        Defendant. | Case No. C 06-2057 JF<br><br>**PLAINTIFF'S NOTICE OF MOTION, MOTION FOR SPECIFIED DISCOVERY ON DEFAMATION AND LIBEL, AND POINTS AND AUTHORITIES**<br><br>Judge:     Hon. Jeremy Fogel<br>Date:      August 4, 2006, or sooner as may be ordered by the Court<br>Time:      9:00 a.m.<br>Courtoom: 5th Floor, Room 3 |

## <u>NOTICE OF MOTION</u>

On the above captioned date and time, or on any earlier time as ordered, Plaintiff KinderStart.com LLC ("KSC") hereby moves the Court under Civil Local Rule ("L.R.") 7-2 to order specified discovery by KSC.  The motion was calendared following consultation with Defendant Google's counsel. *Declaration of Gregory J. Yu*, attached hereto as <u>Exhibit 1</u> ("*Yu Dec.*"), ¶ 5.  This motion is supported by the following argument and all accompanying and/or referenced documents, declarations, exhibits as submitted, the pleadings and other documents on file herein, and upon such other material as may be submitted to the Court at the hearing on the motion.  Further, it is concurrently filed with (1) Plaintiff's L.R. 6-3 Motion to shorten time, and (2) Plaintiff's L.R. 7-7 Motion to continue defendant's pending anti-SLAPP motion.

PLAINTIFF'S MOTION FOR SPECIFIED                                    Case No. C 06-2057 JF
DISCOVERY ON DEFAMATION AND LIBEL
- 1 -

Dockets.Justia.com

1  ## I.  **INTRODUCTION**

2  When a powerful company first crafts then abuses a ubiquitous, yet secretive, measuring

3  stick, anti-SLAPP protection without discovery is patently unfair.  This bodes poorly on a

4  plaintiff as KSC, which seeks relief from defamation and libel by Google, as alleged in Count

5  Eight of the First Amended Class Action Complaint ("FACAC").  More importantly, within the

6  Ninth Circuit premature relief as this directly contradicts Federal Rule of Civil Procedure 56.  In

7  this regard, plaintiff does not seek an undue advantage in early discovery prior to the Rule 26(f)

8  case management conference.  But if Google wants KSC under law to make its *prima facie* case

9  now rather than later on PageRank™ defamation, it must carry the burden with the benefit of

10  this requested relief.  Should the Court be inclined to require Plaintiffs to demonstrate the

11  likelihood of success on Count Eight, KSC's discovery on PageRank is now the only option.

12  ## II.  **RELEVANT AND PROCEDURAL FACTS**

13  Defendant Google, the dominant worldwide search engine, has made PageRank™ the *de*

14  *facto* standard of Website ranking.  As the lead Plaintiff, KSC challenges indiscriminate and

15  defamatory PageRank deflation at the behest of Google.  A multitude of Websites, including

16  www.kinderstart.com ("KS.com"), have been sacked with '0' PageRanks.

17  KSC has already lodged its opposition to Defendant's pending anti-SLAPP motion on

18  two independent determinative grounds – (1) PageRank is indeed commercial speech that falls

19  under the exception of California Civil Code of Procedure (CCP) § 425.17, and (2) as a matter of

20  law, PageRank entails no public issue or public interest matter.  In the event that the Court does

21  not reach either of these conclusions and is inclined to grant Defendant's motion, discovery must

22  first be considered and, in Plaintiffs' view, allowed.

23  To date, Plaintiffs have had absolutely nothing in discovery from Google on the merits of

24  its defamation count.  To Plaintiffs, a PageRank of '0' is an assertion of fact, and provably false,

25  based on the PageRank patent, algorithm, and fundamental mathematics.  However,

26  comprehensive and essential evidence and bases to yield PageRank and a PageRank of '0' for

27  any given Website lies within the exclusive control of Google.  At a formal level, no discovery

28  may precede the case management conference under Fed. R. Civ. Pro. 26(f).  Informal attempts

1   to garner such information have been unavailing.  Google has resisted due to restraints of time

2   and assertion of trade secrets.  *Yu Dec.*, ¶¶ 2-4.

3   **III.    ARGUMENT IN SUPPORT OF THIS MOTION**

4                    **A. Anti-SLAPP has Qualified Application in Federal Court**

5          Under California Code of Civil Procedure ("CCP") § 425.16(b)(1), an anti-SLAPP

6   motion fails if "the plaintiff has established that there is a probability that the plaintiff will

7   prevail on the claim."  As to all parties to an action, "[a]ll discovery proceedings in the action

8   shall be stayed upon the filing of a notice of motion made pursuant to this section."  *Id.*, §

9   425.16(g).  "The court, on noticed motion and for good cause shown, may order that specified

10  discovery be conducted notwithstanding this subdivision."  *Id.*  California courts apply this

11  exception to the discovery stay if the requirements are met under the statute.  *See e.g., Tuchscher*

12  *Development Enterprises, Inc. v. San Diego Unified Port District* , 106 Cal. App. 4th 1219,

13  1247, 132 Cal. Rptr. 2d 57 (2003).

