1　Gregory J. Yu (State Bar No. 133955)
　　GLOBAL LAW GROUP
2　2015 Pioneer Court, Suite P-1
　　San Mateo, CA　94403
3　Telephone: (650) 570-4140
　　Facsimile: (650) 570-4142
4　E-mail: glgroup [at] inreach [dot] com

5　Attorney for Plaintiffs and Proposed Class and Subclasses

6

7

8　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

9　　　　　　　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

10　　　　　　　　　　　　　　　　　　SAN JOSE DIVISION

| 11　KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. C 06-2057 JF<br><br>**PLAINTIFFS' MOTION UNDER LOCAL RULE 6-3 TO SHORTEN TIME FOR MOTION FOR SPECIFIED DISCOVERY ON DEFAMATION AND LIBEL CLAIM** |
|---|---|

17

18　**PROCEDURAL SETTING FOR THIS MOTION**

19　　　　On May 2, 2006, Defendant Google noticed and filed its Anti-SLAPP Motion to strike

20　Counts One, Eight and Nine of the First Amended Class Action Complaint ("*FACAC*").  Count

21　Eight is for Google's defamation and libel by means of PageRank™ devaluation of websites.

22　On June 9, 2006, Plaintiff KSC timely filed its opposition with a conditional request for a

23　continuance of the hearing on the motion and discovery by KSC of facts exclusively within

24　Google's control essential to KSC's case in chief on Count Eight.

25　**MOTION AND JUSTIFICATION FOR THIS MOTION**

26　　　　Plaintiff KinderStart.com LLC ("KSC") hereby files this Motion under Civil Local Rule

27　6-3 ("L.R. 6-3 Motion") for an Order Shortening Time for Motion for Specified Discovery

28　("Discovery Motion") to be heard on June 30, 2006.  Pursuant to Civil Local Rule ("L.R.") 6-

PLAINTIFFS' MOTION UNDER L.R. 6-3
AS TO SHORTENING TIME FOR
DISCOVERY MOTION　　　　　　　　　　　　　　-1-　　　　　　　　　　Case No. C 06-2057 JF

1  1(b), this motion is timely as it is filed at least 10 days before the scheduled and requested
2  hearing date of June 30, 2006.  In support of this motion, the Declaration of Gregory J. Yu is
3  attached hereto as <u>Exhibit 1</u> ("*Yu Dec.*").

4        Discovery is required by Plaintiff KSC to present proper and adequate support for the
5  Court's consideration of the merits of Defendant Google's Special Motion to Strike Pursuant to
6  California Code of Civil Procedure ("CCP") § 425.16 ("Anti-SLAPP Motion") calendared for
7  June 30, 2006.  The accompanying Declaration in Support of this Motion demonstrates that the
8  briefing, hearing and decision on the Discovery Motion *and* Plaintiff's discovery on evidence
9  exclusively in Google's control should precede any decision on its Anti-SLAPP Motion.
10 Plaintiff KSC is generally barred from any discovery prior to the Federal Rule of Civil
11 Procedure 26(f) conference set for July 26, 2006, yet it is being forced to make its case in chief
12 on Count Eight on the June 30, 2006 hearing date.  Therefore, Plaintiff requests that the
13 Discovery Motion be heard on or before June 30, 2006, and waives its right to file a reply to
14 expedite hearing of the motion.

15       This LR 6-3 Motion is concurrently filed with (1) Plaintiff's Motion for Specified
16 Discovery on Defamation and Libel ("Discovery Motion"), and (2) Plaintiff's Motion under L.R.
17 7-7(b) to Continue Anti-SLAPP Motion.

18 **A. Shortening Time is Needed for Orderly Disposition of the Anti-SLAPP Motion.**

19       CCP section 425.16 gives defendants the opportunity to have a cause of action stricken if
20 a court decides it is a "Strategic Lawsuit Against Public Participation" ("SLAPP").
21 Accordingly, Defendant Google filed and noticed its Anti-SLAPP Motion to be heard on June
22 30, 2006.

23       The Ninth Circuit has explicitly followed the Supreme Court's interpretation of Rule
24 56(f) that discovery is required "where the moving party has not had the opportunity to discover
25 information that is essential to its opposition." *Metabolife International, Inc. v. Wornick*, 264 F.
26 3d 832, 846 (9th Cir. 2001) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 91
27 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)).  In *Metabolife*, the Ninth Circuit adopted the district
28 court's holding in *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 980 (C.D. Cal.

PLAINTIFFS' MOTION UNDER L.R. 6-3
AS TO SHORTENING TIME FOR
DISCOVERY MOTION         -2-         Case No. C 06-2057 JF

1999) that "if this expedited procedure [anti-SLAPP] were used in federal court to test plaintiff's evidence before the plaintiff has completed discovery, it would collide with Federal Rule of Civil Procedure 56." *Id.*, at 845.

In its Anti-SLAPP Motion calendared for June 30, 2006, Google argues that Plaintiff's lack sufficient evidentiary support for prevailing on the merits of its defamation and libel claim. However, the motion asks the Court here to evaluate the strength of the claim even *before* Plaintiff has even commenced any discovery. From the outset, this case is subject to the discovery hold on both parties the case management conference on July 26, 2006. Without any discovery, Google in essence seeks summary disposition on the defamation claim before Plaintiff has fair access to essential evidence to support the claim. Therefore, the orderly and disposition of the anti-SLAPP motion is to have an accelerated hearing on the motion for specified discovery, allow Plaintiffs time to complete the discovery, and then hear and decide Defendant's anti-SLAPP motion which operates like a Rule 56 summary judgment motion against Plaintiff.

