1  Gregory J. Yu (State Bar No. 133955)
   GLOBAL LAW GROUP
2  2015 Pioneer Court, Suite P-1
   San Mateo, CA  94403
3  Telephone: (650) 570-4140
   Facsimile:  (650) 570-4142
4  E-mail:  glgroup [at] inreach [dot] com

5  Attorney for Plaintiffs and Proposed Class and Subclasses

6

7

8                              UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10                                     SAN JOSE DIVISION

11 | KINDERSTART.COM LLC, a California              | Case No. C 06-2057 JF
   | limited liability company, on behalf of itself and |
12 | all others similarly situated,                  | **PLAINTIFF'S ADMINISTRATIVE**
   |                                                 | **MOTION UNDER LOCAL RULE 7-7(b)**
13 | Plaintiffs,                                     | **TO CONTINUE DEFENDANT'S**
   |                                                 | **SPECIAL MOTION TO STRIKE**
14 | v.                                              | **PURSUANT TO CCP § 425.16**
   |                                                 | **CALENDARED FOR JUNE 30, 2006**
15 | GOOGLE, INC., a Delaware corporation,           |
   |                                                 |
16 | Defendant.                                      |

17

18 **FACTUAL AND PROCEDURAL BACKGROUND**

19        On May 2, 2006, Defendant Google noticed and filed its Special Motion ("Anti-SLAPP

20 Motion") under California Code of Civil Procedure (CCP § 425.16) to strike Counts One, Eight

21 and Nine of the First Amended Class Action Complaint ("*FACAC*") of Plaintiff KinderStart.com

22 LLC ("KSC").  Count Eight is for Google's defamation and libel by means of PageRank™

23 devaluation of websites.  During the week of June 2, 2006, Plaintiff verbally informed Defendant

24 of its need for discovery in connection with the Anti-SLAPP Motion.  On June 9, 2006, Plaintiff

25 KSC timely filed its opposition with a conditional request for a continuance of the hearing and

26 discovery by KSC of facts exclusively within Google's control essential to KSC's case in chief

27 on Count Eight.  On June 13, 2006, Plaintiff delivered a list of information required of Google to

28 form the factual foundation for Plaintiffs' burden to demonstrate the probability of prevailing on

PLAINTIFFS' MOTION UNDER L.R. 7-7
TO CONTINUE CCP § 425.16 MOTION
                                              -1-                           Case No. C 06-2057 JF

1  the merits of Count Eight.  On June 15, 2006, Google declined this request but did not promise a

2  date certain to comply or respond.  *Declaration of Gregory J. Yu*, attached hereto as <u>Exhibit 1</u>

3  ("*Yu Dec.*"), ¶¶ 2-4.  On June 16, 2006, KSC requested stipulations of Google to (1) allow

4  acceleration of a discovery motion to allow KSC to conduct discovery on PageRank and (2)

5  continue the anti-SLAPP motion hearing date until the discovery motion and discovery by KSC

6  could be completed.  Google declined both stipulations.  *Id.*, ¶¶ 5-6.

7         Accordingly, Plaintiff KSC makes this administrative motion under Civil Local Rule

8  ("L.R.") 7-7(b)(2)(B) for the continuance of Defendant's Anti-SLAPP Motion now calendared

9  for June 30, 2006.  This motion is made after the opposition to the defendant's motion where

10 such motion is essentially one seeking summary judgment relief under L.R. 56-1.  This

11 administrative motion is concurrently filed with (1) Motion for Specified Discovery on

12 Defamation and Libel, and (2) Motion under L.R. 6-3 to Shorten Time for the discovery motion.

13 **<u>GROUNDS FOR THIS MOTION</u>**

14        Under California Code of Civil Procedure ("CCP") § 425.16(b)(1), an anti-SLAPP

15 motion fails if "the plaintiff has established that there is a probability that the plaintiff will

16 prevail on the claim."  As to all parties to an action, "[a]ll discovery proceedings in the action

17 shall be stayed upon the filing of a notice of motion made pursuant to this section."  *Id.*, §

18 425.16(g).  "The court, on noticed motion and for good cause shown, may order that specified

19 discovery be conducted notwithstanding this subdivision."  *Id.*  California courts apply this

20 exception to the discovery stay if the requirements are met under the statute.  *See e.g., Tuchscher*

21 *Development Enterprises, Inc. v. San Diego Unified Port District* , 106 Cal. App. 4th 1219,

22 1247, 132 Cal. Rptr. 2d 57 (2003).

23        In federal court, however, anti-SLAPP is under a different regime.  Within the Ninth

24 Circuit, discovery cannot be blocked by a trial court in a summary proceeding as an anti-SLAPP

25 procedure.  In *Metabolife International, Inc. v. Wornick*, 264 F. 3d 832, 846 (9th Cir. 2001), the

26 court held: "Because the discovery-limiting aspects of § 425.16(f) and (g) *collide with the*

27 *discovery-allowing aspects of Rule [Fed. R. Civ. Pro.] 56,* these aspects of subsections (f) and

28 (g) *cannot apply in federal court.*" (emphasis added) (*quoting Rogers v. Home Shopping*

PLAINTIFFS' MOTION UNDER L.R. 7-7
TO CONTINUE CCP § 425.16 MOTION
                                          -2-                           Case No. C 06-2057 JF

*Network, Inc.*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999)). Overall, the Ninth Circuit in *Metabolife* followed the Supreme Court's interpretation of Rule 56(f) that discovery is required "where the moving party has not had the opportunity to discover information that is essential to its opposition." *Id.*, 264 F.3d at 846 (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)).

Plaintiffs' concurrently filed Motion for Specified Discovery argues that the means and method of computing PageRank for www.kinderstart.com and all the Websites of other Class members are formulated and performed under Google's exclusive control. Plaintiff has no public access to such information. Therefore, a hearing and decision to grant Defendant's Anti-SLAPP Motion as to Count Eight of the FACAC, defamation and libel, prior to gainful discovery by Plaintiff of key facts solely within Google's possession, violates Rule 56. Under *Metabolife*, the Ninth Circuit would surely conclude that the pending Anti-SLAPP motion is essentially one seeking summary judgment that requires discovery by the non-moving party.

This motion was also necessary because after Plaintiff KSC requested Defendant Google for a stipulation to continue the hearing date for the Anti-SLAPP Motion, Google declined to so stipulate. See *Yu Dec.*, ¶ 5.

**CONCLUSION**

In light of the above, the accompanying declaration of Gregory J. Yu, the documents and pleadings on file herein, Plaintiff KSC respectfully requests the Court to continue the Anti-SLAPP Motion from June 30, 2006 to a later date to first allow for a hearing on Plaintiff's pending motion for discovery of PageRank concerning the defamation and libel count, as well as completion of proper, timely and meaningful discovery by Plaintiff for such specified purpose.

Dated: June 16, 2006                          GLOBAL LAW GROUP

By:     /s/ Gregory J. Yu
        Gregory J. Yu, Esq.
        Attorney for Plaintiff KinderStart.com LLC and
        for the proposed Class and Subclasses