DAVID H. KRAMER, State Bar No. 168452
COLLEEN BAL, State Bar No. 167637
LISA A. DAVIS, State Bar No. 179854
BART E. VOLKMER, State Bar No. 223732
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
DKramer@wsgr.com

JONATHAN M. JACOBSON
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12 East 49th Street, 30th Floor
New York, NY 10017-8203
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
JJacobson@wsgr.com

Attorneys for Defendant
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: C 06-2057 JF (RS)<br><br>**GOOGLE INC.'S OPPOSITION TO KINDERSTART'S MOTIONS UNDER LOCAL RULE 6-3 AND LOCAL RULE 7-7.**<br><br>Before: Hon. Jeremy Fogel<br>Courtroom: 5th Floor, Room 3 |

GOOGLE'S OPPOSITION TO KINDERSTART'S
MOTIONS UNDER L.R. 6-3 AND 7-7
CASE NO. C 06-2057 JF (RS)

2901853_1.DOC

Six weeks ago, defendant Google Inc. ("Google") filed two potentially dispositive motions which are now fully briefed and set for hearing on June 30: a motion to dismiss Kinderstart.com LLC's ("Kinderstart") entire complaint and an anti-SLAPP motion to strike several of Kinderstart's claims. Just as briefing on those motions was completed, Kinderstart filed three motions for relief bring to five the number of motions Kinderstart has filed since learning of Google's requests to have the case dismissed.[1] One of Kinderstart's motions, brought under Local Rule 6-3, seeks to shorten time on a simultaneous and belatedly-filed Motion for Discovery. The other, brought under Local Rule 7-7, seeks to continue the hearing on Google's anti-SLAPP motion until Kinderstart obtains the requested discovery. Google opposes both of KinderStart's motions because there is no justification for the discovery that KinderStart seeks.

According to KinderStart, it needs discovery to oppose Google's anti-SLAPP motion, because without it, Kinderstart cannot carry its burden of showing a probability of success on its defamation claim. KinderStart argues that Google's anti-SLAPP motion should be treated as one for summary judgment, and its motion for discovery as a request under Fed. R. Civ. Proc. 56(f). But KinderStart misses the point. While Google certainly could have challenged KinderStart to offer evidence supporting its claim for defamation, Google's anti-SLAPP motion does not do so. Rather, Google argues in its motion that *KinderStart has failed even to pled facts sufficient to state a defamation claim. See* Google's Motion to Dismiss (Doc. No. 11) at 9-11; Reply I/S/O Motion to Dismiss (Doc. No. 33) at 6-7; Google's Special Motion to Strike (Doc No. 12) at 8-9; Reply I/S/O Special Motion to Strike (Doc. No. 28) at 11 (collectively, the "Google Briefs"). Kinderstart is not entitled to discovery in the hopes of overcoming its pleading infirmities. *See Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (disallowing

---

[1] Two weeks after Google filed its motions to dismiss and strike, KinderStart filed a forty-eight page Motion for Preliminary Injunction, seeking to have it heard simultaneously. When Google objected to the filing, KinderStart filed a belated administrative request seeking to retroactively bless its oversized brief. By Order dated June 8, 2006, the Court continued KinderStart's preliminary injunction motion, with a new date to be determined at the hearing on Google's motions. Order, 6/8/2006 (Doc. No. 25).

1 discovery where plaintiff was unable to state a valid claim).[2] The Court's analysis of KinderStart's motions need go no further.

But even if KinderStart's ability to prove its claims was at issue, no amount of discovery could alter the fact that the PageRank Google assigns to a given website reflects Google's opinion about the relative importance of that site, and thus cannot give rise to an action for defamation. *Search King*, 2003 WL 21464568, at **4-5 ("PageRanks are opinions" and "do not contain provably false connotations."); *see also* Google Briefs, *supra*. As Google explains in its briefs, its view of a site's "importance," like its view of a site's attractiveness, is inherently subjective. *Search King*, 2003 WL 21464568, at **4-5 ("there is no conceivable way to prove that the relative significance assigned to a given web site is false.") The allegations of KinderStart's own Complaint establish the point. *See* FAC ¶ 56 (PageRank is a "relative measure of the appeal, popularity and relevance of a website on the Internet."); ¶ 32 (Google's PageRank tells users "whether a new website is worth [their] time."). KinderStart also admits that other search engines view its site differently, making clear that there is no "true" level of "importance." FAC at ¶¶ 58, 80.[3]

