\*\*E-Filed 6/26/06\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>                 Plaintiffs,<br><br>         v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>                 Defendant. | Case Number C 06-2057 JF (RS)<br><br>ORDER[1] DENYING PLAINTIFF'S REQUEST UNDER LOCAL RULE 7-7 TO CONTINUE HEARING ON DEFENDANT'S SPECIAL MOTION TO STRIKE<br><br>[re: docket no. 31] |

Plaintiff has filed an administrative request to continue the hearing on Defendant's special motion to strike pursuant to California Civil Procedure Code § 425.16 ("anti-SLAPP motion") to allow for discovery relating to Plaintiff's defamation and libel claim. For the reasons discussed below, Plaintiff's request will be denied.

**I. BACKGROUND**

Defendant's filed its anti-SLAPP motion on May 2, 2006, asking this Court to strike three claims from Plaintiff's First Amended Complaint ("FAC"): (1) Claim One, Violation of Right to

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-2057 JF (RS)
ORDER DENYING PLAINTIFF'S REQUEST UNDER LOCAL RULE 7-7 TO CONTINUE HEARING ON DEFENDANT'S SPECIAL MOTION TO STRIKE
(JFEX2)

1  Free Speech Under the United States Constitution and California Constitution, (2) Claim Eight,
2  Defamation and Libel, and (3) Claim Nine, Negligent Interference with Prospective Business
3  Advantage.  The anti-SLAPP motion is scheduled to be heard June 30, 2006.
4        On June 16, 2006, Plaintiff filed a request under Civil Local Rule 7-7 requesting that the
5  hearing on Defendant's § 425.16 motion be continued to allow for discovery regarding
6  Defendant's PageRank—which Plaintiff contends is necessary to show a probability of success
7  on its defamation and libel claim.  Plaintiff simultaneously filed a motion for specified discovery
8  and a request under Civil Local Rule 6-3 for an accelerated hearing on the discovery motion.

## II. DISCUSSION

10  "A court considering a motion to strike under the anti-SLAPP statute must engage in a
11  two-part inquiry.  First, a defendant 'must make an initial prima facie showing that the plaintiff's
12  suit arises from an act in furtherance of the defendant's rights of petition and free speech.' . . .
13  Second, once the defendant has made a prima facie showing, 'the burden shifts to the plaintiff to
14  demonstrate a probability of prevailing on the challenged claims.'"  *Vess v. Ciba-Geigy Corp.*
15  *USA,* 317 F.3d 1097, 1110 (9th Cir. 2003) (quoting *Globetrotter Software, Inc. v. Elan Computer*
16  *Group, Inc.*, 63 F. Supp. 2d 1127, 1129 (N. D. Cal. 1999)).  "[A] defendant's anti-SLAPP motion
17  should be granted *when a plaintiff presents an insufficient legal basis for the claims* or 'when no
18  evidence of sufficient substantiality exists to support a judgment for the plaintiff.'"  *Metabolife*
19  *Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001) (emphasis added, citations omitted).
20        Plaintiff contends that discovery is necessary to show a probability of success on its
21  defamation and libel claim.  On that basis it argues that discovery should be addressed before
22  disposition of the anti-SLAPP motion.  Plaintiff relies on *Metabolife*, in which the Ninth Circuit
23  stated that "[i]f this expedited procedure were used in federal court to test the plaintiff's evidence
24  before the plaintiff has completed discovery, it would collide with Federal Rule of Civil
25  Procedure 56."  *Metabolife*, 264 F.3d at 846 (9th Cir. 2001).
26        There is no indication that Defendant's anti-SLAPP motion is being used to test
27  Plaintiff's evidence.  Defendant contends that all three claims challenged under the anti-SLAPP

Case No. C 06-2057 JF (RS)
ORDER DENYING PLAINTIFF'S REQUEST UNDER LOCAL RULE 7-7 TO CONTINUE HEARING ON
DEFENDANT'S SPECIAL MOTION TO STRIKE
(JFEX2)

1  motion fail as a matter of law, such that no amount of discovery would allow the Plaintiff to
2  demonstrate a probability of success on the merits.  Special Motion to Strike, pp. 7-9.  Defendant
3  relies on uncontested facts and Plaintiff's own allegations in arguing that it has made its initial
4  prima facie showing.  Special Motion to Strike, pp. 3-5.  For its part, Plaintiff argues that the
5  motion fails as a matter of law, arguing that Defendant's PageRank falls under an exception for
6  commercial speech set forth in California Civil Procedure Code § 425.17 and does not qualify as
7  free speech in connection with a public issue.  Plaintiff's Opposition, pp. 3-9.  The need for
8  discovery thus is dependent upon Defendant's and Plaintiff's potentially dispositive legal
9  arguments.  *See* Plaintiff's Opposition, pp. 14.

As it is not clear that disposition of Defendant's anti-SLAPP motion will require consideration of factual matters to which discovery would be relevant, Plaintiff has not shown that hearing the motion before discovery will be prejudicial to Plaintiff.  Should it become clear during or after the hearing that the motion cannot be decided as a matter of law, then at that point the Court will allow for any discovery necessary to avoid prejudice to either party.

### III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Plaintiff's motion to continue the hearing on Defendant's anti-SLAPP motion is DENIED.  The Court will defer consideration of Plaintiff's motion under Civil Local Rule 6-3 and its motion for specified discovery until after the June 30, 2006 hearing.

DATED: June 26, 2006

JEREMY FOGEL
United States District Judge

3

Case No. C 06-2057 JF (RS)
ORDER DENYING PLAINTIFF'S REQUEST UNDER LOCAL RULE 7-7 TO CONTINUE HEARING ON
DEFENDANT'S SPECIAL MOTION TO STRIKE
(JFEX2)

1 | This Order has been served upon the following persons:

2 | Colleen Bal — cbal@wsgr.com, eminjarez@wsgr.com

3 | David H. Kramer — dkramer@wsgr.com, dgrubbs@wsgr.com

4 | Bart Edward Volkmer , Esq — bvolkmer@wsgr.com

5 | Gregory John Yu — glgroup@inreach.com, gjy@abcye.com

4

Case No. C 06-2057 JF (RS)
ORDER DENYING PLAINTIFF'S REQUEST UNDER LOCAL RULE 7-7 TO CONTINUE HEARING ON DEFENDANT'S SPECIAL MOTION TO STRIKE
(JFEX2)