| | |
|---|---|
| 1 | DAVID H. KRAMER, State Bar No. 168452 |
|   | COLLEEN BAL, State Bar No. 167637 |
| 2 | LISA A. DAVIS, State Bar No. 179854 |
|   | BART E. VOLKMER, State Bar No. 223732 |
| 3 | WILSON SONSINI GOODRICH & ROSATI |
|   | Professional Corporation |
| 4 | 650 Page Mill Road |
|   | Palo Alto, CA 94304-1050 |
| 5 | Telephone: (650) 493-9300 |
|   | Facsimile: (650) 565-5100 |
| 6 | DKramer@wsgr.com |
| 7 | JONATHAN M. JACOBSON |
|   | WILSON SONSINI GOODRICH & ROSATI |
| 8 | Professional Corporation |
|   | 12 East 49th Street, 30th Floor |
| 9 | New York, NY 10017-8203 |
|   | Telephone: (212) 999-5800 |
| 10 | Facsimile: (212) 999-5899 |
|    | JJacobson@wsgr.com |
| 11 | |
|    | Attorneys for Defendant |
| 12 | Google Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| KINDERSTART.COM, LLC, a California limited liability company, on behalf of itself and all others similarly situated, | ) ) ) | CASE NO.: C 06-2057 JF (RS) |
| Plaintiffs, | ) ) ) | **GOOGLE INC.'S OPPOSITION TO KINDERSTART'S ADMINISTRATIVE REQUEST UNDER CIVIL L.R. 7-11 REGARDING SCHEDULING, CASE MANAGEMENT, AND PROPOSED SECOND AMENDED COMPLAINT** |
| v. | ) ) | |
| GOOGLE INC., a Delaware corporation, | ) ) | Before: Hon. Jeremy Fogel |
| Defendant. | ) ) ) ) ) | Courtroom: 5th Floor, Room 3 |

GOOGLE'S OPPOSITION TO KINDERSTART'S
MOTION FOR RELIEF UNDER CIVIL L.R. 7-11
CASE NO. C 06-2057 JF (RS)

2930451_2.DOC

## I. INTRODUCTION

KinderStart's Motion for Administrative Relief asks the Court to permit it to file a Second Amended Complaint ("SAC") 85 days after the Court's order dismissing its First Amended Complaint ("FAC") and 98 days after the Court alerted KinderStart that its FAC was infirm. KinderStart has not articulated any compelling reason why it should be permitted such a lengthy time to file its SAC. Indeed, the Court presumed that KinderStart would file a SAC and that a motion to dismiss the SAC would be fully briefed for a hearing on September 29, 2006. KinderStart asks to postpone even *filing* its SAC until a week after that date.

Given the nature of KinderStart's allegations and public statements that KinderStart and its attorney have made about this case, Google seeks to have the pleadings in this matter resolved expeditiously. Accordingly, Google respectfully asks the Court to require KinderStart to file its SAC by August 11, 2006 and to schedule a hearing on Google's motion to dismiss the SAC for October 6, 2006.

## II. FACTUAL BACKGROUND

KinderStart filed its original complaint on March 17, 2006 but elected not to serve it. On April 12, 2006, KinderStart filed and served its FAC. On April 13, 2006, counsel for Google requested a 20 day extension of time to file its motion to dismiss the FAC based on scheduling conflicts. Volkmer Decl., Ex. A. Counsel for KinderStart refused Google's request for even that modest extension:

> Plaintiffs decline Defendant's request to extend by 20 days the deadline to respond or answer. As you know, Defendant saw the initial 3/17/06 filed Complaint as early as March 20. I am very mindful of personal sacrifices clients and counsel must make from time to time, and I've already done so many weekends in this matter. Timing is absolutely critical to our side and I would expect that of Google as well.

Volkmer Decl., Ex. B. Google thus timely filed its motion to dismiss the FAC and an anti-SLAPP motion to strike certain claims for relief on May 2, 2006.

At the June 30, 2006 hearing on those motions, the Court made clear that most if not all of the FAC would be dismissed with leave to amend: "So the bottom line is I think all of the claims with the possible exception of the defamation claim lack a certain degree

1  of specificity or they lack essential elements, and my question is what additionally
2  KinderStart could allege given an opportunity to amend . . . ." Doc. No. 40 at 6:7-12.
3  The Court also indicated that further motions directed to the pleadings would be heard on
4  September 29, 2006 and that a Case Management Conference would also be set for that
5  date. *Id*. at 43-44. On July 13, 2006, the Court formally dismissed all of KinderStart's
6  claims. Doc. No. 42. The Court did not provide a specific deadline by which KinderStart
7  was required to file its SAC. *Id*. According to a media report, counsel for KinderStart
8  "claimed victory" after the Court's ruling because the FAC was dismissed without
9  prejudice and stated that KinderStart intended to file an amended complaint before the
10 September 29, 2006 court date. Volkmer Decl., Ex. C [July 13, 2006 C-NET article].
11 Counsel for KinderStart also encouraged other website publishers to contact him
12 regarding the prospect of bringing similar claims of their own. *Id.*
13     On July 20, 2006 and August 1, 2006, counsel for Google inquired as to when and
14 if KinderStart intended to file a SAC. Volkmer Decl., Ex. D. On August 2, 2006,
15 counsel for KinderStart responded with the following cryptic message: "Plaintiffs are
16 monitoring a number of developments. I will advise you when a next step is taken."
17 Volkmer Decl, Ex. E. Counsel for Google responded: "[W]e're flexible with respect to a
18 schedule, but we have to know what you intend to do. If you do not intend to file an
19 amendment or have other plans, please let me know." *Id.* On August 3, 2006, counsel
20 for KinderStart offered the following schedule:

| | |
|---|---|
| **Filing of SAC** | 10/06/06 |
| **Google's Motion to Dismiss** | 11/10/06 |
| **KinderStart's Opposition** | 12/01/06 |
| **Google's Reply** | 12/15/06 |
| **Court Hearing** | 12/22/06 |

