DAVID H. KRAMER, State Bar No. 168452
COLLEEN BAL, State Bar No. 167637
LISA A. DAVIS, State Bar No. 179854
BART E. VOLKMER, State Bar No. 223732
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
DKramer@wsgr.com

JONATHAN M. JACOBSON
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12 East 49th Street, 30th Floor
New York, NY 10017-8203
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
JJacobson@wsgr.com

Attorneys for Defendant
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: C 06-2057 JF (RS)<br><br>**DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**<br><br>Before: Hon. Jeremy Fogel<br>Date: October 27, 2006<br>Time: 9:00 a.m.<br>Courtroom: 3 |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 27, 2006 at 9:00 a.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 280 South First Street, Courtroom 3, 5th Floor, San Jose, California, 95113, in the courtroom of the Honorable Jeremy Fogel, defendant Google, Inc. ("Google") will and hereby does move the Court, pursuant to Federal Rules of Civil Procedure 8(a), 8(e) and 41(b) for an order dismissing the Second Amended Complaint ("SAC") in its entirety, or in the alternative, pursuant to Federal Rules of Civil Procedure 12(f) and 15(a) for an order striking from the SAC of plaintiff KinderStart LLC ("KinderStart") Count Three, for violation of the Lanham Act (SAC ¶¶ 237-247 and at 61 ¶¶ 4, 5).

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Volkmer Declaration, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

# POINTS AND AUTHORITIES

## INTRODUCTION AND FACTUAL BACKGROUND

On July 13, 2006, the Court granted Google's Motion to Dismiss KinderStart's First Amended Complaint ("FAC"). *See* July 13, 2006 Order Granting Defendant's Motion to Dismiss With Leave To Amend ("Dismissal Order"). In a detailed 23-page order, the Court set forth numerous deficiencies in the FAC and granted Kinderstart leave to amend all nine of its claims. On September 1, 2006, KinderStart filed its Second Amended Complaint ("SAC"). Instead of addressing the deficiencies noted by the Court and removing extraneous material, the SAC contains an entirely new claim (for violation of the Lanham Act) and is rife with new theories, unrelated and unsupported facts, and legal conclusions. Much of the new material is not only outside the scope of the dismissed FAC claims, but generally has nothing to do with KinderStart or its supposed injuries. The SAC is defective in at least the following ways: (1) it contains numerous allegations which are incomprehensible, including the confusing use of defined terms and cross-referencing; (2) many of the factual allegations in the SAC are irrelevant to the claims for relief asserted or any harm that KinderStart has allegedly suffered; and

(3) KinderStart misuses ellipses to manufacture bogus claims; and (4) it contains a new and unauthorized claim (Count 3).  For all these reasons, Google respectfully requests that the SAC be dismissed in its entirety for violating the pleading requirements of Rule 8 or, in the alternative, that the new Lanham Act claim be stricken under Rules 12(f) and 15(a) for exceeding the scope of the leave to amend that the Court granted.

## ARGUMENT

### I. THE SAC SHOULD BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO COMPLY WITH RULE 8.

Rule 8(a) provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.  8(a)(2).  Rule 8(e) further provides that "[e]ach averment of a pleading shall be simple, concise, and direct."  Rule 8 "underscore[s] the emphasis placed on clarity and brevity by the federal pleading rules."  5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 246 (3rd ed. 2004).  A complaint fails under Rule 8 where it is "argumentative, prolix, replete with redundancy, and largely irrelevant."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).   Rule 8 provides a basis for dismissal independent of Rule 12(b)(6).  *Id*. at 1179.

#### A.    The SAC Contains Numerous Structural Deficiencies

The SAC is structurally impenetrable.  Comprising 62 pages, containing 282 paragraphs of allegations, the SAC was seemingly drafted in order to obscure rather than illuminate KinderStart's claims.  Indeed, the operative complaint in this action has become longer and more convoluted with each amendment, as if length were a substitute for merit.  *See* Docket Nos.  1, 3, 47 (the original Complaint contained 25 pages and 116 paragraphs; the FAC contained 35 pages and 175 paragraphs; the SAC contained 62 pages and 282 paragraphs).

