1  DAVID H. KRAMER, State Bar No. 168452
   COLLEEN BAL, State Bar No. 167637
2  LISA A. DAVIS, State Bar No. 179854
   BART E. VOLKMER, State Bar No. 223732
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
5  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
6  Facsimile: (650) 565-5100
7  DKramer@wsgr.com

8  JONATHAN M. JACOBSON
   WILSON SONSINI GOODRICH & ROSATI
9  Professional Corporation
   12 East 49th Street, 30th Floor
10 New York, NY 10017-8203
   Telephone: (212) 999-5800
11 Facsimile: (212) 999-5899
12 JJacobson@wsgr.com

13 Attorneys for Defendant
   Google Inc.

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16

SAN JOSE DIVISION

17

18 | KINDERSTART.COM, LLC, a California ) CASE NO.: C 06-2057 JF (RS)
   | limited liability company, on behalf of itself and )
19 | all others similarly situated, ) **DEFENDANT GOOGLE INC.'S**
   |                                  ) **REQUEST FOR JUDICIAL NOTICE**
20 |           Plaintiffs, )
   |                                  ) Before      Hon. Jeremy Fogel
21 |                                  ) Date:       October 27, 2006
   |    v.                            ) Time:       9:00 a.m.
22 |                                  ) Courtroom:  3
   | GOOGLE INC., a Delaware corporation, )
23 |                                  )
   |           Defendant. )
24 |                                  )
   |                                  )
25 |                                  )
   |                                  )
26 |_____)

27

28

GOOGLE'S REQUEST FOR
JUDICIAL NOTICE
CASE NO. C 06-2057 JF (RS)

**INTRODUCTION**

Defendant Google respectfully requests that the Court take judicial notice of the materials attached to the accompanying Declaration of Bart E. Volkmer in Support of Defendants' Motion to Dismiss the Second Amended Complaint ("Volkmer Declaration") and Declaration of Matt Cutts in Support of Google's Special Motion to Strike ("Cutts Declaration"), including certain pages from Defendant Google's website. All are in the public domain and some are expressly identified and discussed in the Second Amended Complaint ("SAC"). Judicial notice of these materials is appropriate under the law in this Circuit.

**ARGUMENT**

**I.  THIS COURT MAY TAKE JUDICIAL NOTICE OF WEBSITES**

Federal Rules of Evidence Rule 201 states that court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This court has stated that "as a general matter, websites and their contents may be proper subjects for judicial notice" provided that the party provides the court with a copy of the relevant web page. *Caldwell v. Caldwell*, No. C05-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006). A true and correct copy of the materials are attached to the Volkmer and Cutts declarations.

Other courts in this Circuit and elsewhere have concluded that websites are appropriate subjects for judicial notice. For example, in *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956 (C.D. Cal. 2005), the court took judicial of several pages posted on Amazon.com and the American Academy of Allergy Asthma & Immunology website. *Id*. at 965; *see also Wang v. Pataki*, 396 F. Supp. 2d 446, 458 (S.D.N.Y. 2005) (court may take judicial notice of internet material); *In re Vertex Pharms., Inc., Sec. Lit.*, 357 F. Supp. 2d 343, 352 n.4 (D. Mass. 2005); *Gentry v. eBay, Inc.*, 121 Cal. Rptr. 2d 703, 709 (2002) (affirming demurrer in which trial court took judicial notice of defendant's website); *see also Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 (C.D. Cal. 2001) (taking judicial notice of eBay's website to determine the nature of its business); *Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal.

2005) ("[A]s is evident from AtomicPark's website (of which the Court takes judicial notice, see Fed. R. Evid. 201), consumers may contact AtomicPark for information and real-time assistance via the Internet or a toll-free number."); *Frances Kenny Family Trust v. World Sav. Bank FSB*, No. C04-0372, 2005 WL 106792, at *1 (N.D. Cal. Jan. 19, 2005) (finding content on plaintiffs' website to be proper matter for judicial notice); *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 405 F. Supp. 2d 680, 684 (E.D. Va. 2005) (taking judicial notice that "visitors to the website www.classicgreetings.com are also offered 'free classic greetings and poetry cards.'"); *Vlahos v. Schroeffel*, No. 02-CV-0139, 2006 WL 544444, at *5 (E.D.N.Y. Mar. 6, 2006) (taking judicial notice of program description posted on hospital website); *Autism Soc. of Mich. v. Fuller*, No. 05-CV-73, 2006 WL 1519966, at *2 (W.D. Mich. May 26, 2006) (taking judicial notice of definition of autism as set forth at http://www.autism-society.org).  The contents of these pages are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

## II. THIS COURT MAY TAKE JUDICIAL NOTICE OF DOCUMENTS THAT ARE EXPLICITLY REFERENCED IN THE COMPLAINT OR INTEGRAL TO PLAINTIFF'S CLAIMS

Under the "incorporation by reference" doctrine, documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *accord Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superceded on other grounds*, *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). The "incorporation by reference" doctrine extends to such documents in order to prevent "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino*, 146 F.3d at 706; *see also Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) ("[D]ocuments crucial to the

plaintiff's claims but not explicitly incorporated in a complaint can be noticed in order to prevent a plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.").

Plaintiff repeatedly refers to, but did not attach to the SAC, portions of defendant Google's website. *See, e.g.,* SAC ¶¶ 3, 34, 61, 67, 73, 77, 78, 83-92, 116-120, 140, 147, 151, 153, 160. Because these documents are extensively referred to in the SAC, and form the basis of plaintiff's claim, they are proper subjects for judicial notice. Defendants therefore request that the Court take judicial notice of the documents attached to the Volkmer Declaration.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court take judicial notice of the documents attached to the Volkmer and Cutts Declarations.

Dated: September 22, 2006

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Bart Volkmer
       Bart Volkmer

Attorneys for Defendant Google Inc.