1  Gregory J. Yu (State Bar No. 133955)
   GLOBAL LAW GROUP
2  2015 Pioneer Court, Suite P-1
   San Mateo, CA   94403
3  Telephone: (650) 570-4140
   Facsimile:  (650) 570-4142
4  E-mail:  glgroup [at] inreach [dot] com

5  Attorney for Plaintiffs and Proposed Class and Subclasses

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

| KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 06-2057 JF<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS/STRIKE SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Jeremy Fogel<br>Date:   October 27, 2006<br>Time:   9:00 a.m.<br>Courtoom: 5th Floor, Room 3 |
|---|---|

## INTRODUCTION

Defendant Google Inc. ("Google") brings a trio of simultaneous motions to obfuscate the real procedural dispute between the parties before the court at this time. The Seconded Amended Class Action Complaint ("SAC") was filed by Plaintiffs pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 15(a).[1]  The task is to assess whether the SAC properly and fully states facts to support the six discrete causes of action.  Google's intent and actions seem to simplify this class action to a single dispute of the website of KinderStart.com LLC ("KinderStart") against the world's dominant search engine.  As a putative class action by three

---

[1] The Court's July 13, 2006 order ("July 13 Order") dismissed the First Amended Complaint ("FAC") "with leave to amend."  July 13 Order at 13.

OPPOSITION TO DEFENDANT'S MOTION TO                           Case No. C 06-2057 JF
DISMISS/STRIKE SECOND AMENDED COMPLAINT

- 1 -

classes and two California subclasses, the SAC required detailed notice of the action.

## ARGUMENT

### I. THE SAC SHOULD NOT BE SUBJECT TO DISMISSAL UNDER RULE 8

Google's objections under Rule 8 can be distilled down to three points – length, relevance and use of ellipses in a single sentence taken from Google's own website.

**Length.**  The motion claims the SAC contains conclusory statements that certain allegations are unintelligible.[2]  Google takes exception to allegations that at worst have a string of words to explain the possible means or motives for Google's actions against Websites. Nonetheless, the court may and should discern whether Google simply cannot understand the meaning or it is unwilling to address the allegation squarely.

As far as length of the SAC, the causes of action each involve the pleading of multiple, often complex, elements for liability.  KinderStart's intention to seek class certification means that Google and the court must have the precise bases for class action treatment under Fed.R.Civ.P. 23(a).  Plaintiffs believe that the length and included detail are clearly justified, but Google prefers to simply count paragraphs and pages.

Six separate causes of action are set forth in the SAC, four of which stem from Federal law, including the Constitution.  Of particular note, Counts One and Two relate to the Sherman Act.  These required the following: (1) description of the relevant markets and market shares, (2) identification of the barriers to entry, and (3) seven separate species of anticompetitive conduct of defendant.  *SAC*  ¶¶ 33-64, pp. 7-19.  Anticompetitive conduct requires specific details so that Google may be fairly put on notice of the alleged composite anticompetitive effect on competition.  This, of course, needs to be balanced by the restriction against a heightened pleading standard for antitrust actions.  *Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 108-09 (2nd Cir. 2005).  Plaintiffs' Count Four claim First Amendment and California free speech violations by Google.  Supreme Court and Ninth Circuit precedent requires of plaintiffs detailed

---

[2] Google recites six paragraphs from the SAC that it claims are unintelligible.  This is its opinion, but Plaintiffs believe their meaning is apparent.  However, rather than challenge and defend the language of each challenged allegation, Plaintiffs defer to the Court to make its own assessment of intelligibility.

OPPOSITION TO DEFENDANT'S MOTION TO                                   Case No. C 06-2057 JF
DISMISS/STRIKE SECOND AMENDED COMPLAINT
- 2 -

allegations of entwinement, influence and control between the state actor and a government body. Since that relationship between Google and universities and libraries is deep and pervasive, the complaint required extensive detail for both the court and for Google to consider. *SAC* ¶¶ 83-115, pp. 22-30. This avoids the problem that a plaintiff could face with conclusory allegations of state action. Google responded in its concurrent Rule 12(b)(6) motion ("MTD") with a single page to discount the impact and importance of Google to the financial and risk facing the universities and the libraries. *MTD* at 20. Next, as to the third federal cause of action, Lanham Act, the specific representations and their allege breach by Google was required as a foundation for both the false representations as anticompetitive conduct in and of itself and false advertising under the law. *SAC* ¶¶ 116-39. Defendant's practices as to PageRank and Blockage and the reasons therefor are complex and convoluted on their own. These required notice and detail for Google to account for these varied representations as well the extent to which any of them were misleading and/or were breached by Google. Finally, many of the causes of action in the SAC turn on the motive, intent, justification or lack of justification of actions by Google.

