1  Gregory J. Yu (State Bar No. 133955)
   GLOBAL LAW GROUP
2  2015 Pioneer Court, Suite P-1
   San Mateo, CA   94403
3  Telephone: (650) 570-4140
   Facsimile:  (650) 570-4142
4  E-mail:  glgroup [at] inreach [dot] com

5  Attorney for Plaintiffs and Proposed Class and Subclasses

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10                                    SAN JOSE DIVISION

11 | KINDERSTART.COM LLC, a California | Case No. C 06-2057 JF
   | limited liability company, on behalf of itself and |
12 | all others similarly situated, | **PLAINTIFF'S ADMINISTRATIVE REQUEST UNDER LOCAL RULE 7-11 REGARDING FILING OF OPPOSITION AND REPLY FOR DEFENDANT'S SPECIAL MOTION TO STRIKE UNDER CCP § 425.16 AND MOTION TO STRIKE UNDER FED.R.CIV.P. 8**
13 | Plaintiffs, |
14 | v. |
15 | GOOGLE, INC., a Delaware corporation, |
16 | Defendant. |

17

18 **PROCEDURAL BACKGROUND**

19      On August 11, 2006, the Court issued an order for briefing in connection with the filing

20 of a subsequent amendment to the First Amended Complaint. For convenience, the ordered

21 schedule, in relevant part, is reproduced below:

22          September 1, 2006     Deadline for filing SAC

23          September 22, 2006    Deadline for filing motion (s) responsive to the SAC

24          October 13, 2006      Deadline for filing opposition

25          October 20, 2006      Deadline for filing reply

26      Plaintiff KinderStart.com LLC ("KinderStart") timely filed its Second Amended

27 Complaint on September 1, 2006. Defendant Google, Inc. ("Google") timely filed its responsive

28 motions, which included (1) a motion to dismiss under Federal Rule of Civil Procedure ("Rule")

PLAINTIFFS' REQUEST UNDER L.R. 7-11
TO ALLOW PLAINTIFFS' OPPOSITIONS AS FILED
                                              -1-                        Case No. C 06-2057 JF

1  12(b) (the "12(b) Motion"), (2) a motion to strike under California Code of Civil Procedure §
2  425.16 (the "anti-SLAPP Motion"), and (3) a motion to dismiss/strike under Rule 8(a), 8(e),
3  41(b), 12(f) and 15(a)  (the "Rule 8 Motion"), all on September 22, 2006.
4      On October 13, 2006, KinderStart timely filed its opposition to the 12(b) Motion before
5  midnight that day and was assigned a filing date of October 13, 2006.  However, due to a word
6  processing problem in the office of Plaintiffs' counsel, its oppositions to the anti-SLAPP Motion
7  and the Rule 8 Motion were not received and registered by ECF until 12:03 a.m. and 12:05 a.m.
8  on October 14, 2006, respectively.  This was up to five minutes past the Court's deadline.  The
9  software problem within the operations of Plaintiffs' counsel is confirmed by its outside
10 software consultant.  See *Declaration of Linda Pomerantz*, attached hereto as Exhibit 1.
11 **ADMINISTRATIVE REQUEST FOR CONSIDERATION OF OPPOSITIONS.**
12     Plaintiffs understand the need to fully comply with deadlines imposed by the Court.
13 While the Court has no standing order to about the consequences of an untimely opposition,
14 other federal judges may deem this as a consent to the motion.  *See e.g., Braun v. Morton, et al.*,
15 2006 U.S. Dist. LEXIS 5912 (N.D. Cal. Feb. 1, 2006, J. Jenkins) ("An opposing party's failure to
16 file a memorandum of points and authorities in opposition to any motion shall constitute consent
17 to the granting of said motion." Standing Order of Hon. Martin Jenkins, p 2).  However, under
18 Rule 6(b), the Court "for cause shown may at any time in its discretion . . . (1) [omitted] or (2)
19 upon motion made after the expiration of the specified period permit the act to be done where the
20 failure to act was the result of excusable neglect."  For the Supreme Court, the legal standard for
21 excusable neglect is a four-part test that takes "account of all relevant circumstances surrounding
22 the party's omission.  These include . . . the danger of prejudice to the [other party], the length of
23 the delay and its potential impact on judicial proceedings, the reason for the delay, including
24 whether it was within the reasonable control of the movant, and whether the movant acted in
25 good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 123 L.
26 Ed. 2d 74, 113 S. Ct. 1489 (1993).  Plaintiff believes that these conditions are satisfied in this
27 instance in light of the brevity of the tardiness and the fact that counsel's software had some
28 unexpected problems.

In this case, to address the issue of the untimely oppositions to the anti-SLAPP Motion and Rule 8 Motion, on October 16, 2006, Plaintiffs counsel telephoned Defendant's counsel and informed them of the delay of the Plaintiffs' two filings, slightly past midnight on Friday, October 16, 2006. Plaintiffs offered Defendant, subject to the Court's approval, a period of up to an additional 24 hours to file their replies to these two motions. Under the circumstances, Defendant's counsel indicated at this time that it would not contest the untimely filing of the two oppositions. Further, if the court were to permit and consider Plaintiffs' untimely oppositions to the two motions in question as filed,[1] Defendant's counsel expressed that Defendant would not oppose (but did not request) a grant of up to an additional 24 hours for its replies to the two oppositions in question.

**CONCLUSION**

In light of the above, the accompanying declaration and the documents and pleadings on file herein, KinderStart respectfully requests the Court to consider and permit the filing of its oppositions to the anti-SLAPP Motion and the Rule 8 Motion. Further, in its discretion, the Court may consider extending Defendant's replies to these oppositions to the two motions be extended for up to an additional calendar day ending 12:00 a.m. on Saturday, October 21, 2006.

Dated: October 17, 2006                    GLOBAL LAW GROUP


By:    /s/ Gregory J. Yu
       Gregory J. Yu, Esq.
       Attorney for Plaintiff KinderStart.com LLC and
       for the proposed Class and Subclasses

---

[1] The Court has allowed the extensions for oppositions to be granted under circumstances as agreed to by the parties. *See e.g. Ling Feng v. Frontier Communications Corporation,* 2001 U.S. Dist. LEXIS 16582, (N.D. Cal. 2001) (J. Fogel), at 6-7 (plaintiff's opposition deadline, with defendant's consent, was extended by the Court seven extra days).

PLAINTIFFS' REQUEST UNDER L.R. 7-11
TO ALLOW PLAINTIFFS' OPPOSITIONS AS FILED
                                                    -3-                              Case No. C 06-2057 JF