1  DAVID H. KRAMER, State Bar No. 168452
   COLLEEN BAL, State Bar No. 167637
2  LISA A. DAVIS, State Bar No. 179854
   BART E. VOLKMER, State Bar No. 223732
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
6  DKramer@wsgr.com

7  JONATHAN M. JACOBSON
   WILSON SONSINI GOODRICH & ROSATI
8  Professional Corporation
   12 East 49th Street, 30th Floor
9  New York, NY 10017-8203
   Telephone: (212) 999-5800
10 Facsimile: (212) 999-5899
   JJacobson@wsgr.com

11
   Attorneys for Defendant
12 Google Inc.

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                         SAN JOSE DIVISION

17

18 KINDERSTART.COM, LLC, a California        )  CASE NO.: C 06-2057 JF (RS)
   limited liability company, on behalf of itself )
19 and all others similarly situated,          )  **DEFENDANT GOOGLE INC.'S
                                                )  NOTICE OF MOTION AND MOTION
20            Plaintiffs,                        )  FOR SANCTIONS AGAINST
                                                )  KINDERSTART.COM AND GREGORY
21       v.                                      )  J. YU PURSUANT TO FED. R. CIV. P.
                                                )  RULE 11**
22 GOOGLE INC., a Delaware corporation,        )
                                                )  Before:    Hon. Jeremy Fogel
23            Defendant.                         )  Date:      December 8, 2006
                                                )  Time:      9:00am
24                                              )  Courtroom: 3, 5th Floor
                                                )
25                                              )
                                                )
26 _____ )

27

28

1

## NOTICE OF MOTION & MOTION FOR SANCTIONS

2    PLEASE TAKE NOTICE that on December 8, 2006, at 9:00 a.m. or as soon thereafter as

3 counsel may be heard by the above-entitled Court, located at 280 South First Street, Courtroom

4 3, 5th Floor, San Jose, California, 95113, in the courtroom of the Honorable Jeremy Fogel,

5 defendant Google, Inc. ("Google") will seek an order imposing sanctions against plaintiff

6 KinderStart LLC ("KinderStart") and its litigation counsel Gregory J. Yu for violation of Fed. R.

7 Civ. P. 11 ("Rule 11").

8    This motion is based on this Notice of Motion and Motion, the Memorandum of Points

9 and Authorities filed herewith, the supporting declaration of Matthew Cutts and the exhibits filed

10 therewith, the pleadings and papers on file herein, and upon such other matters as may be

11 presented to the Court at the time of the hearing.

12

## POINTS AND AUTHORITIES

13 **I.    INTRODUCTION AND FACTUAL BACKGROUND**

14    By this motion, Google requests that the Court enter an order pursuant to Rule 11 of the

15 Federal Rules of Civil Procedure sanctioning plaintiff KinderStart and its counsel, Gregory J.

16 Yu, for filing a Second Amended Complaint ("SAC") that contains specious allegations that lack

17 any factual foundation and were made without a reasonable and competent inquiry.

18    KinderStart and its counsel have been warned about such conduct.  At the hearing on

19 Google's motion to dismiss KinderStart's First Amended Complaint ("FAC"), the Court advised

20 KinderStart's counsel that factual allegations must be supported by investigation: "the way

21 litigation works is you can't just file a blanket lawsuit saying we think we're going to find some

22 stuff and we want to take discovery.  You have to have a good faith basis for asserting the claim

23 and you have to articulate what that claim is . . . ."  June 30, 2006 Hearing Tr. at 12:3-8.  Despite

24 that express admonishment, following dismissal of the FAC with leave to amend, KinderStart

25 submitted an SAC that, to the extent that it can be understood, contains at least three types of

26 frivolous allegations:

27    ▪ Allegations that Google "skews" its search results and "reserves the number one top result" for entities who provide Google with payment or other forms of consideration.
28      *See* SAC ¶¶ 130, 131, and 135; Declaration of Matthew Cutts ("Cutts Decl."), ¶ 2.

- Allegations – based on a supposed representation by Google that KinderStart distorts by selectively excising relevant language – that Google represents that it will always display a notice when it removes a listing from its search results, but does not do so. SAC ¶¶ 60(c), 89, 136, 147, 238, 243, and 266(f); Cutts Decl., ¶¶ 3-4.

- Allegations that Google removes certain websites from its search engine results and lowers PageRanks for political and religious reasons. SAC ¶¶ 99, 166, 167 and 257; Cutts Decl., ¶ 5.

These allegations are simply false and could not have been the product of a reasonable

and competent inquiry. Inclusion of these allegations in the SAC violates Rule 11 and merits the

imposition of monetary and non-monetary sanctions on KinderStart and its counsel. While

Google understands that a request for Rule 11 sanctions is not to be undertaken lightly, sanctions

are appropriate here, where KinderStart and its counsel act as if they are unconstrained by the

rules of civil practice.

