1  DAVID H. KRAMER, State Bar No. 168452
   COLLEEN BAL, State Bar No. 167637
2  LISA A. DAVIS, State Bar No. 179854
   BART E. VOLKMER, State Bar No. 223732
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
6  DKramer@wsgr.com

7  JONATHAN M. JACOBSON, N.Y. State Bar No. 1350495
   WILSON SONSINI GOODRICH & ROSATI
8  Professional Corporation
   12 East 49th Street, 30th Floor
9  New York, NY 10017-8203
   Telephone: (212) 999-5800
10 Facsimile: (212) 999-5899
   JJacobson@wsgr.com
11
   Attorneys for Defendant
12 Google Inc.

13
                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15
                          SAN JOSE DIVISION
16

17
   KINDERSTART.COM, LLC, a California      )   CASE NO.: C 06-2057 JF (RS)
18 limited liability company, on behalf of itself and )
   all others similarly situated,          )   **DECLARATION OF MATTHEW**
19                                          )   **CUTTS IN SUPPORT OF**
             Plaintiffs,                    )   **DEFENDANT'S MOTION FOR**
20                                          )   **SANCTIONS AGAINST**
        v.                                  )   **KINDERSTART.COM AND**
21                                          )   **GREGORY J. YU PURSUANT TO**
   GOOGLE INC., a Delaware corporation,     )   **FED. R. CIV. P. RULE 11**
22                                          )
             Defendant.                     )   Before:    Hon. Jeremy Fogel
23                                          )   Date:      December 8, 2006
                                            )   Time:      9:00am
24                                          )   Courtroom: 3, 5th Floor
                                            )
25 _____      )

26

27

28

CUTTS DECL. ISO GOOGLE'S RULE 11 MOTION                          2958342_2.DOC
Case No. 06-2057 JF (RS)

I, Matthew Cutts, declare as follows:

1. I am a Senior Staff Software Engineer at defendant Google Inc. ("Google"), where I have been employed since January, 2000. As part of my duties at Google, I regularly post publicly available explanations of Google's policies and procedures in connection with the operation of Google's search engine, and I am familiar with those policies. I am over the age of eighteen and competent to make this declaration. I make each of the following statements based on my personal knowledge, and I could, if necessary, testify to the truth of each of them.

2. I have read paragraphs 130, 131, and 135 of Plaintiff's Second Amended Complaint ("SAC") in this action, which allege that Google, in various ways, skews its web search results to favor website owners, advertisers and other entities in exchange for consideration, including reserving "the number one top position" for sites offering consideration. These allegations are false. To my knowledge, Google does not now, and never has, accepted payment or consideration of any kind in exchange for setting or changing the order in which its search results would otherwise appear. In fact, in its Form S1 filed on April 29, 2004 in connection with its Initial Public Offering, Google noted: "We believe it is very important that the results users get from Google are produced with only their interests in mind. We do not accept money for search result ranking or inclusion." I believe that this statement was 100% correct at the time it was made and remains 100% correct today.

3. I have also read paragraphs 60(c), 89, 136, 147, 238, 243, and 266(f), which include allegations that Google has stated that it will always display a notice when it removes a website from its search results. Paragraphs 60(c), 89, and 147 attribute the following quote to Google: "When we remove search results, . . . we display a notice on our search results." This allegation is false. When the SAC reproduces this sentence from Google's policy, it omits the phrase "for these reasons," replacing that phrase with ellipses. The actual policy, as currently posted on Google.com at http://www.google.com/support/bin/answer.py?answer=33406&topic=368, reads in full as follows:

> It is Google's policy not to censor search results. However, in response to local laws, regulations, or policies, we may do so. When we remove search results for these reasons, we display a notice on our search results pages. Please note: For some older removals (before March 2005), we may not show a notice at this time.

1   When reproduced in part as it is in the SAC, Google's policy seems to be that it always displays

2   a notice on its search results pages when it removes search results. That is not Google's policy

3   and never has been. Had KinderStart not removed the phrase "for these reasons" from the

4   sentence quoted above, it would have been obvious that Google's published policy states that

5   Google displays a notice that it has removed search results only under certain circumstances (in

6   response to local laws, regulations, or policies). While Google displays a notice when it removes

7   sites for legal reasons (for example), Google does not show a notice when it removes or

8   otherwise takes action against sites for attempting to spam Google's index or otherwise violating

9   Google's quality guidelines. Attached hereto as Exhibit A is a true and correct copy of the web

10   page located at. http://www.google.com/support/bin/answer.py?answer=33406&topic=368.

11        4.    Paragraph 89 of the SAC includes the allegation "On information and belief, not

12   once has the Engine ever produced Search Results viewed within the U.S. that disclose or notify

13   users that Speech Content, URLs or Websites have been removed from the results." This

14   statement is false and even the most basic of inquires would have revealed as much. To take just

15   one example, Google posts a notice when it removes search results under the US Digital

16   Millennium Copyright Act. Today, a Google user who performs a search for the term "xenu,"

17   will be presented with a notice at the bottom of the first page of search results that reads "In

18   response to a complaint that we received under the US Digital Millennium Copyright Act, we

19   have removed 1 result(s) from this page. If you wish, you may read the DMCA complaint that

20   caused the removal(s) at Chilling Effects.org." The website ChillingEffects.org provides a list of

21   DMCA complaints sent to Google, among other information on the DMCA. Attached hereto as

22   Exhibit B is a true and correct copy of the first page of search results returned when a user

23   submits the search query "xenu" at Google.com.

24        5.    I have also read paragraphs 99, 166, 167 and 257 of the SAC, which allege that

25   Google blocks search engine results or lowers PageRanks based on "discriminatory political and

26   religious content". Again, these allegations are baseless. To my knowledge, Google has never

27   blocked web search results or lowered PageRanks based on the political or religious nature of the

28   contents of a site. Indeed, one need only search at random for any political or religious topic to

CUTTS DECL. ISO GOOGLE'S RULE 11 MOTION          -2-                              2958342_2.DOC
Case No. 06-2057 JF (RS)

1  see that links to the full gamut of religious and political perspectives are available through
2  Google's search engine.
3     I declare under penalty of perjury under the laws of the United States that the foregoing is
4  true and correct to the best of my knowledge. Executed on September 28, 2006 at Mountain
5  View, California.

By:   /s/ Matthew Cutts
      Matthew Cutts