DAVID H. KRAMER, State Bar No. 168452
COLLEEN BAL, State Bar No. 167637
LISA A. DAVIS, State Bar No. 179854
BART E. VOLKMER, State Bar No. 223732
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
DKramer@wsgr.com

JONATHAN M. JACOBSON, N.Y. State Bar No. 1350495
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12 East 49th Street, 30th Floor
New York, NY 10017-8203
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
JJacobson@wsgr.com

Attorneys for Defendant
Google, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, Inc., a Delaware corporation,<br><br>Defendant. | CASE NO.: C 06-2057 JF<br><br>DEFENDANT GOOGLE'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT<br><br>Hearing Date: October 27, 2006<br>Time: 9:00 a.m.<br><br>Location: 280 South First St., Courtroom 4, 5th Floor, San Jose, California 95113 |

## I. KINDERSTART'S SECOND AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 8

Google demonstrated in its opening brief that the Second Amended Complaint ("SAC') fails to contain "a short and plain statement of the claim" or allegations that are "simple, concise and direct" as required by Rule 8. Fed. R. Civ. P. 8(a)(2) & 8(e). As Google explained, the SAC should be dismissed in its entirety because it: (1) contains numerous incomprehensible allegations, including confusing defined terms and cross-referencing; (2) contains many factual allegations that are irrelevant to the claims for relief asserted or any harm that KinderStart has allegedly suffered; and (3) misuses ellipses to manufacture bogus claims. Motion To Dismiss and/or Strike Second Amended Complaint ("Mot.") at 1-2. To the extent KinderStart's opposition even responds to the issues raised by Google, it is unconvincing.

### A. THE SAC UNNECESSARILY OBSCURES KINDERSTART'S CLAIMS

As Google discussed in its motion, the SAC is largely unintelligible in light of its structure and its confusing use of defined terms, jargon, lists and incongruous adjectives. KinderStart does not even attempt to respond to this charge, perhaps because there is little to say. *See* Opposition to Motion to Dismiss and/or Strike Second Amended Complaint ("Opp.") at 2 n.2. The SAC speaks for itself. *See* Mot. at 3-4 (providing examples).

KinderStart's purported justifications for the length of the SAC argue against a straw man. The problem is not length *per se*, but that the SAC contains so many irrelevant allegations set forth in such a confusing manner.[1] *See* Mot. at 4-5. KinderStart seems unwilling to acknowledge that it cannot state a claim on its own behalf by reciting all the supposed grievances of others which it does not share. *See* Opp. at 3-5; *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974) (denying jurisdiction absent specific claims of injury to representative plaintiffs); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (remanding with

---

[1] As noted by the Seventh Circuit in a case cited by KinderStart, "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

CASE NO.: C 06-2057 JF

instructions to dismiss where named plaintiff was not injured by challenged conduct).[2]  Nor can it transform Google, a private business, into a state actor merely by devoting 32 paragraphs, spanning 8 pages of the SAC, to a discussion of Google's alleged relationship with universities and libraries.  *See* Opp. at 3.  While KinderStart is correct that successfully pleading its various causes of action would require rigorous attention to their substantive requirements (Opp. at 2-3), KinderStart neither meets those requirements nor confines itself to an effort to do so.

As a result, it is nearly impossible to discern which specific allegations purport to form the basis for which causes of action.  And if the case were to go forward with the current SAC, Google would be at a loss to answer the tangled allegations of the SAC or to determine the corresponding scope of discovery.  It is precisely for these reasons that Rule 8 requires clarity and organization, and warrants dismissal where, as here, there is none.  Mot. at 4-5; *see, e.g.*, *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1243 (N.D. Cal. 1998) (dismissing complaint characterized as "a great web of scattered, vague, redundant, and often irrelevant allegations.").

### B.   KINDERSTART FAILS TO DEFEND ITS MISLEADING USE OF ELLIPSES

Google explained in its motion how KinderStart had used ellipses to distort a statement by Google, and then attempted to base its claims on the alleged falsehood it manufactured.  Mot. at 5-6.  In opposition, KinderStart makes no attempt to defend its tactic.  Instead, it sidesteps the issue entirely with a convoluted discussion of why it believes Google's actual statement could be misinterpreted, all the while avoiding quoting Google's actual statement in full.  KinderStart's effort to mislead the Court is a clear violation of Rule 8.  *See* Mot. at 5-6; *In re Syntex Corp.*

