KinderStart.com LLC v. Google, Inc.

C 06-2057 JF

# EXHBIT 3

Request for Judicial Notice
In support of
Plaintiff's Motion for Sanctions
Against Google, Inc. and its Legal Counsel
under Rule 11

Gregory J. Yu (State Bar No. 133955)
GLOBAL LAW GROUP
2015 Pioneer Court, Suite P-1
San Mateo, CA  94403
Telephone: (650) 570-4140
Facsimile:  (650) 570-4142
E-mail:  glgroup [at] inreach [dot] com

Attorney for Plaintiffs and Proposed Class and Subclasses

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 06-2057 JF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST GOOGLE, INC. AND ITS LEGAL COUNSEL DAVID H. KRAMER UNDER FED. R. CIV. P. 11** |

Plaintiff KinderStart.com LLC ("KinderStart"), by and through its attorney, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of the following facts and items:

1.    Attached hereto is a true and correct copy of the FTC Consumer Alert, "Being Frank about Search Engine Rank," September 2002.

2.    Attached hereto is a true and correct copy of Home Page of the official website of the United States Court of Appeals for the Tenth Circuit, visited on October 19, 2006, at http://www.ck10.uscourts.gov.

Rule 201 provides in part that a "judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to

1  sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  "A court shall
2  take judicial notice if requested by a party and supplied with the necessary information." *Id.,*
3  201(d).

4      In this circuit, a district court has taken judicial notice for Web pages to a government
5  agency website containing rules and regulations. *Jenkel v. City & County of San Francisco*,
6  2006 U.S. Dist. LEXIS 49923, at 5 n.3 (Jul. 21, 2006) (court took notice of the web page for the
7  Rules Committee of the San Francisco Board of Supervisors).  Here, plaintiffs are requesting
8  recognition of the Tenth Circuit's practice of releasing both published and unpublished
9  decisions.  This is relevant because the case cited by Google, *Search King v. Google, Inc.*, out of
10 the Western District of Oklahoma is within the Tenth Circuit.  Accordingly, certain cases within
11 this circuit do have precedential value and are citable because of they are selected for publication
12 within the official reporter.  Other cases are not so published and as a general rule are not cited
13 to the court for consideration.  *Search King* falls into such class as an unpublished opinion not
14 appearing in the official reporter.

15     As to releases and rules of the Federal Trade Commission, the Ninth Circuit has taken
16 notice pursuant to Rule 201.  *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th
17 Cir. 1998) (court took notice of an FTC staff letter on the meaning of a statutory term).  It is
18 therefore proper to take judicial notice of the attached FTC Consumer Alert.  The contents are
19 relevant because it highlights the industry practice among certain search engines that adjust or
20 rank listings according to payment from websites or URLs.

21 Dated: October 19, 2006              GLOBAL LAW GROUP

23                                        By:    /s/ Gregory J. Yu
24                                               Gregory J. Yu, Esq.
25                                               Attorney for Plaintiff KinderStart.com LLC and
                                                  for the proposed Class and Subclasses

26
27
28