KinderStart.com LLC v. Google, Inc.

C 06-2057 JF

# EXHBIT 4

Declaration of Gregory J. Yu
In support of
Plaintiff's Motion for Sanctions
Against Google, Inc. and its Legal Counsel
under Rule 11

1  Gregory J. Yu (State Bar No. 133955)
   GLOBAL LAW GROUP
2  2015 Pioneer Court, Suite P-1
   San Mateo, CA   94403
3  Telephone: (650) 570-4140
   Facsimile:  (650) 570-4142
4  E-mail:  glgroup [at] inreach [dot] com

5  Attorney for Plaintiffs and Proposed Class and Subclasses

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 06-2057 JF<br><br>**DECLARATION OF GREGORY J. YU IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT GOOGLE AND ITS COUNSEL DAVID H. KRAMER FOR VIOLATIONS OF FEDERAL RULE 11** |

I, GREGORY J. YU, HEREBY DECLARE AS FOLLOWS:

   1.      My name is Gregory J. Yu, and I am legal counsel to plaintiff KinderStart.com LLC ("KinderStart") in the above action and am authorized by my client to make this declaration in support of plaintiffs' motion for sanctions against defendant Google, Inc. and its counsel David B. Kramer for violating Fed. R. Civ. P. 11.

   2.      On October 9, 2006, I had a telephone conversation with West Reference Attorney attorney Heidi Boe at 1-800-733-2889 about cases that are cited only in Westlaw's database and not in an official case reporter.

   3.      Ms. Boe looked up the citation on the Westlaw database for *Search King v. Google, Inc.*, CV-02-1457 2003 WL 21464568 (W.D. Okla. May 27, 2003).  She confirmed that

DECLARATION OF GREGORY J. YU IN SUPPORT
OF PLAINTIFF'S MOTION FOR SANCTIONS
UNDER RULE 11                                -1-                        Case No. C 06-2057 JF

1 the court's order does not state it was "certified for publication." Further, Ms. Boe confirmed
2 that this case is not reported in the Federal Supplement 2d.
3  4. Ms. Boe also stated that as a general rule cases that are cited only in the Westlaw
4 database are not considered "published" opinions of a court. Further, she shepardized the *Search*
5 *King* case and noted that no U.S. or state court has cited this unreported case.
6  5. On October 9, 2006, I had a telephone conversation with Lexis research attorney
7 (name withheld by attorney) at 1- 800-543-6862 ext. 53386, about cases that are cited only in
8 Lexis' database and not in an official case reporter. She confirmed that as of this time three
9 years after the order was released on May 27, 2003 that *Search King* is *unpublished* in the
10 official Federal Supplement, 2nd edition. She determined that certain cases out of the Western
11 District of Oklahoma are indeed officially reported in Federal Supplement, 2d edition. Finally,
12 she confirmed that a case that appears only in the Lexis case database is not considered an
13 official reported case.
14  6. On October 16, 2006, I telephoned Mr. David Kramer to advise him that
15 Defendant should not continue citing to the unreported *Search King* case. I indicated that
16 plaintiff KinderStart would consider a cross-motion under Rule 11 sanctions against Google and
17 its counsel for violating Rule 11. Mr. Kramer and I then simply agreed that each party would
18 have to pursue appropriate steps to advance their clients' interests in this case, including Rule 11
19 sanctions if necessary.
20  I DECLARE UNDER PENALTY OF PERJURY, that the above is based on my personal
21 knowledge.
22  Executed on this 19th day of October, 2006 in San Mateo, California.

By:    /s/ Gregory J. Yu                .
       GREGORY J. YU