Kinderstart.Com, LLC v. Google, Inc. Doc. 70 Att. 1



KinderStart.com LLC v. Google, Inc.

C 06-2057 JF

# EXHBIT 1

DECLARATION OF GREGORY J. YU
IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION FOR SANCTIONS
AGAINST PLAINTIFF AND ITS LEGAL COUNSEL
UNDER FED.R.CIV.P. 11

Dockets.Justia.com

Gregory J. Yu (State Bar No. 133955)
GLOBAL LAW GROUP
2015 Pioneer Court, Suite P-1
San Mateo, CA 94403
Telephone: (650) 570-4140
Facsimile: (650) 570-4142
E-mail: glgroup [at] inreach [dot] com

Attorney for Plaintiffs and Proposed Class and Subclasses

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 06-2057 JF<br><br>**DECLARATION OF GREGORY J. YU IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS AGAINST KINDERSTART.COM AND GREGORY J. YU PURSUANT TO FED. R. CIV. P. RULE 11** |

I, GREGORY J. YU, HEREBY DECLARE AS FOLLOWS:

1. My name is Gregory J. Yu, and I am legal counsel to plaintiff KinderStart.com LLC ("KinderStart") in the above action and am authorized by my client to make this declaration in support of plaintiffs' opposition to defendant Google, Inc.'s motion for sanctions under Fed. R. Civ. P. 11 (the "Rule 11 Motion")

2. On September 28, 2006, I was personally served with the Rule 11 Motion by Google's legal counsel. Prior to such date, I was never contacted in any way by Google's counsel about the merits of this motion or the possibility that the Second Amended Complaint ("SAC") was in any way drafted or filed in violation of Rule 11. However, on or about September 23, 2006 when I began a personal review of Google's motion to strike under Fed. R.

Civ. P. 8(a) that Google was signaling its charge that certain allegations in the SAC were "sanctionable."

3. I affirm that I personally conducted investigation underlying the allegations related to discrimination of search results and Website blockage on political and religious grounds in SAC ¶¶ 99, 166, 167and 257. As to political grounds, I consulted two different Websites that took controversial political stands and faced punishment as a result by Google. As to religious grounds, I personal investigated how a certain religious sect faced a loss of traffic and referrals from Google.

4. Overall, in repeated instances in my investigation behind the allegations set forth in the SAC, potential class members and witnesses expressed fear of retaliation for exposing their identity and that of their Websites to Defendant Google. Given that there is a stay on discovery and any subpoenas by KinderStart, specific details are limited as to what search results based on key words are being sold for consideration, what and when censorship is to be disclosed by Google, and how and why certain sites carrying various political and religious content are inequitably being punished and isolated from search or view by users.

5. The allegations in the SAC that a top search listing was guaranteed by Google in exchange for consideration are indeed supported by investigation by me prior to the filing of the SAC on September 1, 2006. I twice personally interviewed a witness who received such an admission from the CEO of a Website that received a top listing from Google for delivering consideration to Google.

6. On October 16, 2006, I telephoned counsel to Google, Mr. David Kramer, to advise him that plaintiff KinderStart would consider a cross-motion under Rule 11 sanctions against Google and its counsel for violating Rule 11. Mr. Kramer and I then simply agreed that each party would have to pursue appropriate steps to advance their clients' interests in this case, including Rule 11 sanctions if necessary.

7. On November 10, 2006, I telephoned Mr. Kramer to set a motion hearing date for Plaintiffs' own motion for sanctions against Google and him (the "Rule 11 Cross-Motion"). Mr. Kramer objected to my filing of the motion against him and Google. Among the five grounds

raised in the Rule 11 Cross-Motion, the only one addressed by Mr. Kramer was his belief that he had the full authority under the Local Rules to cite the *Search King* case out of the Tenth Circuit. I explained that this case never landed in the official Federal Supplement reporters. After I explained that our motion was going to be filed, I requested a date in December 2006, perhaps in a consolidated hearing with the pending Rule 11 Motion. Mr. Kramer urged me to defer the hearing date of the Rule 11 Cross-Motion until January 2007, but I declined. On November 13, 2006, I received a call from the Court's calendar clerk who indicated that no hearing dates for motions were available in December 2006. She indicated that all Fridays in January 2007 were open. On November 13, 2006, I telephoned Mr. Kramer about a possible hearing date for the Rule 11 Cross-Motion during January 2007. He confirmed that he was not available on January 12 but was available on January 19, 2007.

I DECLARE UNDER PENALTY OF PERJURY, that the above is based on my personal knowledge.

Executed on this 16th day of November, 2006 in San Mateo, California.

By: /s/ Gregory J. Yu .
GREGORY J. YU