DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
DKramer@wsgr.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM, LLC, a California limited liability company, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE Inc., a Delaware corporation, <br><br> Defendant. | CASE NO.: C 06-2057 JF (RS) <br><br> **DEFENDANT GOOGLE INC.'S ADMINISTRATIVE MOTION RE: RELATED CASE** <br><br> Before:    Hon. Jeremy Fogel |

## INTRODUCTION

Defendant Google Inc. ("Google") hereby moves for an order relating the matter captioned *Person v. Google Inc.*, C 06-7297 JCS (*"Person"*), to this action, *KinderStart v. Google Inc.* C 06-2057 JF (RS), pursuant to Civil Local Rules 3-12 and 7-11. As explained below, the plaintiffs in both cases allege that Google is a monopolist in what they contend is a defined market for search-related advertising online. The plaintiffs further claim that through the same specific event involving the same online platform – Google's introduction of quality standards in its AdWords advertising program – Google has engaged in anticompetitive conduct in violation of federal antitrust law.

Google believes that neither the *KinderStart* nor the *Person* plaintiff has pled facts sufficient to state a claim. However, in the event the cases survive motions to dismiss, they will have numerous legal and factual issues in common, necessitating a duplication of judicial effort and the potential for conflicting results if they are conducted before different judges. Accordingly, Google believes the cases should be related.

Counsel for KinderStart has consented to related treatment. Mr. Person, an attorney representing himself, has not responded to Google's repeated inquiries on the matter. *See* Declaration of David H. Kramer, executed December 1, 2006 ("Kramer Decl."), at ¶¶ 2-3, filed concurrently herewith.

## BACKGROUND

**A.    The *KinderStart* Action**

KinderStart commenced this action on March 17, 2006, thereafter filing a First Amended Complaint ("FAC") on April 12, 2006. By Order filed July 13, 2006, this Court granted Google's Motion to Dismiss the FAC, and gave KinderStart leave to amend. KinderStart filed a Second Amended Complaint ("SAC") on September 1, 2006.

In its SAC, KinderStart alleges that Google engages in anticompetitive conduct through its AdWords advertising program. *See* SAC ¶¶ 8-9, 38-45, 64, 206-09. Of particular relevance here, KinderStart complains that AdWords' pricing system for purchasing advertising is based on a "new system of ranking the Websites and pages of Defendant's competitors" through purported "non-objective" consideration of the quality of the advertisers' landing page. *Id.* ¶¶ 64, 130, 144-46 (Google has "engaged in and continues to engage in anticompetitive and exclusionary practices...[by] creating and using LPQ [landing page quality] as a device to impose minimum floors for bids for AdWords keywords by advertisers.") Based in part on this conduct, KinderStart contends that Google has monopolized or attempted to monopolize the supposed market for search-related adverting online. *Id.* ¶¶ 206-209.

As noted, Google believes KinderStart's claims in the SAC are without merit. Its Motion to Dismiss the SAC was heard by the Court on October 27, 2006 and remains pending.

**B.     The *Person* Action**

Carl Person commenced his action against Google in June 2006, in the United States District Court for the Southern District of New York. Kramer Decl. Ex. B. Like KinderStart, Person alleges that Google engages in anticompetitive behavior through its AdWords program. *See* Complaint ("Compl.") ¶¶ 12-13, 25, 28, 86-96, 115-24 (annexed as Exhibit C to Kramer Decl.). Person, like KinderStart, contends that Google has improperly monopolized or attempted to monopolize the supposed market for search-related online advertising though its new system for determining prices at which to offer advertising space. *Id.* ¶¶ 12-14, 21-24, 31-32, 86-88. Person likewise complains that Google's pricing system improperly considers the quality of the "landing page" for advertisers' web sites. *Id.* ¶¶ 13, 13A, 31-34, 70.

On July 27, 2007, Google moved to dismiss Person's complaint for improper venue in light of the forum selection clause in the parties' contract, and for failure to state a claim upon which relief can be granted. Kramer Decl. Ex. B. By Memo Endorsement filed on September 21, 2006, the he District Court in New York (Hon. Robert P. Patterson) denied Person's request for leave to file a further amended complaint, noting that Person had already amended his complaint in opposition to Google's motion to dismiss. Kramer Decl. Ex. B. By Memo Endorsement filed September 22, 2006, the Court granted Google's application to suspend any further activity in the case until after Google's motion to dismiss was decided. *Id.* Finally, by Opinion and Order filed on October 11, 2006, the Court granted Google's motion to dismiss the case for improper venue and elected to transfer the case here. *Id.* Ex. D. The Court did not reach Google's motion to dismiss for failure to state a claim, which motion remains pending.[1]

## THE *PERSON* CASE SHOULD BE RELATED TO THIS ONE

Civil Local Rule 3-12 provides that an action is "related" to another when "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that

---

[1] Person had originally requested a preliminary injunction. Kramer Decl. Ex. B. By Memo Endorsement filed June 30, 2006, the Court suspended briefing in connection with Person's preliminary injunction motion until after consideration of Google's motion to dismiss the complaint. Id. The circumstances giving rise to that motion are gone, and Google believes that the motion is now moot.

1  there will be an unduly burdensome duplication of labor and expense or conflicting results if the
2  cases are conducted before different judges." L. Civ. R. 3-12(a). Both prongs of the test are
3  satisfied here.

4  Given that they implicate precisely the same aspect of Google's AdWords advertising
5  program, the *Person* action and this one involve the same transaction and/or event. Each plaintiff
6  directs allegations to the same "transaction" – the offer by Google to sell advertising on its
7  advertising network. In addition, both plaintiffs specifically identify the same "event" as a
8  predicate for their antitrust claims – Google's recent modification of its AdWords program to
9  consider an advertiser's quality score (i.e. specifically, the "quality" of the page to which a user is
10 directed) in setting the prices to charge for advertising.

11 Again, Google does not believe the plaintiffs' antitrust claims in these two cases are
12 cognizable, much less meritorious. Nevertheless, should the cases and claims survive motions to
13 dismiss, given their common focus, they would lead to an unnecessary and unduly burdensome
14 duplication of labor and expense as well as potentially conflicting results if conducted before
15 different judges. In each case, a court would be required to assess the plaintiffs' claim that the
16 search-related online advertising market is an appropriate "market" for antitrust purposes.
17 Likewise, each court would be required to determine whether Google has monopoly power in that
18 supposed market. Finally, each court would be required to evaluate the plaintiffs' identical
19 allegations of misconduct within that supposed market. In short, if the cases proceed, they will
20 involve a clear overlap in factual and legal issues, creating a potential both for judicial economy
21 and avoidance of inconsistent results through an order relating them.

## **CONCLUSION**

23 For the reasons set forth above, Google respectfully requests that the Court order the
24 *Person* case related to this one.

25 Dated:  December 1, 2006                WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation
26

27                                        By: /s/ David H. Kramer
                                              David H. Kramer
28
                                          Attorneys for Defendant Google Inc.