Gregory J. Yu (State Bar No. 133955)
GLOBAL LAW GROUP
2015 Pioneer Court, Suite P-1
San Mateo, CA 94403
Telephone: (650) 570-4140
Facsimile: (650) 570-4142
E-mail: glgroup [at] inreach [dot] com

Attorney for Plaintiffs and Proposed Class and Subclasses

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 06-2057 JF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO RELATE CASE WITH *PERSON V. GOOGLE INC.*, C 06-7297 JCS**<br><br>Before: Hon. Jeremy Fogel |

Plaintiff KinderStart.com LLC ("KinderStart") files this opposition to Defendant Google Inc. ("Google")'s administrative motion under Civil Local Rule ("L.R.") 3-12 (the "3-12 Motion") to relate *Person v. Google, Inc.*, C 06-7297 JCS (the "*Person* Action") to the instant case. KinderStart's Second Amended Class Action Complaint ("SAC") alleges, *inter alia*, that Google violated the Sherman Act, 15 U.S.C. § 2 for monopolization and attempted monopolization of the market for advertising linked with search engine results. The *Person* Action alleges that Google violated both Sections 1 and 2 of the Sherman Act.

Google's motion to dismiss KinderStart's SAC under Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(6) (the "12(b)(6) Motion") is now under submission. On November 27, 2006, the *Person* Action was transferred into this district following the venue transfer order of October 11, 2006 from the Hon. Robert P. Patterson, Jr. of the Southern District of New York.

PLAINTIFFS' OPPOSITION TO GOOGLE'S
MOTION UNDER L.R. 7-11 ON RELATING CASES  -1-                    Case No. C 06-2057 JF

**LEGAL STANDARD FOR RELATING CASES IN THE NORTHERN DISTRICT**

Under L.R. 3-12(a), two cases are related when (1) the actions concern "substantially the same parties, property, transaction or event" and (2) there is a likelihood of "unduly burdensome duplication of labor and expense or conflicting results" if the cases are before different judges. This standard contemplates judicial efficiency and consistency, and not whether prejudice would lie against one of more of the litigants. A party that learns of a potentially related case must file an administrative motion with the court and serve the parties to the original case. L.R. 7-11, 3-12(b).

**DISCUSSION**

**A. The Two Actions Do Not "Substantially the Same Transaction or Event".**

Google expresses a preference for relating the *Person* Action to this case. However, the KinderStart class alleges *seven* different species of anticompetitive conduct to destroy competition in the relevant market. *SAC* ¶¶ 58-64. Just one of those relates to monopoly pricing using Google's so-called Landing Page Quality measurement. *SAC* ¶ 64. Therefore, a substantial commonality on the facts is rather limited. Aside from the question of whether plaintiff in the *Person* Action would be a putative class member, the harm exacted upon this plaintiff is to be evaluated under his status as a competitor, distributor, purchaser or consumer of such online advertising and information.[1]

There is one potential factual issue could be shared between KinderStart's allegations of Blockage and Page Rank Deflation (as defined in the SAC) and plaintiff's allegations in the *Person* Action. When KinderStart's website was blocked and received a PageRank of '0' over two ongoing periods, this could have adversely affected its Landing Page Quality. Indeed, these acts could impinge the condition of any AdWords participant depending on Google's motives. If Google chose to harm competition and the consumer (which includes both KinderStart and

---

[1] KinderStart may ultimately have a co-class representative who was victimized by the Landing Page Quality pricing spike launched against certain AdWords clients by Google, as alleged in *SAC* ¶ 64. On the October 26, 2006 (the day before the hearing on the 12(b)(6) Motion), Plaintiffs filed a Declaration of Daniel D. Savage in Support of Plaintiffs' Opposition to the 12(b)(6) Motion, regarding the TradeComet LLC's identity and the possibility of its joining the class action as a co-representative of KinderStart. *Court Document 66-1 and 66* on file herein.

PLAINTIFFS' OPPOSITION TO GOOGLE'S
MOTION UNDER L.R. 7-11 ON RELATING CASES  -2-                    Case No. C 06-2057 JF

1  Person), willful tactics to force or skew Landing Page Quality downward further demonstrates
2  composite anticompetitive conduct by Google.  Whether this is substantially the same
3  transaction or effect is perhaps unclear cannot be evaluated at this time without substantive
4  declarations and/or formal discovery.

5  **B.  There is Little Likelihood of Duplication of Labor or Conflicting Results.**

6  The effort and expense of litigating an action under the Sherman Act is admittedly
7  substantial and extensive.  The facts alleged in the SAC behind the first and second counts are
8  layered and complex.  If KinderStart's Sherman Act claim goes beyond the 12(b)(6) Motion,
9  extensive expert testimony from economists and technologists is required.  As Google correctly
10 confirms, the instant case and the *Person* Action involve allegations of monopolization in "a
11 defined market for search-related advertising online."  *3-12 Motion* at 1.  However, in opposition
12 to the 12(b)(6) Motion, KinderStart argued the composite effect of Google's anticompetitive
13 conduct toward the class of plaintiffs and competition as a whole.  The Sherman Section 2 claim
14 requires expert testimony on the ultimate harm to consumers -- not merely from escalated
15 AdWords pricing but also from the execution of manifold practices perfected by Google against
16 competition and prospective market entrants.

17 Conflicting results are not necessarily going to arise.  While Google may retain the
18 same experts for both the *Person* Action and the instant case, this is not necessarily the case for
19 the plaintiff in each case.  At trial, the jury could and should hear expert testimony on key
20 questions of the relevant market, the harm to competition, and the purported benefits and/or
21 alleged harm to consumers from the conduct of Google as the alleged monopolist.

22 **C.  There is an Absence of Consent or a Stipulation on Google's Motion.**

23 KinderStart never consented to or stipulated to this 3-12 Motion.  Google filed a
24 Declaration stating that KinderStart's counsel consented to this motion.  Google's counsel failed
25 to secure a written stipulation as required by L.R. 7-11(a) for filing with the Court.  Furthermore,
26 Google's counsel incorrectly declares that KinderStart or its counsel actually consented to the
27 merits of this motion.  *Declaration of Gregory J. Yu*, concurrently filed herewith, as <u>Exhibit 1</u>
28 hereto.  While the absence of KinderStart's consent does not necessarily govern the outcome of

1  this motion, KinderStart objects to the use of Mr. Kramer's Declaration to avoid the purpose and
2  function of the Local Rule.
3  Dated: December 6, 2006                    GLOBAL LAW GROUP

5                                              By:     /s/ Gregory J. Yu
                                                 Gregory J. Yu, Esq.
6                                          Attorney for Plaintiff KinderStart.com LLC and
7                                              for the proposed Class and Subclasses