1 DAVID H. KRAMER, State Bar No. 168452
COLLEEN BAL, State Bar No. 167637
2 BART E. VOLKMER, State Bar No. 223732
WILSON SONSINI GOODRICH & ROSATI
3 Professional Corporation
650 Page Mill Road
4 Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
5 Facsimile: (650) 565-5100
DKramer@wsgr.com
6
JONATHAN M. JACOBSON
7 WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
8 12 East 49th Street, 30th Floor
New York, NY 10017-8203
9 Telephone: (212) 999-5800
Facsimile: (212) 999-5899
10 JJacobson@wsgr.com

11 Attorneys for Defendant
Google Inc.
12

13                 UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                      SAN JOSE DIVISION

16

17 KINDERSTART.COM, LLC, a California ) CASE NO.: C 06-2057 JF (RS)
limited liability company, on behalf of itself )
18 and all others similarly situated, ) **DEFENDANT GOOGLE INC.'S**
) **OPPOSITION TO KINDERSTART'S**
19          Plaintiffs, ) **MOTION FOR SANCTIONS**
) **PURSUANT TO RULE 11**
20    v. )
) Before: Hon. Jeremy Fogel
21 GOOGLE INC., a Delaware corporation, ) Date: January 19, 2007
) Time: 9:00 a.m.
22          Defendant. ) Courtroom: 3, 5th Floor
)
23 )
)
24 )
)
25                                    )

26

27

28

GOOGLE'S OPP'N TO KINDERSTART'S                                 3014738_1.DOC
RULE 11 MOTION
CASE NO. C 06-2057 JF (RS)

## I. INTRODUCTION

In response to defendant Google Inc.'s ("Google") Rule 11 motion for sanctions, plaintiff KinderStart.com, LLC ("KinderStart") hastily served and then filed its own sanctions motion alleging that Google's motion violated Rule 11. Because Google's Rule 11 motion is meritorious, KinderStart's cross-motion necessarily fails. But even if Google's motion were unsuccessful, KinderStart has come nowhere near demonstrating that the motion violated Rule 11.

KinderStart offers one independent ground for its Rule 11 motion: the misguided assertion that Google violated Civil Local Rule 3-4(e) by citing to an unpublished opinion in briefing on Google's motions to dismiss and strike. KinderStart is wrong. Google's citation to the case, *SearchKing v. Google*, was entirely proper under the Local Rules.

Through its motion, KinderStart apparently hopes the Court will cast a pox on both parties, allowing KinderStart to escape sanction for its own misconduct. The unfounded motion should be denied and Google should be awarded the attorney's fees it incurred in opposing it.

## II. BACKGROUND

On October 20, 2006, Google filed a Rule 11 motion for sanctions against KinderStart based on allegations in KinderStart's Second Amended Complaint ("SAC") and noticed the motion for a hearing on December 8, 2006. Google's motion argued that the following allegations could not possibly have been the product of a reasonable investigation because they are simply untrue: (1) Google accepts payment in return for positions in its search results; (2) Google represents that it will provide a notification when it removes pages from its search results for any reason; (3) Google blocks webpages and reduces PageRanks for political and religious reasons. In opposition, KinderStart failed to proffer any *evidence* to support the contention that these allegations were the product of a competent investigation.

On November 16, 2006, KinderStart filed the present motion and noticed it for a hearing on January 19, 2007. On November 22, 2006, the Court continued the hearing on Google's Rule 11 motion to be heard with KinderStart's motion on January 19, 2007.

