EXHIBIT A

--- F.Supp.2d ---- Page 1
--- F.Supp.2d ----, 2007 WL 530156 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

Briefs and Other Related Documents

Langdon v. Google, Inc.D.Del.,2007.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Christopher LANGDON, Plaintiff,
v.
GOOGLE, INC. d/b/a Delaware Google, Inc., Yahoo! Inc., and Microsoft Corporation, Defendants.
No. CIV.A. 06-319-JJF.

Feb. 20, 2007.

Christopher Langdon, Pro se Plaintiff.
Kurt M. Heyman, Esquire, Wilmington, for Defendant Google, Inc., d/b/a Delaware Google, Inc.
Daniel V. Polt, Esquire and Gary William Lipkin, Esquire, Wilmington, for Defendants Yahoo! Inc. and Microsoft Corporation.

MEMORANDUM OPINION

FARNAN, District J.
**\*1** Presently before the Court are Motions To Dismiss filed by Defendants Google, Inc. ("Google"), Yahoo! Inc. ("Yahoo"), and Microsoft Corporation ("Microsoft") (D.I.10, 18, 20, 51, 54, 56), Plaintiff's Motions For Default Entry And Default Judgment As To Time Warner Companies, Inc. ("Time Warner"), AOL LLC ("AOL"), Yahoo (D.I.25), and Microsoft Corporation (D.I.28), and Plaintiff's Motions To Strike Motions To Dismiss (D.I.30, 31, 32). For the reasons set forth below, the Court will deny as moot the Motions For Default Entry And Default Judgment as To Time Warner and AOL (D.I.25), and will deny the Motions For Default Judgment as to Yahoo and Microsoft (D.I.25, 28). The Court will deny in part and grant in part Google's Motion To Dismiss The Amended Complaint, will grant Yahoo and Microsoft's Motions To Dismiss The Amended Complaint (D.I.51, 54, 56), and will deny as moot the remaining pending motions (D.I.10, 18, 20, 30, 31, 32).

I. BACKGROUND

**\*1** Plaintiff, who proceeds *pro se,* filed his original complaint on May 17, 2006. (D.I.1.) Waivers Of Service were returned executed to the Court on June 5, 2006. (D.I.4, 5, 6, 7.) The Court Docket indicates that Defendants' Answers were due to be filed by July 31, 2006. *Id.* On July 24, 2006, Defendants Google, Yahoo, AOL, and Microsoft filed Motions To Dismiss The Complaint. (D.I.10, 11, 12.) Plaintiff filed Motions For Default Entry And Default Judgment on August 1, 2006, and on August 7, 2006. (D.I.25, 28.) Plaintiff also filed Motions To Strike The Motions To Dismiss filed by Microsoft, AOL, and Yahoo. (D.I.30, 31, 32.)

**\*1** Plaintiff subsequently filed a Voluntary Dismissal In Part, Without Prejudice. (D.I.43.) Plaintiff dismissed all claims against Time Warner and its subsidiary AOL, and the claims against Google, Yahoo, and Microsoft for violations of the Commerce Clause, violations of any state or federal anti-trust laws, and any violations of the Communications Act. Two days later, on September 21, 2006, Plaintiff filed an Amended Complaint against Google, Yahoo, and Microsoft. (D.I.44.) Next, Plaintiff filed "corrections" to the Amended Complaint and an Affidavit regarding Microsoft's "fraud." (D.I.48, 49.) In turn, Google, Yahoo, and Microsoft filed Motions To Dismiss The Amended Complaint. (D.I.51, 54, 56.) Plaintiff opposes the motions. (D.I.61.)

II. THE AMENDED COMPLAINT

**\*1** Plaintiff has two internet websites; www.NCJusticeFraud.com ("NCJustice") and www.ChinaIsEvil.com ("China"). The Amended Complaint alleges that the NCJustice website exposes fraud perpetrated by various North Carolina government officials and employees, including Roy Cooper ("Cooper"), the North Carolina Attorney General, and that the China website delineates atrocities committed by the Chinese government. The Amended Complaint alleges that Defendants refused to run ads on the two websites, specifically two Cooper ads on the NCJustice website and one ad on the China website.

