DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
DKramer@wsgr.com

JONATHAN M. JACOBSON
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12 East 49th Street, 30th Floor
New York, NY 10017-8203
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
JJacobson@wsgr.com

Attorneys for Defendant
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: C 06-2057 JF (RS)<br><br>**DEFENDANT GOOGLE INC.'S MOTION FOR ATTORNEY'S FEES PURSUANT TO COURT'S MARCH 16, 2007 ORDER**<br><br>Before: Hon. Jeremy Fogel |

**INTRODUCTION**

On March 16, 2007, this Court granted, in part, Google Inc.'s ("Google") Motion for Sanctions against Kinderstart.com ("KinderStart") and Gregory Yu pursuant to Federal Rule of Civil Procedure 11 (the "Motion"). In relevant part, Google's Motion challenged KinderStart's allegations in its Second Amended Complaint that (a) Google skews it search results and reserves top placement for entities that compensate Google; and (b) Google removes certain websites from its search results and lowers PageRanks for political and religious reasons. In its March 16 Order (the "Order"), the Court found that, in violation of Rule 11, KinderStart and its counsel lacked any evidentiary basis for these allegations and that KinderStart's counsel failed to conduct an adequate investigation before making them. *See* Kramer Decl., Ex. A. The Order directed Google to file a motion setting forth its claim for attorney's fees "associated with its motion for sanctions and with other motion practice related to the sanctionable allegations." *Id.* Per that direction, Google now respectfully requests that the Court award it the sum of $14,297 in attorney's fees, representing only a portion of the costs KinderStart and its counsel imposed upon Google through their Rule 11 violations.

**ARGUMENT**

Frivolous litigation allegations are a particular problem for a company like Google that is constantly in the public eye. Media around the world looking for news about Google, pick up and rebroadcast such allegations, rightly assuming that because they are made in a legal filing there must be at least some basis for them. The allegations thus receive a far greater audience than they deserve. Moreover, such allegations can lead to copycat lawsuits against Google predicated on the same frivolous charges. *See e.g. Langdon v. Google, Inc.*, 2007 WL 530156 (D. Del 2007) (dismissing allegations that Google discriminated in its search results and advertising based upon political viewpoints).

The sanctionable allegations of favoritism and discrimination at issue in this case were particularly troubling for Google as they directly attacked the trust that Google has sought to cultivate with its users since its founding. KinderStart and its counsel compounded the impropriety of these allegations by actively seeking media attention for the case – – issuing press

releases and granting interviews. *See* Kramer Decl., Exs. B–E. Google was thus forced to respond aggressively to the allegations to dispel any false appearance of legitimacy they might have.

As set forth in the accompanying declaration of David H. Kramer, in bringing its motion for Rule 11 sanctions, Google incurred attorney's fees totaling no less than $21,446. *See* Kramer Decl., ¶ 9. This sum accounts only for time spent prosecuting the Motion by David H. Kramer, a member of the firm, Bart E. Volkmer, a fifth year associate, and Brian Danitz, a first year associate. *See* Kramer Decl., ¶¶ 6–8.[1] It does not include any of the charges Google incurred for time spent by other attorneys or support staff on the Motion. *See* Kramer Decl., ¶ 10. It likewise excludes any time spent on the Motion following the hearing of January 19, 2007, such as fees Google incurred responding to KinderStart's supplemental declarations. *Id.* Also excluded are all hard costs incurred on the motion such as online research charges. *Id.* The Court's Order granted Google's Motion with respect to two of the three allegations that Google challenged.[2] Therefore, Google has reduced the $21,446 in attorney's fees it incurred on the Motion by one third, resulting in a total request of $14,297.

