| | |
|---|---|
| 1 | DAVID H. KRAMER, State Bar No. 168452 |
| | WILSON SONSINI GOODRICH & ROSATI |
| 2 | Professional Corporation |
| | 650 Page Mill Road |
| 3 | Palo Alto, CA 94304-1050 |
| | Telephone: (650) 493-9300 |
| 4 | Facsimile: (650) 565-5100 |
| | DKramer@wsgr.com |
| 5 | |
| | JONATHAN M. JACOBSON, N.Y. State Bar No. 1350495 |
| 6 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 7 | 12 East 49th Street, 30th Floor |
| | New York, NY 10017-8203 |
| 8 | Telephone: (212) 999-5800 |
| | Facsimile: (212) 999-5899 |
| 9 | JJacobson@wsgr.com |
| 10 | Attorneys for Defendant |
| | Google Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM, LLC, a California limited liability company, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., a Delaware corporation, <br><br> Defendant. | CASE NO.: C 06-2057 JF (RS) <br><br> **DECLARATION OF DAVID H. KRAMER IN SUPPORT OF GOOGLE INC.'S MOTION FOR ATTORNEY'S FEES PURSUANT TO COURT'S MARCH 16, 2007 ORDER** |

3080163_2.DOC

KRAMER DECL. ISO GOOGLE'S
MOTION FOR ATTORNEY'S FEES
CASE NO.: C 06-2057 JF (RS)

I, David H. Kramer, declare:

1. I am a member of the law firm of Wilson Sonsini Goodrich & Rosati in Palo Alto, California. I am admitted to practice before the courts of the State of California and have been in active practice in Santa Clara County since 1993. I have personal knowledge regarding, and if called as a witness could testify to, the facts contained in this declaration.

**Background**

2. KinderStart.com, LLC. ("KinderStart") through its counsel Gregory Yu, filed this action against Google Inc. ("Google") in March 2006. From that time until the present, Wilson Sonsini Goodrich & Rosati has served as outside counsel to Google in the matter, and I have served as lead counsel in the case. I make this declaration in support of Google's Motion for Attorney's Fees following the Court's March 16, 2007 Order granting in part Google's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure (the "Motion") and directing Google to submit evidence of the attorney's fees occasioned by the violations of Rule 11. *See* Ex. A at 10.

3. Google's Motion was directed to allegations by KinderStart that (a) Google skews it search results and reserves top placement for entities that compensate Google; (b) Google represents that it will always display a notice when it removes a listing from its search results, but does not do so; (c) Google removes certain websites from its search results and lowers PageRanks for political and religious reasons.

4. After conducting an investigation concerning the allegations, in August and September 2006, Google prepared and served its Motion, supported by a memorandum of law, a declaration from a Google engineer and a declaration from counsel. *See* Google Inc.'s Motion For Sanctions Pursuant To Fed. R. Civ. P. 11. Google demonstrated that KinderStart's allegations were false and could not have had evidentiary support.

5. Google served the Motion on October 20, 2006. KinderStart opposed the Motion. Google replied. The Motion was argued before the Court on January 19, 2007. The Court granted the Motion in large part, finding that "Yu should have removed the allegations of sold

search rankings and discrimination from the SAC, and Google is entitled to reasonable compensation for having to defend against these claims." Ex. A at 9 (Order Granting In Part and Denying In Part Motion for Sanctions).

### **Attorney's Fees Incurred**

6. I was principally responsible for handling the Motion. I analyzed KinderStart's allegations, interviewed Google representatives concerning the lack of merit in the allegations, edited the Motion and the reply brief, and prepared the supporting declarations for both the Motion and the reply brief. I also negotiated with KinderStart's counsel concerning the sanctions motion and related issues, prepared to argue the Motion in Court, and conducted the hearing on the Motion. As reflected in our firm's time records, since September 2006, I billed Google for no fewer than 22.4 hours at a rate of $500 per hour to handle these matters, all of which Google has paid.

7. I was assisted in these matters by Bart Volkmer, a fifth year associate at the firm. Mr. Volkmer prepared the original motion and assisted in editing the reply brief and declarations and in preparing for the argument. As reflected in our firm's time records, since September 2006, Mr. Volkmer billed Google for no fewer than 8.8 hours at a rate of $380 per hour in connection with these matters, all of which Google has paid.

8. I was also assisted by Brian Danitz, a first year associate at the firm. Mr. Danitz researched the governing standards under Rule 11, researched the cases cited in the briefs, and drafted portions of the reply brief. As reflected in our firm's time records, since September 2006, Mr. Danitz billed Google for no fewer than 23.8 hours at a rate of $290 per hour in connection with these matters, all of which Google has paid.

9. Based on my experience, the billing rates for Mr. Volkmer, Mr. Danitz and myself are in line with those rates charged by attorneys in the Northern District of California with comparable skill, experience and reputation in Internet-related litigation matters. The billing rates identified above represent the firm's customary billing rates and were voluntarily paid by private clients in the marketplace, including Google. Time records are typically posted

on a daily basis and are maintained in a database located in the firm's centralized Time Entry System.

10. As a direct result of KinderStart's allegations addressed by Google in its Motion, Google incurred attorney's fees of no less than $21,446 for the time spent by Mr. Volkmer, Mr. Danitz and myself. This figure excludes all time spent by all other attorneys on the Motion. It also does not include the costs associated with support staff in preparing the papers for filing. It also excludes any time spent on the Motion following the hearing, such as time considering and objecting to the supplemental declarations KinderStart was invited to submit. Finally, it excludes all time spent on other proceedings because of sanctionable allegations, such as time refuting the allegations in Google's Motion to Dismiss the SAC and time associated with KinderStart's own sanctions motion (which the court denied). Based on my experience, the fees incurred to respond to KinderStart's allegations through the Motion were both necessary and reasonable.

11. During the week of March 20, 2007, the parties' counsel met and conferred for the purpose of attempting to resolve any disputes with respect to this motion but were not able to reach an agreement on the appropriate fee award.

12. In preparing this submission, I researched fee awards made by other courts in similar circumstances. In addition to reviewing the cases, I also reviewed supporting exhibits in order to calculate the time and money spent on the sanctions motions themselves. These supporting documents include the Affidavit of David C. Levine In Support of Defendant's Motion in *Schottenstein v. Schottenstein*, 230 F.R.D. 355 (S.D.N.Y. 2005), Case No. 1:04-cv-05851-SAS, Docket No. 50, Part 2, and Defendant Flagstar Bancorp's Memorandum Establishing Attorneys' Fees and Costs in *Eon-Net, L.P. v. Flagstar Bancorp, Inc.*, 2006 WL 3749903 (W.D.Wash.), Case No. 2:05-cv-02129-MJP, Docket No. 80, which documents were retrieved thru Pacer.

13. Attached hereto as Exhibit A is a true and correct copy of the Court's Order Granting In Part And Denying In Part Motion For Sanctions of March 16, 2007.

14. Attached hereto as Exhibit B is a true and correct copy of KinderStart's press release of June 23, 2006 regarding this action.

15. Attached hereto as Exhibit C through E are true and correct copies of articles downloaded from the Internet in which KinderStart's counsel is quoted from interviews about the case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed on March 30, 2007 at Palo Alto, California.

          /s/ David H. Kramer
          David H. Kramer