Gregory J. Yu (State Bar No. 133955)
GLOBAL LAW GROUP
2015 Pioneer Court, Suite P-1
San Mateo, CA 94403
Telephone: (650) 570-4140
Facsimile: (650) 570-4142
E-mail: glgroup [at] inreach [dot] com

Attorney for Plaintiffs and Proposed Class and Subclasses

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., a Delaware corporation, <br><br> Defendant. | Case No. C 06-2057 JF <br><br> **KINDERSTART.COM'S OPPOSITION TO DEFENDANT GOOGLE INC.'S MOTION FOR ATTORNEY'S FEES PURSUANT TO MARCH 16, 2007 COURT ORDER** |
|---|---|

## INTRODUCTION

In the Court Order of March 16, 2007 regarding sanctions under Federal Rule of Civil Procedure 11 ("Rule 11"), Defendant Google Inc. ("Google") was to file a motion ("Fees Motion") to identify its attorney's fees concerning its challenge of two out of three sets of allegations made in the Second Amended Complaint ("SAC"). The entirety of the action to date was initiated and prosecuted by Plaintiff KinderStart.com LLC ("KinderStart") without resorting to any formal discovery. By asking for witnesses' declarations from KinderStart under seal, the Court recognized the potential risk and difficulty for witnesses to testify against a major corporation as Google.

**A. Google's Request for Fees is Not Reasonable in Hours Billed or in Rates Applied**.

Google was required to make a request for reasonable attorney's fees based on two factors used in the Ninth Circuit – the reasonable number of hours and the reasonable hourly rate

KINDERSTART.COM'S OPPOSITION TO
DEFENDANT'S MOTION FOR ATTORNEY'S FEES
PER MARCH 16, 2007 COURT ORDER         -1-            Case No. C 06-2057 JF

Dockets.Justia.com

based on the prevailing rates in the community. *Marles v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). In this district, "[r]easonably competent counsel bill a reasonable number of hours. Reasonably competent counsel do not bill hours that are 'excessive, redundant, or otherwise unnecessary.'" *Yahoo! Inc. v. Net Games Inc.*, 329 F. Supp. 2d 1179, 1183 (N.D. Cal. 2004) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). According to *Yahoo!*, the prevailing rate for attorneys is not what is billed or what is charged by a larger law firm but what truly prevails in the local legal community, not a particular subset. *Id.* at 1192.

Google submitted a single declaration of its lead counsel, David H. Kramer, partner of Wilson Sonsini Goodrich & Rosati. Mr. Kramer recited the number of hours by a total of three Wilson Sonsini attorneys role of 22.4 hours, 8.8 hours and 23.8 hours, respectively, for Rule 11. *Declaration of David H. Kramer in Support of Google Inc.'s Motion for Attorney's Fees Pursuant to Court's March 16, 2007 Order ("Kramer Fees Decl.")*, ¶¶ 6-8. KinderStart's legal counsel initially questioned whether there was any overlap or duplicative billing to have three separate attorneys bill so many hours together on a relatively short procedural motion. However, Mr. Kramer defended this figure as fair. *Declaration of Gregory J. Yu in Opposition to Google Inc.'s Motion for Attorney's Fees ("Yu Fees Decl.")* ¶ 3, attached as Exhibit A hereto. Ultimately, in the Fees Motion, Google did not reduce the total hours for any potential overlap among three attorneys or possible unreasonableness in the number of hours billed. As further evidence that Google's 55 hours is excessive and redundant, KinderStart's attorney recorded about 24 hours (including clerical time) for the Rule 11 motion through the date of the oral argument on January 19, 2007. *Yu Fees Decl.* ¶ 5. Google's Rule 11 motion that did not involve any novel or complex expert, patent, legal, technical or scientific analysis. Defendant called on a single engineer to describe Google's own search engine practices and policies. *Declaration of Matthew Cutts in Support of Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11* (Dkt # 61-1).

In addition, Google's legal counsel wholly fails to provide time records showing that services were rendered *specifically* for its preparing and prosecuting the Rule 11 motion. The Ninth Circuit points to a law firm's timesheets to assist a lower court in apportioning the actual

expenditure of time for the challenged pleading or allegations. *Lockary v. Kayfetz*, 974 F.2d 1166, 1170 (9th Cir. 1992). Detailed attorney billing records were examined and relied upon by the federal district judge in two other cases within the Ninth Circuit where Rule 11 fees were awarded. *See ADO Finance, AG v. McDonnell Douglas Corporation*, 938 F. Supp. 590, 598, app. A-C (C.D. Cal. 1996); *Eon-Net, L.P. v. Flagstar Bancorp, Inc.*, 2006 U.S. Dist. LEXIS 91735 (W.D. Wash. Dec. 19, 2006) (from the *Eon-Net* case, attached as <u>Exhibit B</u> hereto is the declaration (and Exhibit H thereto) of the prevailing party's attorney attaching the profile of each billing attorney and detailed billing records of the dates, times and services performed by each attorney). The Fees Motion cites the *Eon-Net* case for requesting certain hourly rates, but neglects to provide any billing records to the Court. Instead, Google recites the grand total of hours billed for each attorney. *Kramer Fees Decl.* ¶¶ 6-8. The absence of such detailed billing records hinders the Court's ability to determine what was reasonable in amount. *See e.g.*, *Ass'n of Women with Disabilities Advocating Access v. Mouet*, 2007 U.S. Dist. LEXIS 21155 (S.D. Cal. Mar. 23, 2007). Nonetheless, KinderStart proposes that a reasonable number of hours expended by Google's legal counsel on the Rule 11 motion should not exceed 25 hours.

