KinderStart.com LLC v. Google, Inc.

C 06-2057 JF

# EXHBIT A

## TO KINDERSTART.COM'S OPPOSITION TO DEFENDANT GOOGLE INC.'S MOTION FOR ATTORNEY FEES

**RE: DECLARATION OF GREGORY J. YU IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO COURT'S MARCH 16, 2007 ORDER**

Gregory J. Yu (State Bar No. 133955)
GLOBAL LAW GROUP
2015 Pioneer Court, Suite P-1
San Mateo, CA  94403
Telephone: (650) 570-4140
Facsimile:  (650) 570-4142
E-mail:  glgroup [at] inreach [dot] com

Attorney for Plaintiffs and Proposed Class and Subclasses

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| KINDERSTART.COM LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>  Defendant. | Case No. C 06-2057 JF<br><br>**DECLARATION OF GREGORY J. YU IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO COURT'S MARCH 16, 2007** |
|---|---|

I, GREGORY J. YU, HEREBY DECLARE AS FOLLOWS:

1.   My name is Gregory J. Yu, and I am legal counsel to plaintiff KinderStart.com LLC ("KinderStart") in the above action and am authorized by my client to make this declaration. I have personal direct knowledge of the matters herein and if called as a witness, I could and would competently and truthfully testify as to each of the matters set forth herein.

2.   Admitted to the state bar in both California and New York, I have been practicing attorney since 1988 in California, and was formerly associated with Weil Gotshal & Manges in New York City, and with Fenwick & West in Mountain View, California. I have never been the subject of any professional discipline by any state bar. I am a sole practitioner working under the name of Global Law Group. I do not have any partners, associates or support staff. My current standard hourly billing rate is $225.00, but a much reduced rate was charged in this case.

1    3.   After the Court issued its order on March 16, 2007 regarding sanctions under Federal Rule of Civil Procedure 11, I communicated with David H Kramer via e-mail about Google's reasonable attorney's fees in connection with the Rule 11 motion. On March 20, 2007, Mr. Kramer provided a total number of hours billed for Rule 11 of 55.0 hours by three different attorneys at Wilson Sonsini Goodrich & Rosati. I questioned Mr. Kramer whether that included an overlap in billing or excess billing for the work on Rule 11. Mr. Kramer replied that there was no such duplication. I have never received or viewed these billing records of Wilson Sonsini.

4.   On March 20, 2007, I inquired whether Mr. Kramer's law firm would use a lodestar hourly rate for a possible stipulated amount for the fee sanction. He replied that his firm would use the actual billing rates of the three attorneys ($500.00, $380.00 and $290.00 for him and two associates at the firm) for billed work later paid for by Google. These exact hourly rates for the three attorneys were utilized in Google's motion for fees submitted on March 30, 2007.

5.   On March 26, 2007, I disclosed to Mr. Kramer that in handling the Rule 11 motion for KinderStart, I spent about 24 hours (including clerical time), excluding the special time spent to draft and file the separate declarations requested by the Judge and submitted *in camera* on February 20, 2007. I did not have any partners, associates or professional colleagues or paralegals or secretaries bill and charge time in connection with the work done on the motion.

6.   My law firm maintains computerized billing records of professional time and expenses on Timeslips software. During the research, preparation, prosecution and argument for the Rule 11 motion, I maintained detailed time entries on time specifically spent on the Rule 11 motion from September 1, 2006 through February 28, 2007, and are available for examination.

7.   Attached hereto as Exhibit 1 is an excerpt from www.law.com, Cal Law, which shows the gross revenues for the year 2006 of the law firm of Wilson Sonsini Goodrich & Rosati at $460 million.

8.   Attached hereto as Exhibit 2 is the Investor Relations webpage showing Google Inc's market capitalization at $145.53 billion based on the April 12, 2007 closing market price of its publicly traded shares of common stock.

9. In Schedule C to my personal Form 1040 for 2006, as filed with the Internal Revenue Service, line 31 for "Net Profit (Loss)" showed the figure of $76,817.

10. Attached hereto as <u>Exhibit 3</u> is selected media coverage on the case after the Court's March 16, 2007 order on Rule 11 was filed, from four independent sources - *The San Jose Mercury News*, *Yahoo! News*, *CNET News.com,* and the official blog of Santa Clara University Law Professor Eric Goldman.

I DECLARE UNDER PENALTY OF PERJURY, that the above is based on my personal knowledge.

Executed on this 13th day of April, 2007 in San Mateo, California.

By:   /s/ Gregory J. Yu  .
      GREGORY J. YU

DECLARATION OF GREGORY J. YU IN
OPPOSITION TO DEFENDANT'S MOTION
FOR ATTORNEY'S FEES UNDER RULE 11    -3-    Case No. C 06-2057 JF