KinderStart.com LLC v. Google, Inc.

C 06-2057 JF

# EXHBIT 3

## TO DECLARATION OF GREGORY J. YU IN OPPOSITION TO DEFENDANT GOOGLE INC.'S MOTION FOR ATTORNEY FEES

**RE: SELECTED MEDIA COVERAGE OF *KINDERSTART V. GOOGLE* AFTER MARCH 16, 2007**



**THURSDAY**
SAN JOSE MERCURY NEWS
**MARCH 22, 2007**

# Business
www.mercurynews.com/business

## TECHTICKER

### U.S. judge dismisses suit against Google

A federal judge has dismissed a suit attacking the objectivity of Google's search results and ordered the defendant to pay some of Google's legal costs.

U.S. District Judge Jeremy Fogel in San Jose wrote in an opinion dated March 16 that Gregory Yu, an attorney for KinderStart, had "overreached" by claiming Google had allegedly sold search rankings and engaged in religious and political discrimination.

KinderStart, a Web site that is geared toward parents of young children, sued Mountain View-based Google last year after its ranking fell in Google's search results. Fogel dismissed the complaint with leave to amend in July. KinderStart refiled its suit in September.

### PS3 update includes Stanford software

Sony has scheduled its next PlayStation 3 software update, which includes a program for helping scientific research at Stanford



Back to Story - Help

## U.S. judge throws out defamation suit against Google

**REUTERS**

By Eric Auchard

Tue Mar 20, 6:50 PM ET

A U.S. judge has thrown out a lawsuit challenging the fairness of how Web search leader Google Inc. calculates the popularity of Web sites in determining search results, court papers show.

In a ruling issued on Friday that came to light on Tuesday, Judge Jeremy Fogel of the U.S. District Court for the Northern District of California dismissed a lawsuit against Google by parenting information site KinderStart.

The judge also imposed yet-to-be-determined sanctions on KinderStart legal counsel Gregory Yu for making unsupported allegations against Google.

KinderStart sued Google in March 2006 alleging the Mountain View, California-based Internet company had defamed the site by cutting it from its Web search ranking system.

The Norwalk, Connecticut-based company, which features links to information about raising children, accused Google of violations of antitrust, free speech, unfair competition and defamation and libel laws.

In its suit, the company argued its site's sudden demotion in March 2005 to a "zero" ranking in Google's search system had severely harmed its business.

KinderStart had sought class action status on behalf of what is said were many other sites that suffered the same fate as Google fine-tunes Web site rankings in search results.

"KinderStart had failed to explain how Google caused injury to it by a provably false statement ... as distinguished from an unfavorable opinion about KinderStart.com's importance," the judge's ruling states.

In addition, the judge said the plaintiff's counsel should have removed allegations that Google discriminated against or manipulated its Web search rankings after the judge ordered the lawyer to do so in an interim ruling.

"While Yu has brought a novel challenge to a major corporation, it is apparent that to some extent he has overreached in doing so," Fogel said. "Yu had a professional responsibility to refrain from filing such allegations if he did not have appropriate supporting evidence."

The judge granted Google the right to seek attorneys fees for the costs of defending against these specific charges. Both sides have 14 days to file motions before the judge determines monetary damages against Yu.

Yu is with the firm Global Law Group of San Mateo.

"All options are being explored. That's all that we are going to say at this point," he told Reuters, but declined to describe his plans further.

A Google attorney said the company felt vindicated.

"We always felt these claims were unjustified, because courts have consistently rejected complaints over search engine rankings, so we're pleased that Judge Fogel promptly dismissed this case," Google litigation counsel Hilary Ware said in a company statement.

Copyright © 2007 Reuters Limited. All rights reserved. Republication or redistribution of Reuters content is expressly prohibited without the prior written consent of Reuters. Reuters shall not be liable for any errors or delays in the content, or for any actions taken in reliance thereon.

volous' suit | News.blog | CNET News.com                     http://news.com.com/2061-10812_3-6168999.html

## Judge favors Google in 'frivolous' suit

March 20, 2007 2:08 PM PDT

del.icio.us  Digg this

A federal judge has ordered a parenting Web site to compensate Google for certain legal fees resulting from a lawsuit that accused the search giant of discriminating in its search rankings.

