**E-Filed 4/18/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| KINDERSTART.COM, LLC, on behalf of itself and all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>GOOGLE INC.,<br><br>                Defendant. | Case Number C 06-2057 JF (RS)<br><br>ORDER[1] GRANTING MOTION FOR ATTORNEY'S FEES<br><br>[re: docket no. 93] |

On March 16, 2007, the Court granted the motion for sanctions filed by Defendant Google Inc. ("Google") against Plaintiff KinderStart.com, LLC ("KinderStart") and its legal counsel Gregory J. Yu ("Yu"). The Court stated:

> Rule 11(c)(2) allows the Court to grant monetary and non-monetary sanctions, limited to what is "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." While Yu has brought a novel challenge to a major corporation, it is apparent that to some extent he has overreached in doing so. In particular, Yu should have removed the allegations of sold search rankings and discrimination from the SAC, and Google is entitled to reasonable compensation for having to defend against these claims. Accordingly, Google shall file a motion for attorney's fees within fourteen (14) days of the issuance of

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-2057 JF (RS)
ORDER GRANTING MOTION FOR ATTORNEY'S FEES
(JFLC1)

this order identifying the fees associated with its motion for sanctions and with other motion practice related to the sanctionable allegations. The Court will determine the amount of monetary sanctions after receiving Google's submission and Yu's response.

Sanctions Order 9.

On March 30, 2007, Google moved for attorney's fees of $14,297. Counsel for Google declares that his firm worked on the motion for a total of fifty-five hours, giving rise to fees of $21,446,[2] all of which have been paid by Google. Google requests two-thirds of that amount to reflect the fact that the Court did not grant sanctions on one of the three bases asserted by Google. Google requests a limited set of fees directly associated with the sanctions motion, and does not request administrative costs or seek fees associated with its defense against KinderStart's cross-motion for sanctions or with attacks upon KinderStart's allegations in Google's motions to dismiss.

KinderStart opposes the motion. It argues that a reasonable hourly rate should not exceed $200 and that Google should not have required more than twenty-five hours to perform the tasks necessary to the motion. However, the Court concludes that the hourly rates charged by Google's attorneys are reasonable given the complexity of the case and the stakes involved for Google. *See e.g. Eon-Net, L.P. v. Flagstar Bancorp, Inc.*, 2006 WL 3749903 *3 (W.D.Wash. 2003) (finding hourly rates of $300-$650 in patent litigation "not excessively high"). Google is not the plaintiff in this matter,[3] and its decision to employ highly-qualified lawyers to defend it in

---

[2] David Kramer, lead-counsel for Google in this action, declares that he billed 22.4 hours at a rate of $500/hour ($11,200), that Bart Volkmer, a fifth-year associate, billed 8.8 hours at a rate of $380/hour ($3,344), and that Brian Danitz, a first-year associate, billed 23.8 hours at $290/hour ($6,902). Google describes generally the role played by each attorney in preparing the motion, but it does not provide detailed billing statements identifying the specific tasks undertaken by each attorney. The Court concludes that the Kramer declaration is sufficient to allow it to determine appropriate sanctions and will not put Google (and Yu) to further expense by requiring the production of billing records.

[3] Because it considers the motion for attorney's fees in the context of its effort to determine a reasonable award of sanctions, the Court does not engage in the same process as it would with respect to the recovery of attorney's fees by a successful plaintiff in a trademark or civil rights action. *See e.g. Yahoo!, Inc. v. Net Games, Inc.*, 329 F.Supp.2d 1179 (N.D.Cal. 2004)

complex, high-stakes litigation is reasonable and in line with the prevailing practice of other corporations.[4]  The Court also concludes that the hours billed by counsel for Google are reasonable.  Thirty-seven hours, the effective amount of time for which compensation is sought by Google,[5] is appropriate given Google's efforts to negotiate the removal of the sanctionable allegations and the time required to research, draft, and argue the motion.  The hours also are distributed reasonably among a partner, a fifth-year associate, and a first-year associate.

While the Court concludes that the attorney's fees submitted by Google are reasonable, it also concludes that it should reduce the award to reflect equitable considerations and the purpose of Rule 11.  There is no evidence that Yu acted with subjective bad faith in including the sanctionable allegations, and he appears not to have extensive financial resources.  The Court will grant sanctions "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  *See* Rule 11(c)(2); *see also Matter of Yagman,* 796 F.2d 1165, 1183 (9th Cir. 1986) ("[T]he amount of the sanctions and the manner in which they are imposed cannot be inconsistent with the purpose and directive of the authority on which the sanctions are based.").  While Yu suggests that $2,000 is an appropriate amount, the Court finds that such an award would be insufficient to deter repetition by others similarly situated.  The Court concludes that, while it will compensate Google for only a portion of the expense caused by the sanctionable allegations, an award of $7,500.00 is sufficient to deter repetition of such conduct

---

(holding that a successful trademark plaintiff may recover fees that would have secured reasonably competent representation, not fees to secure counsel of choice); *Venegas v. Mitchell*, 495 U.S. 82, 90 (1990) ("In sum, [42 U.S.C.] § 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer.  What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order.").  This is not a case in which a plaintiff hired overly-qualified and unnecessarily-expensive attorneys to prosecute a simple action.  Instead, the litigation involved novel issues in multiple areas of law and had serious financial ramifications for Google.

[4]  Moreover, the Court directed Google to submit information regarding its fees associated with the motion and did not instruct Google to attempt to reduce those fees to reflect prevailing rates for reasonably competent attorneys generally.

[5]  Fifty-five hours reduced by one third.

3

1  and is reasonable given that Yu's stated income for last year was $75,000.[6]

3  Good cause therefor appearing, IT IS HEREBY ORDERED that Gregory J. Yu shall pay
4  to Google, as and for Rule 11 sanctions, the sum of $7,500.00.  Payment shall be made within
5  ninety (90) days of the issuance of this order.

8  DATED: April 18, 2007.

_____
JEREMY FOGEL
United States District Judge

---

[6] While it may be financially burdensome for Yu, an award of $7,500 is not excessive when considered in light of higher awards granted by other courts.  *See e.g. ADO Finance, AG v. McDonnell Douglas Corp.*, 938 F.Supp. 590, 599 (C.D.Cal. 1996) (awarding $63,560 for bringing a motion for sanctions).

4
Case No. C 06-2057 JF (RS)
ORDER GRANTING MOTION FOR ATTORNEY'S FEES
(JFLC1)

1  This Order has been served upon the following persons:

2  Colleen Bal                    cbal@wsgr.com, eminjarez@wsgr.com

3  James A. Hennefer              jhennefer@hennefer-wood.com

4  David Harrison Kramer          dkramer@wsgr.com, dgrubbs@wsgr.com

5  Bart Edward Volkmer , Esq      bvolkmer@wsgr.com

6  Joseph Wood                    jhcwlaw@yahoo.com

7  Gregory John Yu                glgroup@inreach.com, gjy@abcye.com

5

Case No. C 06-2057 JF (RS)
ORDER GRANTING MOTION FOR ATTORNEY'S FEES
(JFLC1)