14         In federal court, however, anti-SLAPP is under a different regime.  Within the Ninth

15  Circuit, discovery cannot be blocked by a trial court in a summary proceeding as an anti-SLAPP

16  procedure.  In *Metabolife International, Inc. v. Wornick*, 264 F. 3d 832, 846 (9th Cir. 2001), the

17  court held:  "Because the discovery-limiting aspects of § 425.16(f) and (g) *collide with the*

18  *discovery-allowing aspects of Rule [Fed. R. Civ. Pro.] 56,* these aspects of subsections (f) and

19  (g) *cannot apply in federal court.*" (emphasis added) (*quoting Rogers v. Home Shopping*

20  *Network, Inc.*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999)).  Overall, the Ninth Circuit in

21  *Metabolife* followed the Supreme Court's interpretation of Rule 56(f) that discovery is required

22  "where the moving party has not had the opportunity to discover information that is essential to

23  its opposition." *Id.*, 264 F.3d at 846 (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

24  n. 5, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)).

25         Here, Google essentially is using anti-SLAPP on the defamation count to gain summary

26  judgment when no discovery is to be had by KSC on key elements, including PageRank

27  determination and its supposed accuracy or alleged inaccuracy.  An anti-SLAPP proceeding

28  where plaintiff is expected to show probability of success on the merits properly requires

PLAINTIFF'S MOTION FOR SPECIFIED                                    Case No. C 06-2057 JF
DISCOVERY ON DEFAMATION AND LIBEL

1  discovery by plaintiff.  To meet the threshold of probability, plaintiff is to make its *prima facie*

2  case with all evidence, affidavits and declarations offered in support be credited to plaintiff.

3  *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 830, 33 Cal. Rptr. 446 (Cal. Ct. App. 1994).

4     **B.  Discovery Should be Allowed When Google is the Total Master of PageRank.**

5     A CCP § 425.16 motion should not proceed in certain cases where all the facts lie within

6  the purview and control of a defendant seeking to strike the cause of action.  One Federal court

7  in this Circuit held:

8
        if a defendant desires to make a special motion to strike based on the plaintiff's lack of
9       evidence, the defendant may not do so until discovery has been developed sufficiently to
        permit summary judgment under Rule 56.  Once the nonmoving party has been given the
10      opportunity to conduct discovery, the special motion can be heard and attorney's fees will
        be available as provided in § 425.16(c).
11
    *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999) (*citing*
12
    *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 171 F.3d 1208, 1217-18 (9th
13
    Cir. 1999), *republish.* 190 F.3d 963 (1999), *cert. denied.*, 530 U.S. 1203, 120 S. Ct. 2196, 147 L.
14
    Ed. 2d 232 (2000).  Certainly, under *Global Telemedia International, Inc. v. Does 1-35*, 132 F.
15
16  Supp. 2d 1261, 1271 (C.D. Cal. 2001), discovery is not meaningful where the evidence sought is

17  irrelevant to the issue of fact or opinion of the speech in question.  One key example for the need

18  for plaintiff's discovery prior to adjudication of an anti-SLAPP motion is where essential

19  knowledge held by the defendant or available witnesses to support plaintiff's case in chief are

20  not yet obtained.  *Lafayette Morehouse, Inc. v. Chronicle Publishing Company*, 37 Cal. App. 4th

21  855, 868, 44 Cal. Rptr. 2d 46 (1995).

22     PageRank, originating from one of Google's founders, is the result of a computer

23  algorithm known only to Google.  The exact means and method of computing PageRank for

24  KS.com and all the Websites of other Class members are formulated and performed exclusively

25  by Google on its own computers with its staff of engineers.  *Declaration of Randall McCarley*,

26  attached hereto as Exhibit 2, ¶ 6.  For these reasons, the test of whether PageRank is chosen by a

27  human decision-maker on a case-by-case basis or generated by an algorithm within a computer

28  is only ascertained by reasonable discovery of Google's technical processes and data for

1    calculating a PageRank for  KSC and this Court to consider.  Such discovery goes to the heart of

2    the factual dispute behind the defamation claim that PageRank is not a mere opinion but a

3    provably false statement of numerical value.  Procedurally, if Google believes there is no merit

4    to the defamation count, the court ought to allow discovery on the disputed factual issue prior to

5    deciding on the likelihood of success.  Further, it makes entirely equitable sense.  When a

6    defendant as Google would use an extraordinary weapon as anti-SLAPP to continue defaming a

7    competitor with a '0' PageRank as in the case of KSC, it would be patently unfair to block the

8    truth behind a calculation of '0' PageRank which lies in the hands of no other actor but Google.