**B. Plaintiffs' Efforts to Obtain a Stipulation to Shorten Time Have not Succeeded.**

On this date, Plaintiff asked Defendant Google's counsel to stipulate to having the Discovery Motion heard on June 30, 2006. Defendant declined to accede to this request today. *Yu Dec.* ¶ 8.

**C. Substantial Prejudice Would Otherwise Affect Plaintiffs and the Anti-SLAPP Motion.**

The equity behind accelerated hearing on discovery by Plaintiff by June 30, 2006 is quite plain. At the present time, no discovery may be had by either party until July 26, 2006. However, Defendant Google wants the extraordinary remedy to strike the defamation and libel count even before Plaintiff KSC has commenced any discovery. Where facts relevant to this count are within Defendant's "exclusive control" and may be "highly probative" to Plaintiff's burden to show falsity, precluding such discovery would violate a fundamental tenet of Rule 56 motions. *Metabolife*, 264 F. 3d at 847.

As plaintiffs argue in their opposition to the Anti-SLAPP motion on file herein,

PageRank is a computer-generated whole number based on an algorithm and underlying mathematical data gathered programmatically on any given Website. How Google arrives at a '0' PageRank is essential to Plaintiffs' demonstration that this statement of value is provably false. As further explained in its concurrently filed Discovery Motion, key elements and components of PageRank are hidden from public view and from Plaintiffs' access. Only Google and its lawyers know them. Therefore, even arguing the anti-SLAPP motion prior to a hearing on the Discovery Motion would severely prejudice Plaintiffs. This would force KSC to present and argue to the Court, without vital factual and admissible evidence. This scenario would be absolutely detrimental to Plaintiff's case to challenge the extraordinary relief Google seeks.

**D. Prior Attempts to Resolve Dispute and Overall Dispute, and Statements of Parties' Positions.**

As early as June 6, 2006, prior to Plaintiff's opposition to the Anti-SLAPP Motion was due, Plaintiff asked Defendant for access to evidence of PageRank determination by Google on Websites, including KSC's own site, www.kinderstart.com. On June 13, 2006, Plaintiff made a formal written itemized request to Defendant's counsel for informal discovery that would be subject to a suitable protective order in Google's interests. This was declined by Google. *Yu Dec.* ¶¶ 4-5. One apparent reason as communicated by Google's counsel is the assertion of trade secrets that would allegedly be lost if PageRank was disclosed in this litigation. *Id.* ¶ 3. Plaintiffs expect Defendant to resist any access to PageRank information, even if would allow the court and Plaintiff to fairly get to the ultimate merits of the alleged defamation and libel. However, Plaintiff maintains that it must conduct specified discovery to fairly make its case on the merits of the disputed claims, as required of plaintiff under CCP § 425.16 of California's anti-SLAPP statute.

**E. Plaintiffs and Defendant Have Made One Prior Stipulation on Time Modification.**

In connection with Plaintiff's pending Motion for Preliminary Injunction filed on May 26, 2006 originally calendared for June 30, 2006, Plaintiff and Google stipulated to an extension of the respective deadlines for the opposition thereto and reply thereto by one week to June 16, 2006 and June 23, 2006, respectively. Under an administrative request from Defendant, the

Court ordered a continuation of this motion to a new date to be determined at the June 30, 2006 hearing for Defendant's pending motion to dismiss under Federal Rule of Civil Procedure 12(b).

### F. The Time Modification Would Maintain Efficiency and Fairness in the Scheduling and Management of this Case.

Defendant's motion to dismiss under Rule 12(b) is properly set for hearing on June 30, 2006. Formal discovery is set to commence on July 26, 2006. However, by means of its Anti-SLAPP Motion, Defendant seeks summary disposition of the defamation and libel count while the discovery stay is in effect. Given the urgency of anti-SLAPP resolution sought by Defendant, an accelerated hearing and ruling on the Discovery Motion makes complete sense. It achieves two goals. First, a June 30, 2006 hearing date for the motion would afford the Court and the parties timely and satisfactory direction on what further discovery and issues affect the anti-SLAPP procedure in this case. If discovery can be promptly completed, then a formal resolution of anti-SLAPP protection could happen, even as early as the case management conference scheduled for July 26, 2006. Second, without an accelerated date for the discovery motion, the currently calendared date of August 4, 2006 would perhaps impede the means to organize ongoing and future case management and discovery plans necessary for the Rule 26(f) conference on July 26, 2006.

### **CONCLUSION**

Based on the foregoing, the accompanying Declaration of Gregory J. Yu, the referenced documents, and those already on file herein, Plaintiff KSC urges that the Court shorten the time for hearing the Discovery Motion from August 4, 2006 to June 30, 2006.

Dated: June 16, 2006                             GLOBAL LAW GROUP

                                                 By:    /s/ Gregory J. Yu
                                                        Gregory J. Yu, Esq.
                                                 Attorney for Plaintiff KinderStart.com LLC and
                                                        for the proposed Class and Subclasses