---

[2] At the pleading stage of a defamation claim, the Court must determine "[w]hether the challenged statement is reasonably susceptible of an interpretation which implies a provably false assertion of actual fact . . . ." *Morningstar, Inc. v. Superior Court*, 23 Cal. App. 4th 676, 686-87 (1994). In making this determination, "a court is to place itself in the situation of the hearer or reader . . . ." *Id*. at 688 (citation and quotation omitted). It is thus ironic that KinderStart claims that discovery is "essential to Plaintiffs' demonstration that [a Page Rank of "0"] is provably false" and that "key elements and components of PageRank are hidden from public view and from Plaintiffs' access. Only Google and its lawyers know them." KinderStart's Motion to Shorten Time at 4:2-6 (Doc. No. 30). *See also* KinderStart's Motion for Discovery at 4:22-25 (Doc No. 29) ("PageRank, originating from one of Google's founders, is the result of a computer algorithm known only to Google. The exact means and method of computing PageRank for KS.com and all the Websites of other Class members are formulated and performed exclusively by Google on its own computers with its staff of engineers."). If Google and its attorneys are the only ones with access to information on PageRank necessary to determine what it means, as KinderStart suggests, it is simply not possible for PageRank to have a defamatory meaning to the average reader. Plaintiff's plea for discovery thus bolsters Google's position that the defamation claim should be dismissed on the pleadings without leave to amend.

[3] If Google purported to present a raw count of the number of links to the KinderStart site, and Google then under-reported the actual figure, KinderStart might have a claim that Google had made a false statement of fact. But Google does not present a count of the links to the site. Rather, it presents its view of the site's "importance," a determination that is necessarily subjective.

The fact that Google uses a mathematical algorithm as part of the process to determine the PageRank to assign to a website, does not make its ultimate view any less a matter of opinion.  Google injects its own subjective views into the algorithm by deciding which factors the algorithm should consider and how those factors should be weighed.  *Search King*, 2003 WL 21464568, at **4-5.  Again, others' algorithms utilize different factors and different weights to reach different results.  *See* Eric Goldman, *Search Engine Bias and the Demise of Search Engine Utopianism*, Yale Journal of Law and Technology 111, 114 (Spring 2006) ("[T]he choice of which factors to include in the ranking algorithm, and how to weight them, reflects the search engine operators' editorial judgments about what makes content valuable.").

Moreover, as KinderStart itself makes clear, Google does not simply report the output of an algorithm as a site's PageRank.  Rather, Google is constantly assessing the quality of sites using its own, subjective stated and unstated guidelines and setting sites' PageRanks accordingly.  FAC at ¶¶ 61, 64 (alleging Google takes quality guidelines into account in setting PageRanks); ¶¶ 44-45 (describing impact of quality standards on PageRank); ¶ 132 (alleging Google assigns PageRanks to induce and deter certain site behaviors).[4]

In short, the nature of PageRank itself, the subjective choices made by Google in creating the algorithm used in the process of assigning PageRank, and the fact that Google routinely includes its subjective quality assessments of sites in PageRank, all demonstrate that PageRank is simply Google's opinion of a site, not a representation of fact about the site.  The specific (and extremely confidential) details of how Google arrives at its opinions simply are not relevant.  KinderStart is thus not entitled to the invasive discovery it claims to need to oppose Google's

---

[4] Google's use of its subjective quality guidelines in the PageRank process has an impact far beyond the particular site under review.  Given the nature of the PageRank algorithm, if Google assigns a PageRank of 0 to a site because, for example, the site appears to be violating a Google quality guideline, that subjective determination will impact not only the site in question, but will also affect the PageRanks of all other sites to which that site links.  This, in turn, will have an effect on the PageRank for the sites to which these second-order sites link, and so on.   In other words, Google's algorithm necessarily and routinely considers Google's subjective assessments of sites.

1  anti-SLAPP motion.  KinderStart's Motion to Shorten Time on its Motion for Discovery, and its
2  Motion to Continue Google's Special Motion to Strike should both be denied.

4  Dated:  June 21, 2006                          WILSON SONSINI GOODRICH & ROSATI
                                                  Professional Corporation

6                                                 By: /s/ David H. Kramer
                                                      David H. Kramer

                                                  Attorneys for Defendant
                                                  Google Inc.