26 Volkmer Decl. at ¶7. For a number of reasons, including that the proposal did not
27 comply with the deadlines for filing briefs under the local rules, Google rejected
28

GOOGLE'S OPPOSITION TO KINDERSTART'S
MOTION FOR RELIEF UNDER CIVIL L.R. 7-11
CASE NO. C 06-2057 JF (RS)

-2-

2930451_2.DOC

KinderStart's proposal. KinderStart then filed the instant Motion for Administrative Relief.

## III. ARGUMENT

### Case Schedule

Given that KinderStart has already had more than three weeks since the Court dismissed its claims (five weeks since the Court announced its intention to do so), Google proposes the following schedule for the filing of the SAC and motions related to that pleading:

| | |
|---|---|
| **August 11, 2006:** | KinderStart files SAC |
| **September 1, 2006:** | Google files motion(s) directed to the SAC |
| **September 15, 2006:** | KinderStart's opposition due |
| **September 22, 2006:** | Google's reply due |
| **October 6, 2006:** | Hearing on motion(s) directed to the SAC |

Google's proposed schedule is far more reasonable than KinderStart's and far closer to the timeframe originally envisioned by the Court, which set a hearing on motions related to the SAC for September 29, 2006. Google's proposal provides KinderStart with 29 days from the Order dismissing the FAC to file the SAC, in contrast to the 85 days sought by KinderStart. Google wishes to have the pleadings in this case resolved in an expeditious manner given the comments of KinderStart and its counsel to the press pertaining to this case.

For its part, KinderStart has not made a showing of good cause for an entitlement to 85 days to draft and file the SAC. To support its request, KinderStart's counsel offers the following:

- Counsel received "information" concerning "various penalty practices" of Google on June 20, 2006;

- Counsel received "information" from "a Bay Area marketing executive" regarding Google's search results on July 14, 2006;

- A July 6, 2006 "FOIA-type" request from a "federal agency" is set for a response on August 11, 2006;

- A "witness in the Northeast United States" who allegedly has "information on affected Websites" has been "reached by Plaintiffs' investigator."

Yu Decl. ISO Admin Request, ¶ 3.  These allegations are immaterial to the date by which KinderStart should be required to file its SAC.  First, they are exceedingly vague (perhaps intentionally so).  Second, KinderStart has not identified any nexus between these allegations and the putative claims of the SAC (and Google can think of none).  Third, and most importantly, they betray a misunderstanding of the pleading rules applicable in federal cases.  Plaintiff was required to have conducted a good faith investigation before bringing suit.  *See* Fed. R. Civ. P. 11.  If the facts alleged are deemed insufficient to support a complaint, as here, the plaintiff should bolster the complaint with further facts in its possession that could support the claims asserted, not engage in a three month "due diligence" campaign to uncover new facts to support new claims.  *Cf.* June 30, 2006 Hearing Tr. at 12:3-11 (Doc. No. 40) ("the way litigation works is you can't just file a blanket lawsuit saying we think we're going to find some stuff and we want to take discovery.  You have to have a good faith basis for asserting the claim and you have to articulate what that claim is, and then if you find things in discovery that you didn't expect or you get more specificity than you had before, you can amend your complaint.").

KinderStart must live with the claims asserted in its FAC and the current procedural posture of this case.  The 29 day period to file the SAC under Google's proposal is more than reasonable under the circumstances, and is more than this Court has typically granted following successful motions to dismiss.  *See, e.g.,* Cal. Rule of Court 325(e) (plaintiffs are provided 10 days to file an amended complaint after a demurrer is sustained unless otherwise ordered); *Xerox Corp. v. Far Western Graphics, Inc*., Case No. 03-4059 JF, 2004 WL 2271587 (N.D. Cal. 2004) (permitting 20 days to file amended complaint after dismissal without prejudice); *Towantic Energy, L.L.C. v. General Elec. Co.*, Case No. 04-00446 JF, 2004 WL 1737254 (N.D. Cal. 2004) (same).

**Amendment of First Amendment Claim**

Google defers to the Court on KinderStart's request for clarification regarding whether it should be permitted to amend its First Amendment and Free Speech claims.  As Google explained in its earlier motion, Google does not believe that KinderStart can plead facts consistent with Rule 11 to state a First Amendment or Free Speech claim.

**Case Management Conference**

Google agrees that the Case Management Conference currently scheduled for September 29, 2006 should be continued. However, Google believes that a Case Management Conference should be *set* at the hearing on Google's Motion to Dismiss the SAC. Google does not believe that it would be productive to *hold* a Case Management Conference on that date because the pleadings will not be resolved at that time. Google believes that the parties should meet and confer related to case management once the operative claims, if any, have been pled.

### III.  CONCLUSION

Google respectfully requests that the Court enter its proposed schedule and order that a Case Management Conference be set at the hearing on its motion to dismiss the SAC.

Dated: August 7, 2006

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ David H. Kramer
　　　David H. Kramer

Attorneys for Defendant
Google Inc.