However, the problems with the SAC do not end with its length.  The SAC also contains numerous defined terms whose meanings are not readily apparent, including: PageRank Deflation, Web Content, Search Market, Search Ad Market, Relevant Markets, Public Information Sources, Web Recommendations, Blocking, Blockage, Landing Page Quality, Topical Queries, Speech Content, Google Copied Library, Library Lawsuit, Listing Parties,

Inferior Page Quality, Undisclosed Website Removal, and Solicitors. When these defined terms are combined with three putative main classes of plaintiffs and two putative sub-classes, the SAC is nearly impossible to parse. SAC ¶¶ 187-95.

Further, many of the allegations (apparently incorporated in daisy-chain fashion into each claim), are simply incoherent because of jargon, lists and incongruous adjectives. For example, KinderStart includes the following allegations:

- "The Engine, by virtue of its unprecedented and unmatched size, promised inclusiveness and objectivity, and functional mass to index, associate, transfer and link Speech Content of all Websites with and among users in the public domain, operates as and is a public forum for speech on the Internet." SAC ¶ 90.

- "On information and belief, when Websites of Class members are punished and penalized, Defendant Google will falsely communicate to owners and managers of such sites the reasons for such consequences and intentionally under false pretenses." SAC ¶ 168.

- "The inclusion of a site in OPD is a very strong, if not determinative, factor for Google to consider inclusion in its own Web index and ultimately gain visibility and user traffic on the Internet. If a new site and search engine itself is refused by OPD for inclusion, it must wait another full year to be re-considered for inclusion. This fact alone can delay any rapid entry by a new competitor into the Relevant Markets." SAC ¶ 52.

- "Google's practice and policy of unrestricted Speech Content through the Engine as stated in the above paragraphs create an unlimited expectation among millions of public users of the Engine that, unless there is a knowing or unknowingly operation of filters to restrict the Search Results, all forms of Speech Content are available for access and viewing in the public domain." SAC ¶ 88.

- "The wholesale linkage and endorsement by Public Information Sources, including U.S. public universities, to the Engine of Defendant Google has been effectuated and activated without sufficient disclosure by Google of the practice and propensity of censorship, Blockage and/or PageRank Deflation to occur in Search Results or Webpage views based on discriminatory political or religious content or vague and/or overbroad content guidelines known as Web Recommendations (as defined in paragraph 160 below)." SAC ¶ 99.

- "Defendant Google artificially manipulates and deflates PageRanks downward of Websites of Class III members based on events, factors, impressions and opinions having no correlation, relation or connection to the parameters, variables and factors that are naturally and normally utilized for the PageRank algorithm as managed and executed solely within the control and management of Defendant." SAC ¶ 272.

These allegations, and many others, simply make no sense. As Judge Easterbrook has explained, pleadings like KinderStart's SAC are incompatible with the dictates of Rule 8:

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim. [Plaintiff's] lawyer filed documents so long, so disorganized, so laden with cross-references and baffling acronyms, that they could not alert either the district judge or the defendants to the principal contested matters.

*United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (affirming dismissal). In addition to the notice function of Rule 8, adherence with the rule is critical because the complaint guides the scope of the case moving forward by setting the parameters for discovery, dispositive motion practice and trial preparation. *See, e.g., McHenry*, 84 F.3d at 1178-80. Here, Google would be at a loss to surmise the operative issues in this litigation and to develop a corresponding discovery plan and trial strategy should the SAC be permitted to stand. Additionally, when answering a complaint, a defendant must "admit or deny the averments upon which the adverse party relies." Fed. R. Civ. P. 8(b). No defendant should be called upon to file such a responsive pleading in the face of the rambling and impenetrable allegations present here.