More importantly, Google's motion ignores that this is a putative class action. The leading commentators on federal procedure state:

> Thus, actions of this type [class action or a shareholder or derivative suit] must comply with the usual requirements [of Rule 8] for a complaint. In reality, of course, the very complexity of these cases obliges the pleader to plead in great detail.

Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1231 (2004). If Plaintiffs simply abided by Google's wishes for a shorter complaint, Plaintiffs would be otherwise forced to make omit important details to provide defendant sufficient notice to admit or deny the allegation. Furthermore, omission could lead to inappropriate legal conclusions. This was precisely the problem faced by class action plaintiffs in *In re Rezulin Prods. Liability Litigation*, 2002 WL 31852826 (D.C.N.Y. 2002). While class certification has not yet been addressed by the court or the parties here, the Second Amended Complaint must fully comply with the rigor of Rule 23 for federal class actions. Accordingly, Plaintiffs spent 30 paragraphs to speak about the basis for KinderStart's representation of the class, outline the class allegations, and describe specifically

OPPOSITION TO DEFENDANT'S MOTION TO                                                Case No. C 06-2057 JF
DISMISS/STRIKE SECOND AMENDED COMPLAINT

- 3 -

1  the three putative classes and two putative California subclasses.

2  Rules 12(b)(6) and Rule 8(a) are consistent in their requirement and the causes of action
3  pled by Plaintiffs do not require greater particularity under the Federal Rules of Civil Procedure.
4  But Google's use of both rules here are inconsistent.  It objects to the lack of details in numerous
5  instances in the MTD but wants the court to dismiss the complaint primarily because of its
6  length.  Even if length were the only factor, federal circuits including the Ninth Circuit have
7  approved dismissal for complaints far longer than the instant 282-paragraph, 63-page class
8  action complaint, filed without any exhibits or attachments whatsoever.  *See Carrigan v. Calif.*
9  *State Legislature*, 263 F.2d 560, 566-67 (9th Cir.), *cert. denied*, 359 U.S. 980, 79 S. Ct. 901, 3 L.
10 Ed. 2d 929 (1959) (complaint contained 150 pages); *In re Westinghouse Securities Litigation*, 90
11 F.3d 696, 702-03 (3d Cir. 1996) (600 paragraphs spanning  240  pages); *Kuehl v. FDIC*, 8 F.3d
12 905, 908-09 (1st Cir. 1993) (358 paragraphs in 43 pages); *Michaelis v. Nebraska State Bar*
13 *Association*, 717 F.2d 437, 439 (8th Cir. 1983) (144 paragraphs in 98 pages); *United States v.*
14 *Lockheed-Martin Corp.*, 328 F.3d 374, 378-79  (7th Cir. 2003) (400 paragraphs covering 155
15 pages, and followed by 99 attachments).  Within the Ninth Circuit, in view of the complexity of
16 a federal class action with six causes of action alleged in the SAC, Plaintiffs do not believe that
17 Rule 8(a) has been violated.

18 Even if a violation of the Rule has occurred, complete dismissal with prejudice seems
19 inappropriate simply due the length of the SAC.  However, the Ninth Circuit has opined:  "Such
20 [dismissal] orders are not favored . . ., but when they are made, ample opportunity for
21 amendment should be provided in all except the most unusual cases.  *See* III Moore's Federal
22 Practice para. 15.10."  *Bertucelli v. Carreras*, 467 F.2d 214, 215 (9th Cir. 1972).

23 **Claimed Irrelevance and Immateriality.**

24 Irrelevance arises under Rule 12(f) if "it is clear that the matter to be stricken could have
25 no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins.*
26 *Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Allegations in the complaint may be immaterial if
27 they have no bearing on the controversy, which seems to be a rigid standard for both Google and
28 the court to rely upon. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on*

*other grounds*, 510 U.S. 517, 534-35 (1994).

While Google objects to the relevance or importance of several paragraphs to the case, the majority of them relate to either the alleged relevant markets or anticompetitive conduct under the Sherman Act. *SAC* ¶¶ 50, 53, 54, 56-57, 58(d)(2), 59, 60(g), 62(c). The nature of the market and the genres of conduct by Google required detail, explanation and background. Even as argued in Plaintiffs' opposition to the MTD, the harm focuses on competition and not just competitors. These allegations identified and described harm to the market as a whole and its participants.[3] As to false representations before the SEC, this is not a securities fraud action necessitating the pleading of required elements. Instead, specific precedent allows Plaintiffs to identify misleading representations to adjudicatory bodies as further evidence of anticompetitive conduct. Google also questions the purpose of alleging details of copyright litigation. This is relevant because they further buttress Plaintiffs' argument of entwinement based upon Google's critical indemnification of university libraries for massive copyright infringement liability. *SAC* ¶¶ 101-13. Finally, the allegations concerning blockage focus on the various reasons and methods used by Google that violate of First Amendment rights of Class III Plaintiffs and California Subclass I Plaintiffs.