## II.    ARGUMENT

### A.    The SAC Includes Frivolous Factual Allegations That Violate Rule 11

Rule 11 of the Federal Rules of Civil Procedure states in pertinent part that:

> By presenting to the court . . . a pleading, . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . (3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(3). The Supreme Court has held that at the "heart of Rule 11" is the

message conveyed by the signer's certification that he "has conducted a reasonable inquiry into

the facts and the law and is satisfied that the document is well grounded in both . . . ." *See*

*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 554

(1991).[1]

"Filing a complaint in federal court is no trifling undertaking. An attorney's signature on

a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing

---

[1]    *Business Guides* was decided prior to the 1993 amendments to Rule 11, but those amendments do not alter the requirements that litigants conduct a reasonable inquiry into the factual basis of a claim and "stop and think" before initially making legal or factual contentions. *See* 1993 Advisory Committee Notes to Fed. R. Civ. P. 11.

1    law' . . . ." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).  "Where . . . the

2    complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong

3    inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective

4    perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before

5    signing and filing it."  *Id.; see also Montrose Chemical Corp. of Calif. v. American Motorists Ins.*

6    *Co.*, 117 F.3d 1128, 1133 (9th Cir. 1997).  Subjective bad faith is not required under Rule 11; the

7    inquiry is objective.  *See G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th

8    Cir. 2003).

9           The allegations from the SAC described above are baseless and could not have been the

10   product of a reasonable and competent inquiry because they are plainly false.  Moreover, with

11   respect to KinderStart's attribution to Google of a distorted quotation, KinderStart's counsel is

12   directly attempting to deceive the Court.  By filing a complaint containing false and misleading

13   allegations, KinderStart has violated Rule 11.  *See Truesdell v. S. Cal. Permanente Medical*

14   *Group*, 293 F.3d 1146, 1153-54 (9th Cir. 2002) (upholding sanctions against counsel under Rule

15   11 where complaint stated allegations that counsel "must have known were false").

16                    **1.       Allegations of Payment in Return for Search Result Positioning**

17          Paragraphs 130, 131, and 135 of the SAC allege that Google skews its web search results

18   and "reserve[s] the number one top placement" for website owners, advertisers and other entities

19   who provide Google with various forms of "consideration."  *See* SAC ¶ 131.  These allegations

20   are false, and therefore cannot have been based on *any* evidence uncovered by counsel for

21   KinderStart, since no such evidence exists.  Indeed, the intentional vagueness of these allegations

22   betrays their fictional nature.  Notably, KinderStart does not reveal: (1) the entities to whom

23   Google allegedly offered "top positions in search results" (SAC ¶ 130(b)); (2) the specific

24   "conditions and consideration" that Google allegedly accepted in return for "top positions" (*id.*);

25   (3) the keywords that were allegedly associated with this practice (SAC ¶ 131); or (4) the source

26   of these allegations, if any.

27          Simply put, Google does not accept, and has not accepted, payment or consideration of

28   any kind in exchange for position or inclusion in its web search results.  *See* Cutts Decl., ¶ 2.

1  KinderStart and its counsel have falsely alleged otherwise, without any evidentiary support.

2  Accordingly, the imposition of sanctions under Rule 11 is appropriate.  *See, e.g., Pickern v. Pier*

3  *1 Imports (U.S.), Inc.*, 339 F. Supp. 2d 1081, 1091 (E.D. Cal. 2004) (finding a violation of Rule

4  11 where "plaintiff's counsel signed a complaint containing allegations without factual

5  support.").

6           **2.       Allegations Concerning Notice of Removal of a Listing from Search
                 Results**

8         Paragraphs 60(c), 89, 136, 147, 238, 243, and 266(f) of the SAC include allegations in

9  various forms that Google has stated that it will display a notice when it removes a website from

10 its search results for any reason.  Paragraphs 60(c), 89, and 147 attribute the following quote to

11 Google: "When we remove search results, . . . we display a notice on our search results."  The

12 actual policy, as currently posted on Google.com, reads in full as follows:

13         It is Google's policy not to censor search results.  However, in response to local
           laws, regulations, or policies, we may do so.  When we remove search results *for*
14         *these reasons*, we display a notice on our search results pages.  Please note: For
           some older removals (before March 2005), we may not show a notice at this time.
15

16 Cutts Decl. ¶ 3 (emphasis added).  When reproduced in part, Google's policy appears to

17 represent that it *always* displays a notice on its search results pages when it removes an entry.

18 KinderStart relies on that apparent (but distorted) representation to support its Sherman Act,

19 Lanham Act and false advertising claims against Google.  *See* SAC ¶¶ 232, 238, 243-45, 266(f).

20 Yet the policy in fact states that Google displays a notice that it has removed search results only

21 under certain circumstances (in response to local laws, regulations, or policies).  The use of

22 ellipses by KinderStart's counsel to omit information, and to present facts in a manner that

23 contradicts the true record, merits sanctions under Rule 11.  *See Moser v. Bret Harte Union High*

24 *School District*, 366 F. Supp. 2d 944, 957-69 (E.D. Cal. 2005) (imposing sanctions for, among

25 other things, party's misrepresentations regarding the factual record).  KinderStart's repetition of

26 the distorted quotation in the SAC and its reliance on this distortion to support its claims for

27 relief lead to the conclusion that KinderStart's omission of the critical language was purposeful

28 and not merely an oversight.