---

[2] Contrary to KinderStart's claim, the fact that an antitrust plaintiff must allege harm not just to a competitor but to competition itself in no way exempts KinderStart from the basic requirements of Article III standing.  *See* Opp. at 5 n.3.  It is true that KinderStart must allege harm to competition, but it must also allege that it has suffered injuries that reflect the assertedly anticompetitive aspects of Google's conduct. *See, e.g.*, *Stamatakis Indus., Inc. v. King,* 965 F.2d 469, 471 (7th Cir. 1992) ("The antitrust injury doctrine … 'requires every plaintiff to show that its loss comes from acts that reduce output or raise prices to consumers.'") (citation omitted); *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 338-42 (1990); *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488-89 (1977); *see also Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1010 (9th Cir. 2002) (antitrust injury present where customer was injured by "the unlawful removal of a competitive product from the market.")  KinderStart has failed to do so.

*Secs. Litig.*, 95 F.3d 922, 932 n.9 (9th Cir. 1996) (pleading that omitted pertinent parts of challenged statements, among other things, was an "affront" to Rule 8).

## II.     THE LANHAM ACT CLAIM SHOULD BE STRICKEN

Google requested in its motion that the Court strike KinderStart's Lanham Act claim on the ground that it was not authorized to add the new claim, but rather was limited to amending existing claims and portions of claims per the Court's Dismissal Order.  *See* Dismissal Order of July 13, 2006 at 12, 15, 16, 18, 20, 22.  In response, KinderStart makes no effort to explain why it should be permitted to add the new claim under the specific leave to amend the Court granted.  Opp. at 7.  Instead, KinderStart points generally to the "policy of liberality behind Rule 15" and seems to argue that because leave to amend is to be granted liberally, any such leave, once granted, is boundless.  Opp. at 7.  The argument is misguided, as demonstrated by the numerous cases in which courts have stricken material exceeding the scope of permitted amendments.  *See* Mot. at 7-8.

More importantly, allowing KinderStart to include the new claim under the current circumstances would be prejudicial to Google.  If KinderStart had employed the proper procedure for adding a new claim by seeking leave under Rule 15(a), KinderStart would have had to explain the factual bases for its proposed new claim.  *See Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006) (affirming denial of motion for leave to amend where plaintiff failed to explain substance of proposed amendment); *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 58 (1st Cir. 2006) (absence of supporting information, such as what additional facts or legal claims might be included, may itself be a sufficient reason for denial of leave to amend).  Google would then have been able to readily evaluate whether it could oppose the amendment on, for example, statute of limitations grounds.[3]  *See Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (affirming denial of leave to amend where amended claim would be barred by statute of limitations); *see also Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.20 (9th

---

[3] As KinderStart points out in its brief, the statute of limitations for a Lanham Act claim is borrowed from related state causes of action, and in this case might be as short as one year.  *See* Opp. at 8.  A statute of limitations bar is thus a very real possibility here, since many of the allegations in the SAC are based on representations made years ago.

Cir. 2003) (plaintiff not permitted to amend complaint where amendment would be futile due to applicable statute of limitations).

Because KinderStart did not seek leave to add the new claim, and because the claim purports to incorporate 236 preceding paragraphs of the SAC, Google cannot reasonably identify the purported bases for KinderStart's new claim or evaluate whether the claim is subject to dismissal on statute of limitations grounds.[4]  In short, KinderStart's obfuscation may force Google to litigate claims that might otherwise properly have been eliminated at the pleading stage.   For this additional reason, the Lanham Act claim should be stricken.

## CONCLUSION

For the reasons set forth herein and in its Motion to Dismiss and/or Strike Second Amended Complaint, Defendant Google respectfully requests that the Court dismiss the SAC in its entirety, or in the alternative, strike the Third Count (¶¶ 237-247 and at 61 ¶¶ 4, 5).

Dated:  October 20, 2006

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ David H. Kramer
      David H. Kramer

Attorneys for Defendant
GOOGLE INC.

---

[4] KinderStart identifies two paragraphs from the SAC that it contends contain the only new facts in the SAC supporting its Lanham Act claim, namely ¶¶136 and 243.  Opp. at 8 n.5.  Both are based on the statement that KinderStart manufactured through its misleading use of ellipses – that Google supposedly promises to notify users every time it removes a website from its index for any reason.  *See* ¶¶136, 246.  If, in fact, the Lanham Act claim is solely based on this new allegation, the claim is easily dismissed for the reasons discussed in this Motion and in Google's Rule 12(b)(6) Motion to Dismiss.