## III. ARGUMENT

### A. Google's Rule 11 Motion is Meritorious.

KinderStart's Rule 11 motion is premised mainly on the contention that Google's Rule 11 motion is itself sanctionable. *See* Motion at 2-9. KinderStart argues that Google: (1) violated the safe harbor of Rule 11 when filing its motion; (2) should not have challenged KinderStart's allegations regarding paid placement by means of a Rule 11 motion; (3) improperly attacked KinderStart's misleading use of ellipses in connection with a Google statement regarding notifications on certain removals of search results; and (4) should not have based its Rule 11 motion on KinderStart's allegations that Google engaged in political and religious discrimination. *Id.* Virtually all of KinderStart's motion appears to have been cut and pasted from its opposition to Google's Rule 11 motion. For the reasons set forth in Google's motion, reply memorandum and supporting declarations, Google's Rule 11 motion is meritorious. Accordingly, KinderStart's own Rule 11 request cannot possibly succeed.

In any event, KinderStart has in no way demonstrated with evidence, legal argument or case authority that Google's motion itself violates Rule 11. *See* Fed. R. Civ. P. 11(b) (setting forth the grounds on which a Rule 11 motion may be brought). KinderStart appears to presume that if Google's motion is not successful, then the motion necessarily violates Rule 11. Such a presumption is at odds with the text of Rule 11 which allows sanctions only upon a showing that Google acted with an improper purpose, advanced unwarranted legal contentions or lacked evidentiary support for its assertions. *See id.*; *Dong v. Applied Fusion, Inc.*, No. C 03-03698, 2005 WL 1514118, at *12 (N.D. Cal. June 22, 2005) (sanctions not warranted for non-frivolous claims that were ultimately unsuccessful). But Google had no improper purpose in filing its Rule 11 motion, its legal contentions were well grounded and its factual assertions are amply supported. KinderStart has offered nothing at all to show otherwise. To the extent that KinderStart's motion seeks sanctions based on Google's Rule 11 motion, it must be denied.

### B. Google Did Not Violate Civil Local Rule 3-4(e)

As the sole independent ground for its Rule 11 motion, KinderStart claims that Google has violated the Local Rules by citing to an unpublished opinion in prior briefs. KinderStart

could not be more mistaken. Google's citation to *SearchKing v. Google Technology Inc.*, No. CIV-02-1457, 2003 WL 21464568 (W.D. Okla. May 27, 2003) unequivocally complies with Local Rule 3-4(e), which states in pertinent part only that:

> Any order or opinion that is designated: "NOT FOR CITATION," pursuant to Civil L.R. 7-14 or pursuant to a similar rule of any other issuing court, may not be cited to this Court either in written submissions or oral argument except when relevant under the doctrines of the law of the case, res judicata, or collateral estoppel.

Because the *SearchKing* case issued from the Western District of Oklahoma, it was obviously not designated "Not for Citation" pursuant to this Court's Local Rule 7-14. Nor was the *SearchKing* case designated "Not for Citation" pursuant to a "similar rule" of the Western District of Oklahoma. KinderStart admits as much: "[the Western District of Oklahoma] does not have a rule for having an opinion or order designated as 'Not for Citation', which might be considered the equivalent of the L.R. 3-4(e)." Motion at 9. That is the end of the analysis. Google has not violated Local Rule 3-4(e).

If KinderStart means to suggest that parties may only cite to district court opinions that are reported in West's Federal Supplement or some other "official reporter," such an argument has no basis in the text of the Local Rule or the practice of this Court. *See Dennis v. Brown*, 361 F. Supp. 2d 1124, 1131 (N.D. Cal. 2005) (considering an unpublished order from this district that was reported in an electronic database); *Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1202 n.12 (N.D. Cal. 2004) (citing to an unpublished order from this district for a legal proposition); *Yahoo!, Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 169 F. Supp. 2d 1181, 1192 (N.D. Cal. 2001) (citing to an unpublished order from the Southern District of New York regarding a novel issue of law). Indeed, KinderStart itself has cited numerous unpublished cases in its briefs in this case.[1] In fact, KinderStart cited an unpublished case when seeking judicial notice *in connection with the present motion*. *See* KinderStart's Request of Judicial

---

[1] *See* Motion for Preliminary Injunction (Doc. No. 16) at 18 (citing unpublished case); Motion for Specified Discovery on Defamation and Libel (Doc. No. 29) at 5 (citing unpublished case); Opposition to Motion to Dismiss the SAC (Doc. No. 56) at 7 n.8, 20 n.20, 22, 26 n.23 (citing unpublished cases); Opposition to Motion to Dismiss/Strike SAC (Doc. No. 58) at 3 (citing unpublished case).