**\*2** More particularly, Plaintiff alleges that Google gave a fraudulent excuse for not running the Cooper ads, that the reasons for refusal do not appear in its

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

website or in its ad content policy, and that Google gave no reason for not running the China ad. Plaintiff alleges that Microsoft refuses to run his ads and has given no reason for its refusal. Finally, Plaintiff alleges that Yahoo refused to run his ads because his websites are not hosted by Yahoo.

**\*2** Plaintiff alleges that the Defendants' refusal to run his ads violates his First and Fourteenth Amendment rights under the U.S. Constitution and under the Delaware Constitution. He also alleges that Google, Yahoo, and Microsoft violated Delaware law through fraud, breach of contract, deceptive business practices pursuant to Del.Code Ann. tit. 6, § 2517, and the doctrine of public calling.

**\*2** Most of the allegations in the Amended Complaint are directed towards Google. Plaintiff alleges that Google disapproved his ads on the basis of unacceptable content, stated that it did not permit ad text that advocates against an individual, group, or organization, or ads that advocate against a group protected by law. (D.I. 44, at 3.) He alleges that Google's reasons for refusing to run the Cooper ads are fraudulent. (D.I. 44, at 3-4.) Plaintiff alleges that because Google never alleged that his ads violated Google's content policy or editorial guidelines, they are inapplicable to him. *Id.* at 4.

**\*2** Plaintiff alleges that Google's "purported content policy" is part of its pattern of fraud, deceit, and misrepresentation regarding its advertising policies and search engine results. *Id.* at 5. Plaintiff alleges that the rejection or acceptance of ads is based upon whether the political viewpoint of the ad and the related website agree with those of Google's executives and employees, all in contravention of its "fraudulent content policy." *Id.* at 9. Plaintiff alleges that Google engages in fraud when it encourages advertisement and then disallows ads for reasons that are contrary to its content policy, while at the same time allowing ads that do not comply with its content policy. *Id.* at 11. He alleges that Google made fraudulent and deceptive statements such as its search results are objective, they are based upon the popularity of the websites, it lacks bias, its search results are objective and neutral, and it encourages diversity in its search results.

**\*2** He further alleges that Google removed his NCJustice website from its search results for "Roy Cooper" and "Attorney General Roy Cooper," and that during the time in question a same search on MSN ranked his website at eight. Plaintiff alleges that Google's delisting of the NCJustice website from its search results hurt its ranking with other search engines. *Id.* at 14. Plaintiff alleges that Google fraudulently implied it was legally compelled to remove his website from its search results, but that after he filed his original Complaint, Google reinstated the NCJustice website. Plaintiff alleges that reinstatement of the NCJustice website proves that the initial delisting was fraudulent, arbitrary, and punitive. *Id.* at 15.

**\*3** Plaintiff also alleges that Google censored his website, but in China it allows the Chinese government to censor Google's search results. Plaintiff alleges that Google's *de facto* content policy does not allow advertisement critical of the Chinese government.

**\*3** Plaintiff's allegations against Microsoft are that he applied for and was accepted into Microsoft's pilot ad program, submitted his China ad, but never received a response. Plaintiff alleges that ignoring him resulted in a *de facto* refusal to run his ad. He alleges that Microsoft is using fraud to breach its contract.

**\*3** Plaintiff's allegations against Yahoo are that he attempted to advertise on Yahoo's search engine, but was told by a Yahoo representative that it does not accept advertising for websites it does not host. Plaintiff alleges he wrote to Yahoo regarding the matter but received no response. Plaintiff also alleges that Yahoo delisted his NCJustice website from its search results, but after the original complaint was filed, Yahoo reinstated the website.