Significantly, in calculating its fee request, Google has excluded all fees and costs it incurred for matters beyond the sanctions motion itself. *See* Kramer Decl., ¶ 10. Thus, for example, the request excludes the fees Google incurred in opposing KinderStart's own failed

---

[1] Mr. Kramer, who was principally responsible for handling the Motion, billed Google for no fewer than 22.4 hours at a rate of $500 per hour. Mr. Kramer negotiated with opposing counsel, analyzed allegations, interviewed Google representatives, edited the Motion and reply brief, prepared supporting declarations and argued the Motion before the Court. *See* Kramer Decl., ¶ 6. Mr. Volkmer billed Google for no fewer than 8.8 hours at a rate of $380 per hour. Mr. Volkmer prepared the original motion, and assisted in editing the reply brief and declarations. *See* Kramer Decl., ¶ 7. Mr. Danitz billed Google for no fewer than 23.8 hours at a rate of $290 per hour. Mr. Danitz researched the governing standards under Rule 11, researched the cases cited in the briefs, and drafted portions of the reply brief. *See* Kramer Decl., ¶ 8.

[2] The Court granted Rule 11 sanctions with respect to KinderStart's allegations that (a) Google skews its web search results and reserves top placement on the basis of compensation; and (b) Google removes search entries and deflates PageRanks for political and religious reasons. *See* Kramer Decl., Ex. A. at 9. The Court declined to grant sanctions based on KinderStart's representation of Google's policy concerning notice that it has removed a site from its search results. *See Id.* at 7.

sanctions motion which implicated the same allegations and claimed that Google's Rule 11 motion was frivolous. *Id.* Also excluded from Google's request are the fees Google incurred in attacking KinderStart's sanctionable allegations in its Motion to Dismiss KinderStart's Second Amended Complaint. *Id.* Google's approach in excluding such additional fees is conservative. Under similar circumstances, fees may be awarded as a percentage of the entire litigation cost. *See e.g., Schottenstein v. Schottenstein*, 230 F.R.D. 355 (S.D.N.Y. 2005) (awarding 43% of litigation cost where 3 of 7 claims were sanctioned under Rule 11).

Google's requested fee award is well within the bounds of reason. The hourly fees charged by Google's attorneys compare favorably with fees charged by attorneys of similar experience and acumen in established law firms. *See e.g., Eon-Net, L.P. v. Flagstar Bancorp, Inc.*, 2006 WL 3749903 (W.D.Wash.) (finding fees of $650, $600 and $350 per hour "not excessively high"); *see also* Kramer Decl., ¶ 9. The total of 55 hours billed in prosecuting the Motion is in line with the time it takes to conduct research, draft moving papers and declarations, prepare a reply brief and appear at the hearing on a sanctions motion. *See e.g. Schottenstein v. Schottenstein*, 230 F.R.D. 355 (S.D.N.Y. 2005) (55 hours spent on sanctions motion).[3] And the sum of $14,297 is comparable to fees other courts have awarded for sanctions motions. *See ADO Finance, AG v. McDonnell Douglas*, 938 F.Supp. 590 (C.D.Cal.1996) ("Awarding McDonnell $63,560 for bringing the motion for sanctions is reasonable."); *Eon-Net, L.P. v. Flagstar Bancorp, Inc.*, 2006 WL 3749903 (W.D.Wash.) (awarding $141,984.70 in attorney's fees, approximately $21,000 of which was attributable to the sanctions motion).[4]

An award of fees under Rule 11 should "deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Here, the requested amount does not make Google whole, but should be sufficient to deter KinderStart, its counsel and others from making similarly fabricated allegations in the future.

---

[3] *See* Kramer Decl., ¶ 12

[4] *See* Kramer Decl., ¶ 12

## CONCLUSION

The allegations for which KinderStart and its counsel were sanctioned in this case had no basis in reality and should never have been made. KinderStart had ample opportunity to withdraw the offending allegations but chose not to do so. For the foregoing reasons, Google respectfully requests that the Court award $14,297 as Google's attorney's fees reasonably incurred in responding to KinderStart's sanctionable allegations.

Dated: March 30, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____/s/ David H. Kramer_____
     David H. Kramer

Attorneys for Defendant
Google Inc.