Equally telling in deficiency is how the Fees Motion merely applies the standard billing rate used by three Wilson Sonsini attorneys. In *Yahoo!*, two law partners at Finnegan, Henderson, Farabow, Garrett *et al.* based in Palo Alto, California sought a fee request at the rate of $494 per hour for work done them in 2003, but the court determined the reasonable hourly rate to be $190. 329 F. Supp. 2d at 1193. Here, following the Court's March 16, 2007 order, Plaintiff's legal counsel requested Google's legal counsel to use a lodestar billing rate. Google's counsel declined to do so then and does so again in the Fees Motion. *Yu Fees Decl.* ¶ 4. To support these hourly rates of $500 (partner), $380 (5th year associate), and $290 (1st year associate), Google does two things. First, it merely confirms that Google paid these standard rates in full. *Kramer Fees Decl.* ¶¶ 6-8. Second, it states that the above rates are "in line with" other firms and they are paid by private clients, such as Google. *Kramer Fees Decl.* ¶ 9. In contrast, Mr. Yu with 20 years of practice as an attorney in New York and in California uses a standard hourly billing rate of $225. *Yu Fees Decl.* ¶ 2. Google cites the hourly rates of $650,

1  $600 and $350 in the *Eon-Net* case, but the court there noted the disputed allegations arose out
2  of complex patent litigation.  Here, the sanctioned allegations focused solely upon the basic issue
3  of alleged human intervention in search results.
4        As explained in *Yahoo!*, "a particular attorney's billing rate is relevant, but not
5  dispositive, evidence of a reasonable hourly rate." [citing *Guam Society of Obstetricians and*
6  *Gynecologists v. Ada*, 100 F.3d 691, 702 (9th Cir. 1996)].  *Yahoo!,* 329 F. Supp. 2d at 1185.  The
7  Supreme Court has stated that a reasonable attorney fee award "controls what the losing
8  defendant must pay, not what the prevailing party must pay his lawyer."  *Venegas v. Mitchell*,
9  495 U.S. 82, 90 (1990).  The lodestar calculation is not based on what the fee applicant and its
10 attorneys agree to pay as fees.  Instead, the Supreme Court instructs that reasonable rate is the
11 one "prevailing in the community for similar services of lawyers with reasonably comparable
12 skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).  What
13 Google willingly or actually paid its law firm does not govern what is reasonable.  Based on
14 *Yahoo!*, KinderStart proposes that a reasonable hourly rate here should not exceed $200.
15       Finally, the sanctions award should achieve the true purpose behind Rule 11 of deterring
16 future sanctionable conduct.  In *Engrahm v. County of Colusa*, 2006 U.S. Dist. LEXIS 80827
17 (E.D. Cal. Oct. 24, 2006), the plaintiff and its outside counsel violated Rule 11 and faced
18 defendant's request for $286,174 in attorney's fees and costs.  The judge determined that an
19 amount of $2,000 was sufficient to deter repetition of the sanctionable conduct.
20 **B.  Sanctions Here Should Reflect Equitable Considerations.**
21       As fee awards are matters of equity, the Court is to take into account the relative wealth
22 of the parties.  *See Bradley v. Richmond School Board*, 416 U.S. 696, 718 (1974); *Christian v.*
23 *Mattel, Inc.*, 286 F.2d 1118, 1125 n. 4 (9th Cir. 2002); *Adv. Comm. Notes to 1993 Amendments*
24 *to FRCP 11(b),(c)* ("Moreover, partial reimbursement of fees may constitute a sufficient
25 deterrent with respect to violations by persons having modest financial resources.").  Google's
26 market capitalization is now over $145 billion.  <u>Exhibit A</u> to *Yu Fees Decl*.  KinderStart had less
27 than $5,000 in accrued revenues for all of calendar 2006.  Income for 2007 is even less
28 promising in view of the outcome of this action.  *Declaration of Lee Buttle in Support of*

*Opposition to Google's Request for Attorney's Fees*, ¶ 2, attached as <u>Exhibit C</u> hereto. Wilson Sonsini is one of the most profitable law firms in Silicon Valley, gathering $460 million in revenues in 2006. <u>Exhibit B</u> to *Yu Fees Decl*. KinderStart's legal counsel had slightly more than $75,000 in self-employment income for all of 2006. *Yu Fees Decl.* ¶ 9. He has no partners, associates or support staff in his law firm. *Yu Fees Decl.* ¶ 2. Accordingly, a sanction award of even $5,000 against KinderStart and its legal counsel would present a nearly impossible cost to KinderStart and a material part of its counsel's pre-tax self-employment business income.

Furthermore, adverse publicity against the sanctioned attorney serves as a clear deterrent against future conduct that could be considered sanctionable. *Doering v. Union County Bd. Of Chosen Freeholders*, 847 F.2d 191, 196 (3rd Cir. 1988). During the month of March 2007, *The San Jose Mercury News*, *Yahoo! News*, *CNET News.com,* and the blog of a Santa Clara University Law Professor Eric Goldman all weighed in on this case. Each source identified legal counsel Gregory Yu by name and the sanctions rendered against him and KinderStart. <u>Exhibit C</u> to *Yu Fees Decl.* While Google does claim that prior publicity and interviews of plaintiff and its counsel were somehow inappropriate, none of them referred to or publicized the sanctioned allegations associated with the Fees Motion.

## CONCLUSION

In view of the foregoing, the accompanying exhibits and the record on file herein, Plaintiff KinderStart respectfully requests that the Court order sanctions as partial reimbursement of Google's reasonable attorney's fees in an amount not exceeding $2,000.00.

Respectfully submitted

**GLOBAL LAW GROUP**


By:     /s/ Gregory J. Yu                    .
        GREGORY J. YU
Attorney for Plaintiff KinderStart.com