In a written order dated Friday, U.S. District Judge Jeremy Fogel in San Jose sided with Google in two of its three arguments that KinderStart, a directory and search engine focused on parenting information, should face monetary sanctions on the grounds that its allegations were "frivolous." The court plans to determine the amount of the fees after receiving a report from Google identifying its costs.

KinderStart sued Google about a year ago after it fell to a "zero" ranking in the company's search index. It argued Google was behaving anticompetitively by skewing its search results to maintain its search industry dominance, reserved its top search placements for those who paid premium fees, and discriminated against sites for religious and political reasons.

On the question of whether Google had skewed its search results and based top placements on compensation, Fogel concluded KinderStart's allegations warranted sanctions because "they are factually baseless and because (KinderStart attorney Gregory) Yu failed to perform an adequate investigation before filing them."

As for the allegations of religious and political discrimination, Fogel said KinderStart never appeared to argue its own site suffered such treatment, adding, "Yu had a professional responsibility to refrain from filing such allegations if he did not have appropriate supporting evidence."

Fogel dismissed KinderStart's allegations for a first time last summer but allowed the company to revise its complaint and present a new set of oral arguments during the fall.

Google senior litigation counsel Hilary Ware praised the latest ruling. "We always felt these claims were unjustified, because courts have consistently rejected complaints over search engine rankings," she said in a statement.

Yu declined to comment on the case's outcome or KinderStart's next steps except to say, "All options are being evaluated at this time."

Posted by Anne Broache



Home

Biography

Tech & Marketing Blog

Goldman's Observations Blog

Writings

Presentations

Classes

Resources

Contact

**Part Time Law School?**
Apply for Fall 07 Enrollment!
Small Classes, Friendly Environment
Law.ULV.edu

# Biography

Eric Goldman joined the Santa Clara University School of Law faculty in 2006 as a Assistant Professor and Director of the school's High Tech Law Institute. Previously, he was an Assistant Professor at Marquette University Law School, General Counsel of Epinions.com, and an Internet transactional attorney at Cooley Godward LLP.

Eric teaches Cyberlaw and Intellectual Property and previously has taught courses in Copyrights, Contracts, Software Licensing and Professional Responsibility.

Eric's research focuses on Internet law, intellectual property, marketing, and the legal and social implications of new communication technologies. Recent papers have addressed topics such as adware/spyware, search engines and spam.

Eric received his BA, *summa cum laude* and Phi Beta Kappa, in Economics/Business from UCLA in 1988. He received his JD from UCLA in 1994, where he was a member of the *UCLA Law Review*, and concurrently received his MBA from the Anderson School at UCLA.

See Eric's complete curriculum vitae.

**Specializing in Divorce**
Certified Family Law Specialist. Free Consultation-Call 408.294.4600

**Find the Right Lawyer**
We Match You to the Right Lawyer. Free, Secure, and Confidential.

Ads by Google

# March 20, 2007

## KinderStart v. Google Dismissed--With Sanctions Against KinderStart's Counsel

By Eric Goldman

KinderStart.com LLC v. Google, Inc., C 06-2057 JF (N.D. Cal. March 16, 2007)

Copy of the opinion dismissing the lawsuit
Copy of the opinion granting sanctions against KinderStart's counsel Gregory Yu

Google has won big in the lawsuit brought by KinderStart due to their unhappiness with their search engine placement. Not only did Judge Fogel dismiss the complaint without leave to amend (meaning that the case is over unless KinderStart appeals to the Ninth Circuit), but he issued Rule 11 sanctions against KinderStart's counsel Gregory Yu--meaning that Yu will have to pay some of Google's legal fees (the amount will be determined later). The substantive result isn't surprising given the complete lack of merit in the lawsuit from day 1, but the Rule 11 sanctions show, once again, that Google plays hardball against plaintiffs when threatened (it also shows that Judge Fogel doesn't tolerate nonsense in his courtroom--good for him!).

UPDATE (3/21): I have finally had a chance to digest this very complicated set of opinions. Much of the substantive opinion is highly technical in nature, in that it parses the specific language of the filed complaint, the required elements of a valid complaint, and the judge's previous instructions when dismissing the complaint last July. As a result, the opinion isn't all that easy to read, nor is it all that interesting.