9        Moreover, striking the defamation count guarantees unbridled freedom to Google to

10   continue PageRanking any site with a '0'.  This amounts to defamation and libel if a '0'

11   PageRank is mathematically impossible under available commentary on PageRank.  Google's

12   Website on "Google Information for Webmasters" states:  "Sites may be blocked from our index

13   because they do not meet the quality standards necessary to assign _accurate_ PageRank."

14   http://www.google.com/support/webmasters/bin/answer.py?answer=40052 (emphasis added).

15   Clearly Google is intent as ever to produce "accurate" PageRanks.  Plaintiffs are committed to

16   prevail on the defamation and libel count, but all facts, bases and processes to generate a

17   PageRank lie completely under the dominion of Google.  Therefore, Plaintiffs propose certain

18   subject matter on Exhibit 4 attached hereto, which is a Specified Discovery Plan.

19       Furthermore, an additional element to establish defamation affecting certain public

20   figures or public issues is the presence of malice by defendant.  In *Sharper Image Corp. v.*

21   *Consumers Union*, 2004 U.S. Dist. LEXIS 23204 (N.D> Cal. Nov. 9, 2004), further discovery

22   was requested by plaintiff to ascertain the presence of malice for its defamatory claim against by

23   the consumer rating agency.  This information about Google's intent, motivation, and internal

24   and external communications behind PageRank devaluation is almost all within the control of

25   Google.  KSC has never received any notice or explanation as to the cause for the Blockage and

26   '0' PageRank against KS.com.  *Declaration Of Victor B. Goodman in Support of Plaintiff's*

27   *Motion For Preliminary Injunction Against Further Free Speech Violations*, on file herein as

28   Exhibit 2 thereto, Docket no. 16, and attached hereto as Exhibit 3, ¶ 5,.  Accordingly, plaintiffs

1    submit the proposed Specified Discovery Plan.

2        A serious problem persists because Google wants its universe of PageRank protected for

3    contradictory reasons.  On one hand, it desires that all of cyberspace trusts PageRank as

4    objective and accurate.  On the other hand, it wants PageRank completely safe from inquiry or

5    verification, even when it drops a '0' PageRank on any Website Google so chooses.  All the

6    means to verify the accuracy of PageRank lie in the hands of Google.

7        **C.  Plaintiffs Are Entitled to Specified Discovery on PageRank.**

8        Although CCP § 415.16(g) is not binding upon this Court based on the *Erie* doctrine and

9    the Ninth Circuit's holding in *Metabolife*, the statute is instructive in one respect.  The trial court

10   may allow "specified discovery" on the relevant subject matter.  At this time, KSC is not entitled

11   to, nor is it seeking, a wide-ranging sweep of any and all information concerning Defendant and

12   its business practices.  In *Metabolife*, the defendant news media firm allegedly defamed an

13   herbal supplement company about the medical dangers of the supplement that one could die

14   from ingesting it.  Also, the firm stated that "every expert" consulted by them stated that the

15   product was not safe.  There, the plaintiff was the manufacturer of its own product and could

16   consult with any number of experts on the safety of the supplement.  However, when the media

17   asserted anti-SLAPP protection, the trial court denied plaintiff the opportunity to ask defendant

18   for its list of all experts consulted.  The Ninth Circuit reversed that ruling plaintiff could not test

19   the veracity of the media firm's statement because this list was not furnished by defendant to

20   plaintiff.  Therefore, KSC is entitled to discovery as to all the variables, input and calculations

21   used or made by Google to generate a PageRank of '0' for KS.com.  This information rests

22   within Google alone.  KSC should look at this material, under a suitable protective order.

23   **IV.  <u>CONCLUSION</u>.**

24       Before the Court considers Google's desire to strike the defamation and libel count,

25   discovery of the methodology and motives behind PageRank becomes absolutely necessary for

26   Plaintiffs.  Defendant's § 425.16 motion preemptively and willfully tendered the issue of

27   whether the PageRank algorithm and PageRank is a statement of fact that is provably false.

28   Limited discovery here as set forth in the Specified Discovery Plan would afford Plaintiffs a

meaningful and equitable opportunity to carry its burden of proof of the likelihood that a '0' PageRank is both provably false and defamatory and, if necessary, that there was malice behind the provably false statements of PageRank.  Without such discovery of facts, documents and witness within Google's control, a hearing and ruling on the extraordinary anti-SLAPP relief sought at this time would violate Federal Rule of Civil Procedure 56.

Based on the foregoing argument of Plaintiffs and the entire file herein, Plaintiff urges that this Motion to be granted, and that the Specified Discovery Plan attached as <u>Exhibit 4</u> be approved by the parties and ordered by the Court.  Plaintiffs further request that the Magistrate Judge assist in developing and securing suitable execution and enforcement of such plan on a timely basis.

Dated:  June 16, 2006                          GLOBAL LAW GROUP

By:_____/s/ Gregory J. Yu_____
        Gregory J. Yu, Esq.
Attorney for Plaintiff KinderStart.com LLC and
        for the proposed Class and Subclasses