### B. The SAC Contains Numerous Irrelevant Allegations

The SAC is also objectionable under Rule 8 because it contains numerous allegations entirely unrelated to KinderStart or its claims. For example, KinderStart:

- sets forth vague factual allegations with respect to unnamed third parties who have allegedly been harmed by Google in ways that are unrelated to any harm that KinderStart has allegedly suffered. KinderStart has apparently elected to summarize other lawsuits that have been filed against Google in its pleading. *See* SAC ¶¶ 58(d)(2), 60(g), 62(c)(1)-(4).

- purports to challenge statements made in Google's SEC filings without pleading that it read the statements, relied on them, has standing to seek redress based on them or that the statements have any nexus to the claims asserted. *See* SAC ¶¶ 59, 68, 121-125.

- makes repeated references to copyrights and copyright litigation while failing to assert that it owns any copyrights or that it asserts any copyrights in this action. *See* SAC ¶¶ 101-13.

- makes the reckless and sanctionable allegation that Google "blocks" websites based on political and religious reasons without alleging that its website was "blocked" for these reasons. *See* SAC ¶¶ 166-67.

- makes various allegations with respect to Google's AdWords program without making any allegation that it was an AdWords participant. *See* SAC ¶¶ 8-10, 38-39, 62(c)(2), 64, 209(h), 266(h).

- references "click fraud" allegedly occurring on Google's advertising network without alleging that it was a victim of such a practice. SAC ¶¶ 62(c), 189.

- opines about the Google News service, Google's technical infrastructure and its email program, Gmail, for reasons which are not entirely clear. *See* SAC ¶¶ 50, 53, 54, 56-57.

KinderStart's inclusion of these allegations amounts to nothing more than a misguided attempt to obscure its actual claims, in the hopes that mudslinging will allow it to survive a motion to dismiss. KinderStart certainly does not have Article III standing to assert claims on behalf of others as a general matter and cannot prosecute class action claims on behalf of a class to which it does not belong. *See Table Bluff Reservation v. Philip Morris, Inc.*, 256 F.3d 879 (9th Cir. 2001) (affirming dismissal where the named plaintiff alleged that members of the class were injured but failed to allege personal injury in fact). Its decision to include numerous irrelevant allegations violates Rule 8. *See Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1243 (N.D. Cal. 1998) (dismissing a complaint on Rule 8 grounds which required "a laborious deconstruction and reconstruction of a great web of scattered, vague, redundant, and often irrelevant allegations").

**C.    The SAC Contains A Misleading And Improper Use of Ellipses**

Most gallingly, KinderStart employs a tactic that has been specifically condemned by the Ninth Circuit on Rule 8 grounds: it uses ellipses to distort Google's statements. In the SAC, KinderStart repeatedly attributes the following quote to Google: "When we remove search results, . . . we display a notice on our search results." SAC ¶¶ 60(c), 89, 147. The entire quote in question actually reads as follows: "It is Google's policy not to censor search results. However, in response to local laws, regulations, or policies, we may do so. When we remove search results ***for these reasons***, we display a notice on our search results pages." Volkmer Decl., Ex. A (emphasis added). Thus, through its use of ellipses, KinderStart has fundamentally altered the nature of the statement it purports to quote.

Ellipses are appropriate where "[t]he omission of a word or phrase [is] necessary for a complete syntactical construction but not necessary for understanding." American Heritage

Dictionary (4th ed. 2000). KinderStart's use of ellipses is plainly improper. Google nowhere states that it will always provide notice whenever it removes a website from its search results for any reason. And KinderStart does not allege that its website was removed from the Google index "in response to local laws, regulations, or policies." Accordingly, the statement KinderStart repeatedly quotes (and distorts) has absolutely no bearing on the present case. KinderStart, however, believes that by using ellipses to fabricate statements it attributes to Google, it might be able to state a claim. The Ninth Circuit has rejected this practice outright on Rule 8 grounds. *In re Syntex Corp. Secs. Litig.*, 95 F.3d 922, 932 n.9 (9th Cir. 1996) (a pleading that, among other things, omitted pertinent parts of challenged statements was an "affront" to Rule 8's short and plain statement requirement); *U.S. v. Johnson*, 187 F.3d 1129, 1132 n.3 (9th Cir. 1999) ("Use of ellipses to excise relevant and decisive sections of the statute in a way that benefits the government's case is looked upon with great disfavor.").