**Use of Ellipses.**

Google identified a paragraph in the SAC referring to its policies on censorship, Website removal and disclosure. *SAC* ¶ 146. It decries the omission of wording from a statement within its policies on censorship and Website treatment. Plaintiffs believe that users interpret this guarantee of disclosure broadly in the context of the myriad policies, guidelines and reasons that lead to Website removal by Google. Even the inclusion of local "policies" as grounds for site removal is not defined by Google. Indeed, it serves as the sole author and sole enforcer for removal in the first place.[4] When Google formulates detailed webmaster guidelines for a given

---

[3] It is incorrect to say the only allegations acceptable here are ones where the class representative has experienced the very same injury as that from each specific type of anticompetitive conduct. Here, the antitrust plaintiff "must allege and provide harm, not just to a single competitor but to the competitive process, i.e. competition itself." *NYNEX Corp. v. Discon Inc.*, 525 U.S. 129, 134, 119 S. Ct. 493, 142 L. Ed. 2d 510 (1998).
[4] The section of the Web Search Help Center appearing in the *SAC* ¶ 146 drew the attention of

OPPOSITION TO DEFENDANT'S MOTION TO                                    Case No. C 06-2057 JF
DISMISS/STRIKE SECOND AMENDED COMPLAINT

1  market, those are local policies in and of themselves.  Google's policies are Webmaster

2  guidelines that are completely open-ended for interpretation and application by Google *itself*.

3  *See Declaration of Randall McCarley*, attached as <u>Exhibit 1</u> hereto, ¶ 4.  It would appear that

4  Google inserted this policy on censorship, site removal and disclosure to instill greater

5  confidence and transparency in its search results for the benefit of the user.

6        The fundamental flaws are both in the underlying Website guidelines are that they

7  effectively offer some signal of removal and censorship for the benefit of the search user.

8  However, the incidence and cause for removal is totally left for Google to fashion.  On another

9  page of its Website, Google warns:  "We won't comment on the individual reasons a page was

10 removed, and **we don't offer an exhaustive list of practices that can cause removal.**"  *SAC* ¶

11 154 (emphasis added).  When all these allegations are taken together, users can mistakenly

12 believe a promise that they will receive objective results and view everything in a world where

13 Google indexes everything it finds.  When Website removal fails to be fully disclosed, Google

14 further elevates its message of objectivity behind its search engine.  For this reason, the reader

15 and user faces deserves better in reality, but may well be confused and even misled.  In light of

16 this, it constituted one of several misleading statements forming the basis for Plaintiffs' Lanham

17 Act claim.  Given Google's amorphous wording on censorship and its limitless range of reasons

18 for page removal, the user and webmaster should arguably expect full disclosure of Website

19 removal.

20    **II.   <u>THE LANHAM ACT CLAIM UNDER RULE 15(A) SHOULD BE ALLOWED.</u>**

21       Google complains of Plaintiffs' addition of Count Three, the Lanham Act, 15 U.S.C. §

22 1125(a) in the SAC.  The basis for this count relates to the alleged false advertising of

---

24 Google such that it produced a further Declaration of Matt Cutts attaching the entire answer to
the question, "Does Google censor search results?" from Google's website as of September 28,
25 2006.  In a review of the same page from the website as of October 13, 2006, the answer
furnished on this page actually omits a sentence that appeared in the September 28, 2006 version
26 provided by Mr. Cutts. That sentence now omitted by Google and no longer appearing is:
"***Please note:  For some older [search results] removals (before March 2005), we may not
27 show a notice at this time***."  This change in just over two weeks in Google's stated results
removal policies as displayed is indicative of perhaps some of the confusion wrought by
28 Google's past stated policies an actual practices that affect users and websites..

OPPOSITION TO DEFENDANT'S MOTION TO                                      Case No. C 06-2057 JF
DISMISS/STRIKE SECOND AMENDED COMPLAINT

1  guaranteed objectivity of search results and PageRanks.  *SAC* ¶¶ 238-42.  The disclosure of

2  Website removal from results was an additional representation that is alleged to mislead users.

3  *SAC* ¶ 243.  Google insists on a separate leave to amend to add a new cause of action under the

4  SAC, when leave under Rule 15(a) to file the SAC was already granted in the first place.  This

5  concept appears to defeat the very purpose behind a leave to amend granted under Rule 15(a).  It

6  is undisputed that the SAC was filed under Rule 15(a).