1    In addition, to support an alleged "violation" of a removal representation that Google

2  never made in the first instance, KinderStart alleges "[o]n information and belief, not once has

3  the Engine ever produced Search Results viewed within the [United States] that disclose or

4  notify users that Speech Content, URLs or Websites have been removed from the results."[2]  SAC

5  ¶ 89.  That too is false.  One easily-discovered example of a situation in which Google posts such

6  a notice is the removal of search results following a complaint under the Digital Millennium

7  Copyright Act.  Cutts Decl. ¶ 4.  Today, a Google user who performs a search for the term

8  "xenu" will be presented with a notice at the bottom of the first page of search results that reads:

9  "In response to a complaint that we received under the US Digital Millennium Copyright Act, we

10  have removed 1 result(s) from this page.  If you wish, you may read the DMCA complaint that

11  caused the removal(s) at Chilling Effects.org."  *Id.*  The website ChillingEffects.org provides a

12  list of DMCA complaints sent to Google.  *Id.*  Again, because KinderStart and its counsel have

13  made factual representations in a complaint for which there is no evidentiary support, the

14  imposition of sanctions under Rule 11 is justified.  *See Truesdell v. So. Calif. Permanente*

15  *Medical Group,* 209 F.R.D. 169, 176-77 (C.D. Cal. 2002) (imposing sanctions).

### 3. Allegations that Google Blocks Results and Deflates PageRanks for Political and Religious Reasons

18    Throughout the SAC, Kinderstart claims that Google removes search entries and deflates

19  PageRanks for political and religious.  *See, e.g.,* SAC ¶¶ 99, 166, 167 and 257.  Again, these

20  allegations are reckless and false.  Cutts Decl. ¶¶ 5.  Google has never done anything of the sort.

21  *Id.*  As before, the baseless nature of these allegations is revealed by the absence of any details to

22  support them.  And again, sanctions are merited based on the total lack of evidentiary support for

23  the allegations.[3]

---

25  [2] KinderStart's pleading on "information and belief" does not immunize it from Rule 11
sanctions.  *See Truesdell,* 293 F.3d at 1153 (imposing sanctions where "complaint stated
26  allegations 'upon information and belief' that Plaintiff's counsel must have known were false.").

27  [3] By identifying several categories of allegations from the SAC as false, Google does not
mean to credit KinderStart's other dubious allegations.  To the contrary, much of the SAC
28  appears to be a work of fiction.  Google has simply set out the most glaring of KinderStart's
inflammatory and unsupportable charges.

**B.     KinderStart's and Mr. Yu's Rule 11 Violations Justify Both Monetary and Non-Monetary Sanctions**

Because KinderStart and its counsel, Mr. Yu, have violated Rule 11, the Court may enter both monetary and non-monetary sanctions. *See* Fed. R. Civ. P. 11(c)(2); *Truesdell*, 209 F.R.D. at 175; *Integrated Circuit Systems, Inc. v. Realtek Semiconductor Co., Ltd.*, No. C00-4035 MMC, 2002 WL 532122, at *3 (N.D. Cal. Apr. 5, 2002). The Court may impose sufficient

sanctions in order "to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Here, deterrence is particularly appropriate and important because the Court's express caution at the June 30, 2006 hearing was not enough to compel KinderStart and its counsel to comply with Rule 11. June 30, 2006 Hearing Tr. at 12:3-8.

Rule 11 provides for the imposition of non-monetary sanctions -- such as striking frivolous allegations -- and allows a court to make "an order directing payment to the movant of some or all reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2). Striking alleged facts and references in a complaint which are contrary to known facts is a permissible non-monetary sanction, including where a monetary sanction is also assessed against plaintiff's counsel. *See Ivanova v. Columbia Pictures Industries, Inc.*, 217 F.R.D. 501, 512-514 (C.D. Cal. 2003) (imposing such sanctions on plaintiff and plaintiff's counsel).

In light of the conduct at issue, Google requests that the Court:

1.      Strike the frivolous allegations from the SAC; and

2.      Order KinderStart and Mr. Yu to reimburse Google for all of its reasonable attorneys' fees attributable to the instant motion for sanctions, and a portion of the fees attributable to Google's motions to dismiss and strike the SAC.

## II.     CONCLUSION

For the reasons set forth herein, Google respectfully asks the Court to strike the allegations of the following paragraphs from the SAC: 60(c), 89, 99, 130, 131, 135, 136, 147, 166, 167, 238, 243, 257 and 266(f). Google also respectfully asks this Court to direct KinderStart and Mr. Yu to reimburse it for reasonable attorneys' fees attributable to the instant

1  motion for sanctions, and a portion of the fees attributable to Google's motions to dismiss and

2  strike the SAC.

3

4  Dated: September 28, 2006                    WILSON SONSINI GOODRICH & ROSATI
                                                Professional Corporation
5

6                                              By: /s/ David H. Kramer

7                                                  David H. Kramer

8                                              Attorneys for Defendant
                                               Google Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28