1  Notice (Doc. No. 69-3) at 3 (citing *Jenkel v. City and County of San Francisco*, No. 06-2593,
2  2006 WL 2053502 (N.D. Cal. July 21, 2006)). Moreover, KinderStart has not complained about
3  the other unpublished opinions Google has referenced in its briefs, suggesting that KinderStart is
4  troubled by the specific content of the *SearchKing* opinion and not by the citation to unpublished
5  cases in general.

6  KinderStart's citation to *Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1021 n.3
7  (N.D. Cal. 2005) only confirms that citation to unpublished opinions is permissible under the
8  Local Rules so long as they are not designated "Not for Citation." In that case, the Court ruled
9  that a party's citation to an unpublished decision that had not been designated "Not for Citation"
10 complied with Local Rule 3-4(e).[2] Ironically, the *Google v. Microsoft* court relied upon that
11 very unpublished opinion when reaching its conclusion on the substantive issue before the court.
12 In short, parties may cite to cases published in electronic databases if those cases have not been
13 designated under Local Rule 7-14. *See Anderson v. Schwartz*, No. C06-2481, 2006 WL
14 2472210, at *7 n.2 (N.D. Cal. Aug. 24, 2006) (party did not violate Local Rule 3-4(e) by citing
15 to a case that had not been designated "Not for Citation"). KinderStart's Rule 11 motion based
16 on Google's alleged violation of Local Rule 3-4(e) is simply frivolous.

17  **C.  Google Should Be Awarded its Attorney's Fees**

18  Pursuant to Rule 11, "the court may award to the party prevailing on the motion the
19 reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed. R.
20 Civ. P. 11(c)(1)(A). Here, given the baseless nature of KinderStart's Rule 11 motion, an award
21 of attorney's fees and costs is appropriate. *See* Advisory Committee Notes to 1993 Amendments
22 (noting that "the court may award to the person who prevails on a motion under Rule 11 –
23 whether the movant or the target of the motion – reasonable expenses, including attorney's fees,
24 incurred in presenting or opposing the motion"); *Patelco Credit Union v. Sahni*, 262 F.3d 897,

---

[2] The fact that Google was a party to that case is of no moment. Google had different counsel in that action who mistakenly alleged in a footnote of an opposition brief that the adverse party had violated Local Rule 3-4(e). *See* Case No. 05-03095, Docket No. 24 at 15 n.13. The Court obviously disagreed that the Local Rule had been violated and Google does not contend in this case that citation to an unpublished opinion constitutes a violation of the Local Rule.

913 (9th Cir. 2001) (affirming award of attorney's fees to party defending against a Rule 11 motion); *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, Nos. 04-1249, 04-1818, 04-1403, 2005 WL 1513130, at *16 (N.D. Cal. June 22, 2005) (awarding attorney's fees in the amount of $15,000 to the target of an unnecessary and unsuccessful Rule 11 motion); *Harara v. ConocoPhillips Co.*, No. 04-0515, 2005 WL 240773, at *1-2 (N.D. Cal. Jan. 27, 2005) (granting attorney's fees to target of Rule 11 motion where the motion did "little more than restate the arguments in his motion to dismiss").[3]

## IV. CONCLUSION

Google respectfully requests that the Court deny KinderStart's Rule 11 motion and award Google its fees and costs incurred in responding to it.

Dated: December 21, 2006

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ David H. Kramer
   David H. Kramer

Attorneys for Defendant
Google Inc.

---

[3] The Ninth Circuit has explained that "[a] party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Patelco,* 262 F.3d at 913.