**\*3** Plaintiff alleges that he has no viable alternative other than to advertise on Defendants' search engines. He seeks declaratory and injunctive relief and compensatory and punitive damages.

**\*3** Google moves for dismissal of the Amended Complaint on the bases that it does not comply with Fed.R.Civ.P. 8, the claims are barred as a matter of

law, and dismissal is appropriate pursuant to Fed.R.Civ.P. 12(b)(6) because the Amended Complaint fails to state a claim upon which relief may be granted. (D.I.51, 53.) Yahoo moves for dismissal arguing that the Amended Complaint fails to state viable common law and statutory claims under Delaware law, and it fails to state viable Commerce Clause, Right to Petition, or Free Speech claims. (D.I.54, 55.) Microsoft moves for dismissal on the bases that the Amended Complaint fails to allege Plaintiff was directly injured by Microsoft, the doctrine of public calling is inapplicable, the Amended Complaint fails to state a claim under the First Amendment or the Delaware Constitution for a violation of right to free speech, for breach of contract, fraud, and deceptive business practices, and it is immune from suit for its decisions to screen content. (D.I.56, 57.)

### III. DISCUSSION

#### A. Standard of Law

##### 1. Default

**\*3** Entry of default judgment is a two-step process. Fed.R.Civ.P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter...the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed.R.Civ.P. 55(a). Timely serving and filing a motion to dismiss under Fed.R.Civ.P. 12(b), precludes entry of default. *See* Francis v. Joint Force Headquarters Nat'l Guard, Civ. No. 05-4882(JBS), 2006 WL 2711459 (D.N.J. Sept. 19, 2006). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984).

##### 2. Motion to Dismiss

**\*4** Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir.1993). To that end, the Court assumes that all factual allegations in Plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to Plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir.2004). However, the Court should reject "unsupported allegations," "bald assertions," or "legal conclusions." *Id.* A Rule 12(b)(6) motion should be granted to dismiss a *pro se* complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

#### B. Default Judgment

**\*4** Plaintiff moves for entry of default and default judgment against Defendants Time Warner, AOL, and Yahoo on the basis that they failed to plead or otherwise defend and therefore are in default. (D.I.25.) The motion is moot as to Defendants AOL and Microsoft inasmuch as Plaintiff voluntarily dismissed them from the case. *See* D.I. 43.

**\*4** Plaintiff also seeks entry of default and default judgment against Microsoft on the basis that Plaintiff never received, via U.S. mail, a copy of Microsoft's Motion To Dismiss filed on July 24, 2006, he did not receive the Motion To Dismiss until August 3, 2006, and then it was via Federal Express. (D.I.28.) Plaintiff argues that Microsoft's pleading was mailed two days after the time had expired to file an answer or otherwise plead. Plaintiff also seeks entry of default and default judgment on the basis that counsel for Defendants "deceived" him. (D.I.29.) Yahoo and Microsoft oppose the motions arguing that the record is clear that they timely responded to the lawsuit filed by Plaintiff. (D.I.34.)

**\*4** Regardless of the date when Plaintiff actually received the Motions To Dismiss, the docket sheet reflects that they were timely filed. Accordingly, default is improper since Defendants have "otherwise defended" the pleading. Moreover, even if the motions were not timely filed, Plaintiff has failed to demonstrate that he was prejudiced by the alleged

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

late receipt of the service copies. Accordingly, the Court will deny the Motions For Default Entry And Default Judgment against Yahoo and Microsoft. (D.I.25, 28.)

### C. Motion to Dismiss

#### 1. Rule 8

**\*4** Google contends that the Amended Complaint should be dismissed for failure to comply with Fed.R.Civ.P. 8. Rule 8(a)(2) provides that the complaint shall consist of a short and plain statement of the claim showing that the pleader is entitled to relief, and part (e)(1) of Rule 8 provides that each averment of a pleading shall be simple, concise, and direct. Fed.R.Civ.P. 8. Google argues that the Amended Complaint lacks any semblance of compliance with Rule 8 standards, that it is disorganized, contains unnumbered paragraphs, is redundant, vague and conclusory, inflammatory, and contains irrelevant material.