Overall, this opinion bears some resemblance to the Langdon and Person lawsuits against Google in that the plaintiff threw a laundry-list of grumbles and kvetches at Google, some of which were completely unrelated (such as KinderStart's attempt to link the Google Library endeavor with allegedly biased PageRank downgrading). Fortunately, courts are showing little tolerance for this "everything including the kitchen sink" type of pleadings; they are not stringing together disjointed facts to make the unsupported linkages sought by the plaintiffs. I trust that, in the future, plaintiffs with better lawyers will do a better job of getting to the right issues; those may pose more serious challenges for Google than the ones to date.

This opinion is very thoughtful. Judge Fogel did a meticulous job in sorting through a large volume of junk pleadings and other material to dissect the plaintiffs' arguments and provide legally grounded responses. I spend a lot of time bashing judges on this blog, but opinions like this give me some hope for our judiciary. As taxpayers, we got our moneys' worth from Judge Fogel's (and his clerks') work here.

Five highlights from the opinions:

1) The judge dismissed the antitrust claims for failing to identify an appropriate "relevant market." However, the judge showed a little sympathy to the possibility that Google may have antitrust exposure, saying "were KinderStart able to identify a relevant market for antitrust purposes, it might be able to allege a dangerous probability of achievement of monopoly power" based on the

allegations that (1) Google's market share gains at the expense of Yahoo and Microsoft, (2) there are barriers to entry based on the investment required and entrenched buyer preferences, and (3) Google's user dataset may give it advantages over new entrants. I disagree with the concerns about market entry barriers for reasons I discuss here, but there's no doubt that Google's impressive market power can't be ignored.

2) The judge correctly understood that PageRank is an algorithmically generated opinion that can be modified at any time by changing either the data inputs or the algorithm. Therefore, there cannot be such a thing as a "wrong" PageRank. The court says: "PageRank is a creature of Google's invention and does not constitute an independently-discoverable value. In fact, Google might choose to assign PageRanks randomly, whether as whole numbers or with many decimal places, but this would not create "incorrect" PageRanks."

This is 100% correct, and I hope this inhibits further legal arguments that there is such a thing as a "right" or "wrong" search result. On the other hand, note that Judge Fogel's statement doesn't address what happens if Google were to maliciously distort a PageRank. I've now read 2 draft law review articles in process by authors who are all worked up about the prospect of maliciously hand-manipulated downgrading, even though that appears to be a completely hypothetical circumstance currently.

3) The judge ducked any discussion about whether 47 USC 230(c)(2) would completely insulate Google's "filtering" decisions. Too bad; that statutory provision might have made short work of much of this lawsuit.

4) Google requested that the judge deem this lawsuit a SLAPP, which would have had the result of (1) dismissing the case entirely, and (2) requiring the plaintiff to pay Google's legal fees. Google got to #1 anyway, but #2 would have been a huge win for Google. The judge rejected Google's request, saying that this lawsuit did not sufficiently raise matters in the public interest because it involved a two-bit website (KinderStart's website) that no one really knows or cares about. This is the only place I think the judge made a mistake, because it's clear this case involved significant matters in the public interest (as the extensive media, blog and scholarly discussion about this case indicates). This lawsuit went to the very heart of the Internet's architecture--can a content database sort and configure its content delivery based on its discretion, or is that matter sufficiently important that we should remove the content database provider's editorial discretion in some/all cases? Stated differently, if KinderStart had won, it could have changed hundreds of millions of Google users' daily experiences.

Therefore, I think the judge was a little disingenuous by treating this case as solely about KinderStart's irrelevant existence. Nevertheless, I understand that the judge really didn't want to hit KinderStart for all of Google's legal fees, especially when the judge could give Google some fee relief through the Rule 11 sanctions.

5) The judge granted sanctions for two pleadings by Gregory Yu: the allegations that (1) Google takes payments to skew search results, and (2) Google distorts PageRank for political/religious reasons.

On the first, Yu's background research included interviews with 2 witnesses who say Google ran pay-to-play, but Yu didn't get written declarations from either, and each witness' testimony had further defects--the first would have said he heard this from another person, and the second would

have testified that some results appeared to be mysterious. Therefore, Yu couldn't support the broad statement based on such inadmissible and not-credible evidence.

On the second, Yu had a number of declarations in support of the statement, but in all cases, these declarations merely stated that the witnesses *believed* Google engaged in such practices. Therefore, there was no solid evidence other than these third party suspicions.

Posted by Eric at 05:15 PM | Search Engines | TrackBack