For the reasons noted above, which are merely representative of the Rule 8 problems in the SAC, the pleading should be dismissed. As was the case in *McHenry*, the "very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." 84 F.3d at 1178. The result should be no different here. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal under Rule 8 where complaint was "confusing and conclusory").

**II.    THE NEW, UNAUTHORIZED MATERIAL SHOULD BE STRICKEN AS EXCEEDING THE SCOPE OF THE PERMITTED AMENDMENTS.**

**A.    The Scope of the Court's Leave to Amend Was Limited.**

Rule 15 of the Federal Rules of Civil Procedure requires a plaintiff to obtain leave of court in order to file an amended complaint where that plaintiff has previously amended its complaint. Fed. R. Civ. P. 15. The decision to grant leave rests in the discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).[1] Here, the Court exercised this discretion by

---

[1] The Court enjoys considerable discretion to deny amendment, especially where the proposed amendment fails to cure the deficiencies in the original pleading or could not survive a subsequent motion to dismiss. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Perkins v. Silverstein*,
(continued...)

"dismiss[ing] all of Kinderstart's claims with leave to amend." *See* August 11, 2006 Administrative and Clarification Order at 2 ("Clarification Order"). Both the Dismissal Order and the Clarification Order indicate that the scope of that leave to amend was limited to the *claims* that had been dismissed and the allegations related to those claims. *Id.*; *see also* Dismissal Order at 12, 15, 16, 18, 20, 22 (dismissing and granting leave to amend claims and portions of claims individually).

### B. Plaintiff Was Not Granted Leave to Add Additional Causes of Action.

The Court's July 13, 2006 Dismissal Order dismissed the claims set forth in the FAC one by one, and granted leave to amend on a claim-by-claim basis. *See* Dismissal Order at 12, 15, 16, 18, 20, 22. Recognizing this, KinderStart requested "clarification as to whether the Dismissal Order dismissed its first *claim* with or without leave to amend." Clarification Order at 2. The Court responded: "The Court hereby clarifies that the Order dismissed all of KinderStart's claims with leave to amend." *Id.* There is no suggestion, however, in either Order that the leave to amend that the Court granted included an open-ended invitation to assert new claims. Nonetheless, KinderStart added to the SAC an entirely new claim for violation of the Lanham Act as Count Three, and requested separate relief in connection with that claim. SAC ¶¶ 237-247 and at 61 ¶¶ 4, 5.

Where a plaintiff fails to comply with Rule 15(a) by exceeding the scope of the permission to amend, federal courts have the discretion to, and should, strike the improperly added material. *Hoover v. Blue Cross of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) ("if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, *it is without legal effect and any new matter it contains will not be considered*"). Here, KinderStart neither sought nor received leave to add an additional cause of action. Accordingly, the Court should strike Count Three of the SAC (¶¶ 237-247 and at 61 ¶¶ 4, 5). *See Kuntz v. N.Y. State Bd. of Elections*, 924 F. Supp. 364, 367 (N.D.N.Y. 1996)

---

(...continued from previous page)
939 F.2d 463, 471 (7th Cir. 1991); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991).

1  (dismissing claims that "exceed the mandated scope of the Court's leave to amend"); *see also*

2  *Click Corp. of Am. v. Redco Foods, Inc.*, 424 F. Supp. 2d 753, 764 (D.N.J. 2006) (dismissing

3  cause of action on the grounds that its inclusion in amended complaint went beyond the

4  constraints of the leave to amend).

## CONCLUSION

For the reasons set forth herein, Defendant Google respectfully requests that the Court dismiss the SAC in its entirety, or in the alternative, strike the Third Count (¶¶ 237-247 and at 61 ¶¶ 4, 5).

Dated:  September 22, 2006

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ David H. Kramer
       David H. Kramer

Attorneys for Defendant Google Inc.