7  The argument of Google is inconsistent with the policy of liberality behind Rule 15.  As

8  stated by the leading commentators on federal procedure, "No longer is a party to be irrevocably

9  bound to the legal theory or factual theory in his first pleading."  Wright, Miller & Kane, Federal

10 Practice and Procedure:  Civil 2d § 1472 (1990).  The Ninth Circuit has held:  "This liberality in

11 granting leave to amend is not dependent on whether the amendment will add causes of action or

12 parties. It is, however, subject to the qualification that amendment of the complaint does not

13 cause the opposing party undue prejudice [citation omitted]."  *DCD Programs, Ltd. v. Leighton*,

14 833 F.2d 183, 186 (9th Cir. 1987).

15 The only apparent prejudice against Google is if new facts are alleged that yield a new

16 claim, KinderStart could not relate the SAC back to the date of the filing of the FAC on April

17 12, 2006 for statute of limitation purposes.  The motion fails to raises any prejudice experienced

18 by Google from the Lanham Act claim.  However, even if it did, there is none. "A Rule 15(a)

19 amendment that asserts a new claim arising out of the conduct, transaction or occurrence" set

20 forth in the original pleading will fall under Rule 15(c) and relate back to the date of the original

21 pleading.  *Wright, Miller & Kane*, § 1474.   Since the Lanham Act has no such statute, the Ninth

22 Circuit requires that the time bar be based on the statute of limitations related state causes of

23 action in the state where the trial court sits.  *Jarrow Formulas, Inc. v. Nutrition Now, Inc*., 304

24 F.3d 829, 836 (9th Cir. 2002).

25 Plaintiffs allege in the SAC that the Lanham Act violations arose from

26 misrepresentations concerning search results and PageRank objectivity and PageRank Deflation

27

28

OPPOSITION TO DEFENDANT'S MOTION TO                                           Case No. C 06-2057 JF
DISMISS/STRIKE SECOND AMENDED COMPLAINT

1  (as defined in the SAC ¶ 12).[5] These facts were already fully alleged in the original complaint as

2  filed on March 17, 2006. *Complaint*, ¶¶ 22-24. In that these events are alleged to have occurred

3  in late March 2005, the relation back of the Lanham Act claim would mean that it is within the

4  one-year time bar for California libel and slander (California Code of Civil Procedure § 340(c))

5  and four–year time period for California's Unfair Competition Law  (California Business and

6  Professions Code ("B&PC") § 17208)).  Furthermore, the time between the FAC and SAC was

7  five months, which would not seem to unfairly burden or prejudice defendant.

8      Overall, the July 13 Order allowed Plaintiffs leave to amend all counts that appeared in

9  the FAC, and was not precluded from a new count based on the same facts. Plaintiffs withdrew

10  four of the original nine counts, and added a single federal claim under the Lanham Act, which is

11  related to the false advertising prong under B&PC § 17200, discussed in the concurrently filed

12  Opposition to the MTD.  Therefore, it should be considered and not stricken under Rule 8(a).

### CONCLUSION

14      Based on the foregoing arguments of Plaintiffs and the entire file herein, Plaintiff urges

15  that Google's motion to dismiss and/or strike under Rule 8(a), 8(e) and 41(b) and Rule 12(f) be

16  denied in its entirety, and that, if defendant's other concurrent motions are denied, that Google

17  be ordered to proceed to answer SAC . To the extent that the Court finds any pleading defects to

18  warrant dismissal of any count within the SAC, Plaintiffs respectfully request that the Court in

19  view of liberal pleading practices in Federal court allow a suitable third amendment to the

20  complaint to be promptly filed and served pursuant to Rule 15(a).

21  Dated: October 13, 2006         GLOBAL LAW GROUP

22                                         By:        /s/ Gregory J. Yu
23                                            Gregory J. Yu, Esq.
                                        Attorney for Plaintiff KinderStart.com LLC and
24                                              for the proposed Class and Subclasses

---

[5] The only new facts in the SAC supporting the Lanham Act claim relate to the alleged non-disclosure of Website removal (*SAC* ¶¶ 136, 243).

OPPOSITION TO DEFENDANT'S MOTION TO                          Case No. C 06-2057 JF
DISMISS/STRIKE SECOND AMENDED COMPLAINT