**\*5** Plaintiff proceeds *pro se.* As is well-known, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In light of the fact that Plaintiff proceeds *pro se* and the liberal pleading standards, the Court will deny Google's Motion To Dismiss on the basis that the Amended Complaint does not comply with the requisites of Rule 8.

#### 2. Injury-In-Fact

**\*5** Microsoft moves for dismissal of all claims raised against it on the basis that the Amended Complaint fails to satisfy the requirements that Plaintiff suffered an injury-in-fact. The cases and controversies requirement in Article III demand that all litigants in federal court demonstrate that they have suffered a concrete, legally cognizable injury-in-fact that is either actual or imminent. American Fed'n of Gov't Employees v. Styles, 123 Fed. Appx. 51, 52 (3d Cir.2004) (citing U.S. Const. art. III, § 2). It is incumbent on the party invoking federal jurisdiction to establish this and every other prerequisite for standing. *Id.* (citing FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990)).

**\*5** Microsoft's position is well-taken. Here, Plaintiff alleges that he never received a response from Microsoft after he submitted an ad to it. Plaintiff alleges that he was ignored by Microsoft. While Plaintiff may believe he was ignored while waiting for an answer from Microsoft, this alleged slight is not an injury-in-fact sufficient to confer standing on Plaintiff as to his claims against Microsoft. *See* e.g., Takhar v. Kessler, 76 F.3d 995 (9th Cir.1996) (uncertainty that a veterinarian experienced while waiting for clarification from the FDA is not an injury-in-fact sufficient to confer standing).

**\*5** Plaintiff has failed to allege an injury-in-fact sufficient to defeat the Microsoft's Motion To Dismiss. Therefore, the Court will grant the Motion.

#### 3. Defendants' First Amendment Rights

**\*5** Google and Microsoft argue that Plaintiff's claims are barred as a matter of law, and that the relief sought by him is precluded by their First Amendment Rights. Google points to the relief sought by Plaintiff that Google, Yahoo, and Microsoft place Plaintiff's ads for his websites in prominent places on their search engine results and that Defendants "honestly" rank Plaintiff's websites.

**\*5** Google argues that such relief would compel it to speak in a manner deemed appropriate by Plaintiff and would prevent Google from speaking in ways that Plaintiff dislikes. It contends such relief contravenes the First Amendment. Plaintiff did not respond to this issue.

**\*5** The First Amendment guarantees an individual the right to free speech, "a term necessarily comprising the decision of both what to say and what not to say." Riley v. National Fed'n of the Blind of North Carolina, Inc., 487 U.S. 781, 796-97 (1987). Defendants are correct in their position that the injunctive relief sought by Plaintiff contravenes Defendants' First Amendment rights. *See* Miami Herald Publ'g Co. v. Tornillo, 418 U.S. 241, 256 (1974) (forcing newspa-

pers to print candidates' replies to editorials is an impermissible burden on editorial control and judgment). *Sinn v. The Daily Nebraskan,* 829 F.2d 662 (8th Cir.1987) (University newspaper's rejection of roommate advertisements in which advertisers stated their gay or lesbian orientation was a constitutionally protected editorial decision); *Associates & Aldrich Co. v. Times Mirror Co.,* 440 F.2d 133 (9th Cir.1971) (Court cannot compel the publisher of a private daily newspaper to accept and print advertising in the exact form submitted based upon the freedom to exercise subjective editorial discretion in rejecting a proffered article). Accordingly, the Court will grant Google's and Microsoft's Motion To Dismiss the Amended Complaint on the basis that Plaintiff seeks relief precluded by their First Amendment rights.

4. Communications Decency Act

**\*6** Google and Microsoft argue that the Communications Decency Act, 47 U.S.C. § 230(c)(2)(A), provides them immunity from suit from claims grounded upon their exercise of editorial discretion over internet content and editorial decisions regarding screening and deletion of content from their services. Google cites case law that holds Google is considered an "interactive computer service" as contemplated by § 230. Google also relies upon Third Circuit precedent as set forth in *Green v. American Online (AOL),* 318 F.3d 465 (3d Cir.2003).

**\*6** Plaintiff argues that § 230 is inapplicable because none of the Defendants refused to run the Cooper ads because they were obscene or that the websites were harassing. He also argues that neither Google nor Microsoft offered a reason for not running the China ads and that Yahoo provided a false reason for not running the ads. Plaintiff argues that Defendants cannot create "purported reasons" for not running the ads.

**\*6** Section § 230 provides immunity from civil suits as follows: "No provider or user of an interactive computer service shall be held liable on account of ... any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected." 47 U.S.C. § 230(c)(2)(A). As determined in *Green,* "[b]y its terms, § 230 provides immunity to [Defendants] as [ ] publishers or speakers of information originating from another information content provider. *Green,* 318 F.3d at 471. "The provision 'precludes courts from entertaining claims that would place a computer service provider in a publisher's role,' and therefore bars 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions-such as deciding whether to publish, withdraw, postpone, or alter content." ' *Id.* (citing *Zeran v. America Online, Inc.,* 129 F.3d 327, 330 (4th Cir.1997)); *see also,* e.g., *Ben Ezra, Weinstein & Co., Inc. v. America Online, Inc.,* 206 F.3d 980, 986 (10th Cir.2000) ("Congress clearly enacted § 230 to forbid the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions").

**\*6** It is evident from the allegations in the Amended Complaint that Plaintiff attempts to hold Defendants liable for decisions relating to the monitoring, screening, and deletion of content from their network. As noted by the *Green* Court, these actions are "quintessentially related to a publisher's role," *Green,* 318 F.3d at 471, and " § 230 'specifically proscribes liability' in such circumstances." *Id.* (quoting *Zeran,* 129 F.3d at 332-33).

**\*6** Plaintiff's position that § 230 is inapplicable is not well-taken. Plaintiff argues there was no refusal to run his ads on the basis they were obscene or harassing, and that Defendants cannot create "purported reasons for not running his ads." (D.I. 61 at 9). He omits, however, reference to that portion of § 230 which provides immunity from suit for restricting material that is "otherwise objectionable."

**\*7** Section 230 provides Google, Yahoo [FN1], and Microsoft immunity for their editorial decisions regarding screening and deletion from their network. Therefore, the Court will grant the Motions To Dismiss all such claims as raised by Plaintiff.

   FN1. Yahoo did not move for dismissal on the basis of § 230.

5. Plaintiff's First Amendment Rights

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**\*7** Defendants argue that Plaintiff cannot state a claim for violation of his right to free speech under either the United States or Delaware Constitution because they are not state actors. Particularly, Google contends that the Amended Complaint makes clear that it is a for-profit company as it is identified as a corporation and there are allegations of Google's for-profit AdWords program. (D .I. 53 at 15-16.)

**\*7** Plaintiff alleges that internet search engines are public forums, and that private property opened to the public may be subject to the First Amendment. Plaintiff compares internet search engines to malls and/or shopping centers and contends that Google has dedicated its private property as a public forum. Plaintiff relies upon several U.S. Supreme Court cases to support his position. He also posits that Google works with private and public universities and that this government entwinement with a private entity results in state action as required by 42 U.S.C. § 1983.

**\*7** When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49.

**\*7** Plaintiff has failed to state a claim that Defendants violated his First Amendment right to free speech. Defendants are private, for profit companies, not subject to constitutional free speech guarantees. *See* e.g., Howard v. America Online, 208 F.3d 741, 754 (9th Cir.2000); Noah v. AOL Time Warner, Inc., 261 F.Supp.2d 532, 546 (E.D.Va.2003). They are internet search engines that use the internet as a medium to conduct business. Plaintiff's position that Google is a state actor because it works with state universities is specious. "A conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Ciambriello v. County of Nassau, 292 F.3d 307, 324 (3d Cir.2002). Further, there are insufficient allegations in the Amended Complaint that "there is a sufficiently close nexus between the State and the challenged action of [Defendants] so that the action[s] of the latter may be fairly treated as that of the State itself." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982); *see also* Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir.1995).

**\*7** Plaintiff's analogy of Defendants' private networks to shopping centers and his position that since they are open to the public they become public forums is not supported by case law. The Supreme Court has consistently held that a private shopping center is not a public forum for speech purposes. PruneYard Shopping Ctr. v. Robins, 447 U.S. 74, 81 (1980). Lloyd Corp., Ltd. v. Tanner, 407 U.S. 551, 569 (1972). The Court has routinely rejected the assumption that people who want to express their views in a private facility, such as a shopping center, have a constitutional right to do so. PruneYard Shopping Ctr., 447 U.S. at 81; Lloyd Corp., 407 U.S. at 558. Private property does not "lose its private character merely because the public is generally invited to use it for designated purposes." Lloyd Corp., 407 U.S. at 569. Similarly, the Court finds unavailing Plaintiff's argument that he has no reasonable alternative to advertising on Defendants' search engines. *See* Cyber Promotions, Inc. v. American Online, Inc., 948 F.Supp. 436, 443 (E.D.Pa.1996) (private company had numerous alternatives for reaching customers including mail, television, cable, newspapers, magazines, and competing commercial online services).

**\*8** Defendants are not state actors. Plaintiff has failed to state a § 1983 claim, and therefore, the Court will grant the Motions To Dismiss the First Amendment Claims.

### 6. Delaware Free Speech Claim

**\*8** Plaintiff raises a free speech claim under the Delaware Constitution. Defendants move to dismiss the claim arguing that as the First Amendment claim fails, so does the Delaware free speech claim.

**\*8** The Delaware Constitution provides in part that "[t]he press shall be free to every citizen who undertakes to examine the official conduct of men acting in a public capacity; and any citizen may print on any subject, being responsible for the abuse of that liberty." Del. Const. art. I, § 5. Defendants correctly

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

note that the free press provision of the Delaware Constitution has the same scope as the First Amendment. *Gannett Co., Inc. v. State,* 571 A.2d 735, 741 n.9 (Del.1989); *In re Opinion of the Justices,* 324 A.2d 211, 213 (Del.1974); *Fuester v. Conrail,* No. 91C-09-013, 1994 WL 555526, at *2 (Del.Supr.Ct.1994). Defendants also argue that Plaintiff cannot state a claim under the free speech clause of the Delaware Constitution because Plaintiff is a citizen of Florida, not Delaware, and the Amended Complaint contains no allegations that any of the relevant acts took place in Delaware.

**\*8** Defendants' positions are well-taken. The Court will grant the Motion To Dismiss the Delaware constitutional claim inasmuch as Plaintiff fails to state a claim under the First Amendment, and the Delaware Constitution has the same scope as the First Amendment.

### 7. Breach of Contract

**\*8** Defendants argue that the Amended Complaint fails to state a claim for breach of contract. Plaintiff responds that whether or not he will prevail on this claim is not relative to the motion to dismiss.

**\*8** To state a claim for breach of contract Plaintiff must establish three elements. He must prove that a contract existed; he must establish that the defendant breached an obligation imposed by the contract; and he must show that the breach resulted in damage to him. *VLIW Tech., LLC v. Hewlett-Packard Co.,* 840 A.2d 606, 612 (Del.2003).

**\*8** Google argues that its refusal to accept Plaintiff's proposed ads cannot constitute breach of contract and it cites several cases in support of its positions. The cases cited, however, were disposed of by summary judgment motion, not a motion to dismiss. A copy of the contract at issue is attached as an exhibit to the Complaint. Nonetheless, this case is in its early stages, and at this juncture the Court declines to rule on the issue of breach of contract by Google in a dismissal motion. The Court finds that as to Google, Plaintiff has adequately alleged a breach of contract claim. Therefore, the Court will deny Google's Motion To Dismiss this claim.

**\*8** As to Yahoo and Microsoft, the Amended Complaint fails to allege a very important element, that being the existence of a contract. Therefore, the Court will grant the Motions To Dismiss the breach of contract claims raised against Yahoo and Microsoft.

### 8. Fraud Under Delaware Law

**\*9** Defendants argue that the Amended Complaint fails to state a claim for fraud. Again, Plaintiff responds that whether or not he will prevail on this claim is not relative to a motion to dismiss.

**\*9** Under Delaware law, to state a claim for common law fraud, Plaintiff must plead facts supporting an inference that: (1) Defendants falsely represented or omitted facts that the Defendant had a duty to disclose; (2) Defendants knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) Defendants intended to induce Plaintiff to act or refrain from acting; (4) Plaintiff acted in justifiable reliance on the representation; and (5) Plaintiff was injured by its reliance. *DCV Holdings, Inc. v. ConAgra, Inc.,* 889 A.2d 954, 958 (Del.2005).

**\*9** Throughout the Amended Complaint Plaintiff indiscriminately uses the words fraud or fraudulent. Other than word usage, the Amended Complaint fails to adequately state a claim for fraud. The Amended Complaint does not allege that Defendants intended to induce Plaintiff to act or refrain from acting or that Plaintiff acted in justifiable reliance on the alleged representations. Accordingly, the Court will grant the Motion To Dismiss the fraud claim.

### 9. Deceptive Business Practice

**\*9** Defendants argue that the Amended Complaint fails to state a claim for deceptive business practice. Once again, Plaintiff responds that whether or not he will prevail on this claim is not relative to a motion to dismiss.

**\*9** Initially the Court notes that the Amended Complaint does not refer to the correct Delaware statute for a deceptive trade practice claim. Plaintiff alleges a violation of 6 Del.Code Ann. § 2517. There is no

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

cause of action under this section of the Delaware Code. Rather, this statute refers to the Delaware Attorney General's investigative powers in consumer protection cases.

**\*9** Liberally construing Plaintiff's Amended Complaint, it may be that he attempts to allege deceptive business practices under Delaware's Consumer Protection Act, 6 Del.Code Ann. § 2511 *et seq* . This Act, however, is limited to actions that take place within the State of Delaware, as detailed in § 2512. "The purpose of this subchapter shall be to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce in part or wholly within this State ." 6 Del.Code Ann. § 2512 (Court's emphasis). The Amended Complaint does not allege that the alleged acts took place in Delaware. Plaintiff has failed to state a claim for deceptive trade practices, and therefore, the Court will grant the Motions To Dismiss this claim.

### 10. Public Calling/Discrimination

**\*9** Google and Microsoft move to dismiss the public calling/discrimination claim on the basis that they are not engaged in public calling as recognized by the Delaware Courts. Yahoo moves to dismiss the "public calling" claim arguing that no such claim exists under Delaware law. Rather than respond to the argument, Plaintiff invites the Court to ask the Delaware Supreme Court to issue an advisory opinion on whether the Delaware Constitution considers an internet search engine a public forum, and whether they are in a public calling.

**\*10** At common law a person engaged in a public calling, such as an innkeeper or common carrier, was held to have a duty to the general public to serve without discrimination all who sought service. The Delaware Supreme Court narrowly construed public calling only when there exists an innkeeper-guest relationship. *State v. Brown,* 6 Storey 571, 195 A.2d 379 (Del.1963). In contrast, owners of private enterprises, such as a restaurant or other place of public refreshment, amusement, entertainment or resort, were under no such obligation, enjoying an absolute power to serve whom they pleased. *See Brown,* 195. A.2d at 382 (citations omitted); *Madden v. Queens County Jockey Club,* 296 N.Y. 249, 253, 72 N.E.2d 697, 698 (1947). *See also Marrone v. Washington Jockey Club,* 227 U.S. 633, 636 (1913).

**\*10** Defendants, as internet search engines, do not fall under the umbrella of an innkeeper. The public calling claim is frivolous, and therefore, the Court will grant Defendants' Motions to Dismiss the public calling claim.

### 11. Commerce Clause

**\*10** Plaintiff voluntarily dismissed the Commerce Clause raised in the original Complaint. Nonetheless, because the Amended Complaint makes reference to the Commerce Clause, and apparently out of an abundance of caution, Yahoo moves for its dismissal. The Amended Complaint fails to state a claim under the Commerce Clause. Therefore, the Court will grant that aspect of Yahoo's Motion To Dismiss.

### IV. CONCLUSION

**\*10** The Court will deny the Motions For Default Entry And Default Judgment against Yahoo and Microsoft. (D.I.25, 28.) The Court will deny as moot the Motion For Default Entry And Default Judgment against Time Warner and AOL. (D.I.25.) The Court will deny Google's Motion To Dismiss on the issues of Fed.R.Civ.P. 8 and breach of contract and will grant it in all other respects. (D.I.51.) The Court will grant Yahoo and Microsoft's Motions To Dismiss (D.I.54, 56.) The Court will deny as moot all remaining pending motions. (D.I.10, 18, 20, 30, 31, 32.) The only claim remaining is the breach of contract claim against Google. The Court will dismiss as Defendants Yahoo and Microsoft. An appropriate Order will be entered.

### ORDER

**\*10** At Wilmington, this 20 day of February, 2007, for the reasons set forth in the Memorandum Opinion issued this date;

**\*10** IT IS HEREBY ORDERED that:

**\*10** 1. Google, Inc.'s First Motion To Dismiss is

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*DENIED* as *moot*. (D.I.10.)

***10** 2. Yahoo! Inc.'s Motion To Dismiss is *DENIED* as *moot.* (D.I.18.)

***10** 3. Microsoft Corporation's Motion To Dismiss is *DENIED* as *moot.* (D.I.20.)

***10** 4. Plaintiff's Motion For Default Entry And Default Judgment against Defendants Time Warner, Inc. and AOL is *DENIED* as *moot*. (D.I.25.)

***10** 5. Plaintiff's Motion For Default Entry And Default Judgment against Defendant Yahoo! Inc. is *DENIED.* (D.I.25.)

***10** 6. Plaintiff's Motion For Default Entry And Default Judgment Against Defendant Microsoft is *DENIED.* (D.I.28.)

***11** 7. Plaintiff's Motion To Strike Motion To Dismiss is *DENIED* as *moot.* (D.I.30.)

***11** 8. Plaintiff's Motion To Strike Motion To Dismiss is *DENIED* as *moot.* (D.I.31.)

***11** 9. Plaintiff's Motion To Strike Motion To Dismiss is *DENIED* as *moot.* (D.I.32.)

***11** 10. Google, Inc.'s Motion To Dismiss is *DENIED* on the issues of Fed.R.Civ.P. 8 and breach of contract and *GRANTED* it in all other respects. (D.I.51.)

***11** 11. Yahoo! Inc.'s Motion To Dismiss is *GRANTED,* and it is *DISMISSED* as a Defendant. (D.I.54.)

***11** 12. Microsoft Corporation's Motion To Dismiss is *GRANTED,* and it is *DISMISSED* as a Defendant. (D.I.56.)

D.Del.,2007.
Langdon v. Google, Inc.
--- F.Supp.2d ----, 2007 WL 530156 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 3034622 (Trial Pleading) Amended Civil Rights Complaint for Damages, Injunctive and Declaratory Relief, and Demand for a Jury Trial (Sep. 20, 2006) Original Image of this Document (PDF)

• 1:06cv00319 (Docket) (May 17, 2006)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.